The Honorable Kymberly K. Evanson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON; et al.,

                 Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
EDUCATION; et al.,

                 Defendants.

NO. 2:25-CV-01228-KKE

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

NOTED ON MOTION CALENDAR:
August 15, 2025

SCHEDULED FOR ORAL ARGUMENT:
September 5, 2025, at 10:00 a.m.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 1

      A.   The Court Has Jurisdiction .................................................................... 1

           1.   Plaintiffs have standing ................................................................ 1

           2.   The Tucker Act has no place here ............................................... 4

                a.   Plaintiffs do not seek money damages ............................... 4

                b.   Under *Megapulse*, Plaintiffs' claims are not impliedly forbidden ............. 5

                c.   The Court of Federal Claims does not have jurisdiction and cannot provide adequate remedy .................... 6

                d.   *U.S. Department of Education v. California* supports this Court's jurisdiction .................. 7

           3.   The Department's regulations cabin its discretion ........................... 7

      B.   Plaintiffs Are Likely to Succeed on the Merits .................................... 8

           1.   Defendants' Non-Continuation Decision was arbitrary and capricious ............ 8

           2.   Defendants unlawfully discontinued the grants ............................... 9

           3.   Defendants cannot discontinue multi-year projects so the Department can "re-envision" the Program grants .................. 12

           4.   Defendants concede that they failed to follow procedural requirements ......... 12

           5.   Defendants' new conditions violate the Spending Clause ................... 12

      C.   Irreparable Harm and the Balance of Equities Weigh in Plaintiffs' Favor, and a Preliminary Injunction Is in the Public Interest .................... 13

      D.   The Scope of Harm Warrants the Scope of Relief .............................. 15

      E.   No Bond Requirement or Stay Should Issue ....................................... 16

III.  CONCLUSION ................................................................................................. 16

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**TABLE OF AUTHORITIES**

**<u>Cases</u>**

*Am. Ass'n of Colleges for Tchr. Educ. v. McMahon*,
   770 F. Supp. 3d 822 (D. Md. 2025) ................................................................................ 10

*Am. Fed. of Gov't Emps., AFL-CIO v. Trump*,
   No. 25-cv-03698-SI, 2025 WL 1358477 (N.D. Cal. May 9, 2025) .......................................... 2

*ARC of California v. Douglas*,
   757 F.3d 975 (9th Cir. 2014) .......................................................................................... 14

*Arizona v. Yellen*,
   34 F.4th 841 (9th Cir. 2022) ............................................................................................ 3

*Babbitt v. United Farm Workers Nat. Union*,
   442 U.S. 289 (1979) ...................................................................................................... 3

*Battle v. FAA*,
   393 F.3d 1330 (D.C. Cir. 2005) ...................................................................................... 9

*Bd. of Educ. for Silver Consol. Schs. v. McMahon.*,
   No. 25-cv-586-WJ-GBW, 2025 WL 2017177 (D.N.M. July 18, 2025) .................................. 4

*Beno v. Shalala*,
   30 F.3d 1057 (9th Cir. 1994) ......................................................................................... 8

*Biden v. Nebraska*,
   600 U.S. 477 (2023) ................................................................................................. 2, 3

*Bowen v. Massachusetts*,
   487 U.S. 879 (1988) .............................................................................................. 4, 5, 7

*Bresgal v. Brock*,
   843 F.2d 1163 (9th Cir. 1987) ....................................................................................... 15

*Butt v. California*,
   4 Cal. 4th 668 (1992) ..................................................................................................... 2

*California v. Azar*,
   911 F.3d 558 (9th Cir. 2018) ......................................................................................... 14

*California v. HHS*,
   No. 25-cv-05536-VC, 2025 WL 2356224 (N.D. Cal. Aug. 12, 2025) .................................. 15

*City of Houston v. HUD*,
   24 F.3d 1421 (D.C. Cir. 1994) ...................................................................................... 13

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*City of Los Angeles v. Barr,*
    929 F.3d 1163 (9th Cir. 2019) ............................................................................. 13

*Climate United Fund v. Citibank, N.A.,*
    778 F. Supp. 3d 90 (D.D.C. 2025) ........................................................................ 6

*Cmty. Legal Servs* ...................................................................................................... 7

*Cmty. Legal Servs. in E. Palo Alto v. HHS,*
    137 F.4th 932 (9th Cir. 2025) ........................................................................... 4, 6

*Cody v. Cox,*
    509 F.3d 606 (D.C. Cir. 2007) ............................................................................. 4

*Contra SEC v. Chenery Corp.,*
    332 U.S. 194 (1947) ............................................................................................. 8

*Darby v. Cisneros,*
    509 U.S. 137 (1993) ........................................................................................... 15

*Dep't of Com. v. New York,*
    588 U.S. 752 (2019) ......................................................................................... 2, 3

*DHS v. Regents of the Univ. of Cal.,*
    591 U.S. 1 (2020) ........................................................................................... 9, 16

*Diamond Alternative Energy, LLC v. EPA,*
    145 S. Ct. 2121 (2025) ......................................................................................... 2

*FDA v. Wages & White Lion Invs., L.L.C.,*
    145 S. Ct. 898 (2025) ........................................................................................... 9

*Great-West Life & Annuity Ins. Co. v. Knudson,*
    534 U.S. 204 (2002) ............................................................................................. 7

*Hontz v. State,*
    105 Wash. 2d 302 (1986) ..................................................................................... 3

*Illinois Educ. Ass'n v. Illinois State Bd. of Educ.,*
    791 N.E.2d 522 (Ill. 2003) ................................................................................... 3

*In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.,*
    764 F. Supp. 3d 1026 (W.D. Wash. 2025) ......................................................... 10

*Kern Cnty. Farm Bureau v. Allen,*
    450 F.3d 1072 (9th Cir. 2006) ............................................................................. 9

*King County v. Azar,*
    320 F. Supp. 3d 1167 (W.D. Wash. 2018) ........................................................... 7

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

iii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*Kreipke v. Wayne State Univ.*,
    807 F.3d 768 (6th Cir. 2015) ............................................................................... 3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................ 2, 4

*Marshall N. Dana Constr., Inc. v. United States*,
    229 Ct. Cl. 862 (1982) ......................................................................................... 6

*McNamara v. Honeyman*,
    406 Mass. 43 (1989) ............................................................................................ 3

*Megapulse, Inc. v. Lewis*,
    672 F.2d 959 (D.C. Cir. 1982) .......................................................................... 1, 5

*Or. Council for the Humanities v. DOGE*,
    No. 3:25-cv-829-SI, 2025 WL 2237478 (D. Or. Aug. 6, 2025) ....................... 4, 6, 7

*Pacito v. Trump*,
    772 F. Supp. 3d 1204 (W.D. Wash. 2025) .......................................................... 4, 6

*Planned Parenthood of Greater Washington & N. Idaho v. HHS*,
    328 F. Supp. 3d 1133 (E.D. Wash. 2018) ......................................................... 8, 14

*Policy & Research, LLC v. HHS*,
    313 F. Supp. 3d 62 (D.D.C. 2018) ....................................................................... 8

*Ryder v. Union Pac. R.R. Co.*,
    945 F.3d 194 (5th Cir. 2019) ............................................................................. 10

*S.F. AIDS Found. v. Trump*,
    No. 25-cv-01824-JST, 2025 WL 1621636 (N.D. Cal. June 9, 2025) ..................... 7

*S.F. Unified Sch. Dist. v. AmeriCorps*,
    No. 25-CV-02425-EMC, 2025 WL 1180729 (N.D. Cal. Apr. 23, 2025) ................. 7

*Salmon Spawning & Recovery All. v. Gutierrez*,
    545 F.3d 1220 (9th Cir. 2008) .............................................................................. 2

*Stoner v. Santa Clara Cnty. Office of Educ.*,
    502 F.3d 1116 (9th Cir. 2007) .............................................................................. 3

*Sustainability Inst. v. Trump*,
    No. 25-1575, 2025 WL 1587100 (4th Cir. June 5, 2025) ...................................... 4

*Tennessee v. Dep't of Educ.*,
    104 F.4th 577 (6th Cir. 2024) ............................................................................... 3

*Thakur v. Trump*,
    No. 25-cv-04737-RFL, 2025 WL 1734471 (N.D. Cal. June 23, 2025) ............. 3, 7, 8

*Todd v. United States,*
   386 F.3d 1091 (Fed. Cir. 2004) .......................................................................... 6

*Trump v. CASA, Inc.,*
   145 S. Ct. 2540 (2025) ..................................................................................... 15

*Tucson Airport Auth. v. Gen. Dynamics Corp.,*
   136 F.3d 641 (9th Cir. 1998) .............................................................................. 5

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.,*
   931 F.3d 966 (9th Cir. 2019) ............................................................................ 10

*U.S. Conf. of Cath. Bishops v. U.S. Dep't of State,*
   770 F.Supp.3d 155 (D.D.C. 2025) ....................................................................... 4

*U.S. Department of Education v. California,*
   145 S. Ct. 966 (2025) .................................................................................... 7, 14

*United Aeronautical Corp. v. U.S. Air Force,*
   80 F.4th 1017 (9th Cir. 2023) .......................................................................... 5, 7

*United States v. Testan,*
   424 U.S. 392 (1976) ........................................................................................... 6

*Washington v. DeVos,*
   481 F. Supp. 3d 1184 (W.D. Wash. 2020) ......................................................... 14

*Washington v. DOT,*
   No. 2:25-cv-00848-TL, 2025 WL 1742893 (W.D. Wash. June 24, 2025) ......... 14, 16

*Watts v. Gateway Pub. Schs.,*
   No. 24-cv-09417-LB, 2025 WL 1827897  (N.D. Cal. July 2, 2025) .................... 3, 16

*Wolford v. Lopez,*
   116 F.4th 959 (9th Cir. 2024) ........................................................................... 14

**Statutes**

20 U.S.C. § 1221(b)(1) ...................................................................................... 6

20 U.S.C. § 1221(b)(2) ...................................................................................... 6

Md. Code Ann., Educ. § 12-102(a) (2018) ........................................................... 3

N.Y. Educ. L. § 352 (2021) ................................................................................ 3

Wash. Rev. Code § 28A.310.010 ......................................................................... 3

Wash. Rev. Code § 28A.310.400 ......................................................................... 3

Wash. Rev. Code § 28A.315.005(2) ...................................................................... 3

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

v

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

**<u>Regulations</u>**

2 C.F.R. § 200.1 ................................................................................................................ 6

34 C.F.R. § 75.253 ........................................................................................................... 8

34 C.F.R. § 75.253(b) ..................................................................................................... 12

34 C.F.R. § 77.1(b) ........................................................................................................... 6

34 C.F.R. § 77.1(c) ........................................................................................................... 6

89 Fed. Reg. 1990 (Jan. 11, 2024) ................................................................................ 11

90 Fed. Reg. 33349 (July 17, 2025) .............................................................................. 13

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

vi

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I.     INTRODUCTION

Defendants' Non-Continuation Decision came as an unwelcome surprise, disrupting multi-million dollar projects years in development. Continuation decisions typically occurred at the end of the year—not in April—allowing the Department to review the grantee's performance. Defendants had previously assured grantees that these discontinuances were rare, and that they would receive continuation awards if they met performance expectations and Congress continued to fund the grants. As of the Non-Continuation Decision, Congress had funded these Programs through 2026, and grantees were confident in their performance. Now they face tremendous disruption, not only to the grants at hand, but to every other multi-year grant subject to the Department's new interpretation of the continuation regulation.

Defendants lean into threshold issues like the Tucker Act, paying scant attention to the merits. However, Defendants improperly ask the Court to "trigger[] some mystical metamorphosis . . . transform[ing] an action . . . into one on the contract and deprive the court of jurisdiction it might otherwise have." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982). Other maneuvers include: disappearing subsections of the continuation regulation, rewriting Defendants' discontinuance notices, and ignoring evidence of immediate, irreparable harm. As Defendants' Non-Continuation Decision violates the law and causes immediate and on-going harm to Plaintiff States, it must be enjoined.

# II.     ARGUMENT

## A.     The Court Has Jurisdiction

Defendants raised three challenges to this Court's jurisdiction, claiming Plaintiffs failed to show standing, Plaintiffs brought a contract breach action in disguise, and Defendants' continuation regulation allows unfettered discretion. Each argument lacks merit.

### 1.     Plaintiffs have standing

Plaintiff States have standing to challenge the Non-Continuation Decision because they face actual or imminent injury that is traceable to Defendants' challenged conduct, and the Court can

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    redress that injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Defendants

2    erroneously contend that Plaintiffs must show standing for each grantee. Dkt. 147 at 5-8. The bar is

3    not so high. When there are multiple parties to a federal lawsuit, if at least one plaintiff has standing,

4    the suit may proceed. *Biden v. Nebraska*, 600 U.S. 477, 489 (2023); *Am. Fed. of Gov't Emps.,*

5    *AFL-CIO v. Trump*, No. 25-cv-03698-SI, 2025 WL 1358477, at *7 (N.D. Cal. May 9, 2025) ("As

6    a general rule, in an injunctive case this court need not address standing of each plaintiff if it

7    concludes that one plaintiff has standing."). And contrary to Defendants' invitation, Dkt. 147 at 8,

8    Nevada should not be dismissed as it has demonstrated a stake in declaratory relief, Dkt. 92

9    ¶¶13-18.

10         Further, Defendants mischaracterize Plaintiffs' injury. Plaintiff States each suffer

11    constitutional and fiscal harm. Every Plaintiff State has a duty to provide public education to

12    students, *see* Supp. Range Decl., Attach. A; *e.g.*, *Butt v. California*, 4 Cal. 4th 668, 685 (1992)

13    (constitutional duty to provide for education). This educational mission is impaired when mental

14    health and behavioral health disorders interfere, Dkt. 49 at 38, whether the grantee is a State

15    institution or a private entity on which a State relies to provide mental health services. Either way,

16    without these Program funds, States' mental healthcare systems will have to fill the gap in order to

17    avoid disruption to the States' educational missions. *Id.* at 13-14 nn.6, 7, 11. Defendants do not

18    deny this; instead, they call this impending harm "speculative," Dkt. 147 at 7, but a clear causal link

19    like this one is permitted. *Dep't of Com. v. New York*, 588 U.S. 752,

20    766-67 (2019); *Diamond Alternative Energy, LLC v. EPA*, 145 S. Ct. 2121, 2135 (2025) (indirect

21    fiscal injury of a dollar confers standing); *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d

22    1220, 1229 (9th Cir. 2008) ("Because [plaintiff] has properly alleged procedural injury . . . causation

23    and redressibility are relaxed.").

24

25

26

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Additionally, grantee universities,[1] state education agencies (SEAs),[2] educational service

2  agencies (ESAs) (also known as regional education agencies),[3] and school districts[4] are Plaintiff

3  State agencies or state instrumentalities that have been harmed. *See Tennessee v. Dep't of Educ.*,

4  104 F.4th 577, 588, 590 (6th Cir. 2024) ("[F]or 70 years a state has been able to assert Article III

5  standing via injuries to a state university—the state's 'agency in the educational field.' "); *Biden*,

6  600 U.S. at 490-93 (harm to a state instrumentality is harm to the state). These entities "los[ing] out

7  on federal funds . . . is a sufficiently concrete and imminent injury to satisfy Article III." *New York*,

8  588 U.S. at 767; *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) (Plaintiffs

9  need not "await the consummation of threatened injury to obtain preventive relief. If the injury is

10  certainly impending, that is enough."). Unexpected funding shortfalls, staff layoffs, and reputational

11  harm caused by Defendants' Non-Continuation Decision also confer standing. *See Thakur v.*

12  *Trump*, No. 25-cv-04737-RFL, 2025 WL 1734471, at *21 (N.D. Cal. June 23, 2025).

13    Moreover, Defendants' Non-Continuation Decision caused Plaintiff State grantees to suffer

14  constitutional Spending Clause injury that confers Article III standing. *See* Section II.B.5, *infra*;

15  *Arizona v. Yellen*, 34 F.4th 841, 852 (9th Cir. 2022).

16    Defendants are the sole cause of Plaintiffs' harm—there is no other party to whom these

17  injuries can be traced, and the relief requested by Plaintiff States will prevent Defendants from

---

[1] *See, e.g.*, *Hontz v. State*, 105 Wash. 2d 302, 310 (1986) (UW is a state agency); *McNamara v. Honeyman*, 406 Mass. 43, 48 (1989) ("The university [of Massachusetts] is an agency of the State, and not a separate entity."); Md. Code Ann., Educ. § 12-102(a) (2018) (state universities are state instrumentalities); *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 775-76 (6th Cir. 2015) (state universities are arms of the state); N.Y. Educ. L. § 352 (2021) (State University of New York established within the state's education department).

[2] *See, e.g.*, *Illinois Educ. Ass'n v. Illinois State Bd. of Educ.*, 791 N.E.2d 522, 528 (Ill. 2003).

[3] In Washington, Educational Service Districts "[a]ssist the superintendent of public instruction and the state board of education in the performance of their respective statutory or constitutional duties" and are statutorily distinct from school districts. Wash. Rev. Code §§ 28A.310.010; 28A.315.005(2) (defining only school districts as political subdivisions); Wash. Rev. Code § 28A.310.400 (state education agency provides legal services). In California, ESAs are considered arms of the state. *See Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007) (county offices of education are arms of the state).

[4] This is true in California, for example. *See Stoner*, 502 F.3d at 1123 (school districts are arms of the state); *Watts v. Gateway Pub. Schs.*, No. 24-cv-09417-LB, 2025 WL 1827897, at *4 (N.D. Cal. July 2, 2025) (charter schools are arms of the state).

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    unlawfully discontinuing Program-funded projects. The requirements of standing are satisfied. *See*

2    *Lujan*, 504 U.S. at 560-61.

### 2.    The Tucker Act has no place here

4        Defendants' claim that even a challenge as far afield from money damages and contract

5    breaches as this one belongs in the Court of Federal Claims (CFC) widely misses the mark. The

6    APA "embodies [a] basic presumption of judicial review to one suffering legal wrong because of

7    agency action." *Cmty. Legal Servs. in E. Palo Alto v. HHS*, 137 F.4th 932, 937 (9th Cir. 2025)

8    (quotation omitted). District courts retain jurisdiction over APA claims where (1) the plaintiff does

9    not seek money damages; (2) the relief sought is not expressly or impliedly forbidden by any other

10   statute; and (3) the plaintiff has no other adequate remedy. *Pacito v. Trump*, 772 F. Supp. 3d 1204,

11   1214 (W.D. Wash. 2025) (citation omitted); *see generally Or. Council for the Humanities v. DOGE*,

12   No. 3:25-cv-829-SI, 2025 WL 2237478, at *20 (D. Or. Aug. 6, 2025). Where, as here, Defendants

13   fail to rebut the presumption that these agency actions are judicially reviewable, Plaintiffs' lawsuit

14   clears each of these hurdles. *See Cody v. Cox*, 509 F.3d 606, 610 (D.C. Cir. 2007).

### a.    Plaintiffs do not seek money damages

16       "Money damages" means "a sum of money used as compensatory relief" "given to the

17   plaintiff to *substitute* for a suffered loss." *Bowen v. Massachusetts*, 487 U.S. 879, 895 (1988)

18   (quotation omitted). Unlike plaintiffs in Defendants' Tucker Act citations, grantees here are still

19   getting paid.[5] Consequently, Plaintiffs do not seek money damages. Dkt. 1 at 44-45. Plaintiffs also

20   disagree with Defendants' argument that Plaintiffs seek specific performance of a contract that will

21   result in the payment of money. *See* Dkt. 147 at 9, 13. Regardless, any such relief is "not an action

---

[5] The fact that this case concerns the procedure for funding renewal decisions and does not seek reinstatement of funds also distinguishes the cases cited by Defendants. *See, e.g.*, *Sustainability Inst. v. Trump*, No. 25-1575, 2025 WL 1587100, at *1 (4th Cir. June 5, 2025) (injunctions "to restore… access to grant funds immediately"); *U.S. Conf. of Cath. Bishops v. U.S. Dep't of State*, 770 F.Supp.3d 155, 159 (D.D.C. 2025) (plaintiff had "requested reimbursements pending"). Even in the New Mexico case, the school district had alleged Defendants unlawfully "terminat[ed]" its grant and sought to "reinstate" mental health funding. *Bd. of Educ. for Silver Consol. Schs. v. McMahon.*, No. 25-cv-586-WJ-GBW, 2025 WL 2017177 at *2 (D.N.M. July 18, 2025).

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   for money damages under APA § 702." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d

2   641, 645 (9th Cir. 1998).

3             **b.**     **Under *Megapulse*, Plaintiffs' claims are not impliedly forbidden**

4         Plaintiffs' claims are not disguised contract claims barred by the Tucker Act. To make this

5   determination, courts look to "(1) 'the source of the rights upon which the plaintiff bases its claims'

6   and (2) 'the type of relief sought (or appropriate).'" *United Aeronautical Corp. v. U.S. Air Force*,

7   80 F.4th 1017, 1026 (9th Cir. 2023) (quoting *Megapulse*, 672 F.2d at 968). "If rights and remedies

8   are *statutorily* or *constitutionally* based, then district courts have jurisdiction; if rights and remedies

9   are *contractually* based then only the Court of Federal Claims does, even if the plaintiff formally

10   seeks injunctive relief." *Id.*

11         Here, Plaintiffs' rights draw from the continuation regulation, statutory procedural

12   protections, and the Constitution. Dkt. 1 at 30-44. Plaintiffs request that the Court order Defendants

13   to use a lawful process to make continuation award decisions, assessing grantees' performance

14   based on previously established priorities—not new priorities that grantees could not predict. Dkt. 1

15   at 44-45. This specific relief from the unlawful "administration of Federal grant-in-aid programs"

16   is the very relief Congress contemplated in enacting the APA. *Bowen*, 487 U.S. at 898. It is not a

17   "naked money judgment," but instead a request for "prospective relief fashioned in the light of the

18   rather complex ongoing relationship between the parties," and goes beyond any conceivable

19   contractual relief the CFC could provide. *Id.* at 905. To be clear: *even if successful*, Plaintiffs do not

20   seek, and will not obtain, a court order requiring the Department to issue continuation awards to

21   grantees or to make any payments. Rather, Plaintiffs merely seek a fair and lawful continuation

22   determination process.

23         In their discontinuance notices, Defendants cited regulations, not contract terms, as their

24   authority for discontinuing Program grants. *See* Dkt. 102-5. They cannot now characterize

25   Plaintiffs' challenge as an action on the contract. *See Megapulse*, 672 F.2d at 968; *United*

26   *Aeronautical Corp.*, 80 F.4th at 1026 ("The Tucker Act does not bar an APA action if the plaintiff's

rights and remedies, as alleged, are noncontractual—even if it is inevitable that the government will raise a contract provision as a defense."); *Climate United Fund v. Citibank, N.A.*, 778 F. Supp. 3d 90, 108 (D.D.C. 2025) (rejecting Tucker Act argument based on federal regulations being "incorporated into the contract"); *cf. Or. Council for Humanities*, 2025 WL 2237478, at *22 (denying application of the Tucker Act where even the federal government cited regulatory authority).

> ### c.    The Court of Federal Claims does not have jurisdiction and cannot provide adequate remedy

Because Plaintiffs do not seek money damages, Defendants' impliedly forbidden argument means that no court has jurisdiction to hear Plaintiffs' claims. However, where the CFC lacks jurisdiction, the Tucker Act cannot impliedly forbid Plaintiffs claims. *Cmty. Legal Servs.*, 137 F.4th at 939. Not only would that result be "contrary to common sense, but it also conflicts with the strong presumption favoring judicial review of administrative action that is embodied in the APA." *Id.* Here, the CFC lacks jurisdiction because, as just explained, Plaintiffs do not seek money damages, and parties asserting Tucker Act jurisdiction must identify "a substantive right to recover money damages from the United States . . . ." *United States v. Testan*, 424 U.S. 392, 398 (1976); *Todd v. United States,* 386 F.3d 1091, 1093–94 (Fed. Cir. 2004).

Additionally, Defendants failed to show that the grants are enforceable contracts, when it is far from clear that these grants are contracts. The Department's own statutes and regulations draw a distinction between "grants" and "contracts." *See* 20 U.S.C. § 1221(b)(1), (2) (distinguishing financial assistance from contracts); 34 C.F.R. § 77.1(c) (defining "grant" to exclude contracts); *id.* § 77.1(b) (citing 2 C.F.R. § 200.1) (limiting "contract" to procurement contracts). And courts have found particular grant and cooperative agreements not to be enforceable in contract because they lack the necessary consideration. *See, e.g.*, *Pacito*, 772 F. Supp. at 1215; *Marshall N. Dana Constr., Inc. v. United States,* 229 Ct. Cl. 862, 864 (1982); Dkt. 147 at 10 (not addressing consideration).

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Lastly, even if the CFC somehow had jurisdiction, Plaintiffs would not be able to obtain an

2    adequate remedy, as "the Tucker Act does not permit the [CFC] to grant equitable or declaratory

3    relief." *United Aeronautical Corp.*, 80 F.4th at 1026. This case should not be shunted to a court that

4    lacks jurisdiction and cannot provide relief.

### d.    *U.S. Department of Education v. California* supports this Court's jurisdiction

6    The Supreme Court's decision in *U.S. Department of Education v. California*, 145 S. Ct.

7    966, 968 (2025), supports this Court's jurisdiction. There, the Supreme Court recognized the

8    dichotomy between *Bowen*, an action challenging a federal agency's regulatory interpretation, and

9    *Great-West*, an action "to enforce a contractual obligation to pay money." *California*, 145 S. Ct. at

10   968 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)); *see*

11   *Bowen*, 487 U.S. at 905. As demonstrated above, this case falls on the side of *Bowen* and its post-

12   *California* progeny.[6] As in *Bowen*, Plaintiffs seek clarification of their rights under the

13   Department's continuation regulation. This clarification would serve Plaintiffs' ongoing

14   relationship with the Department outside of the particular grants in this case. *Bowen*, 487 U.S. at

15   889, 905-07. Plaintiffs' lawsuit is therefore completely unlike the suit in *Great-West*, which sought

16   "specific performance of a *contractual* obligation[, an ERISA plan reimbursement provision,] to

17   pay *past* due sums." *Great-West*, 534 U.S. at 212. No such contractual term or request for monies

18   owed are before this Court.

### 3.    The Department's regulations cabin its discretion

20   Likewise, Defendants' Non-Continuation Decision is not "committed to agency discretion

21   by law," and therefore 5 U.S.C. § 701(a) does not deprive Plaintiffs of APA review. Where, as here,

22   applicable regulatory standards cabin agency discretion, the action is reviewable. *See King County*

23   *v. Azar*, 320 F. Supp. 3d 1167, 1175 (W.D. Wash. 2018); *Planned Parenthood of Greater*

---

25   [6] *See, e.g.*, *Thakur*, 2025 WL 1734471, at *18; *S.F. AIDS Found. v. Trump*, No. 25-cv-01824-JST, 2025
WL 1621636, at *12 (N.D. Cal. June 9, 2025); *S.F. Unified Sch. Dist. v. AmeriCorps*, No. 25-CV-02425-EMC,
26   2025 WL 1180729, at *6-11 (N.D. Cal. Apr. 23, 2025); *Cmty. Legal Servs*, 137 F.4th at 939; *Or. Council for
Humanities*, 2025 WL 2237478, at *22.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *Washington & N. Idaho v. HHS*, 328 F. Supp. 3d 1133, 1147 (E.D. Wash. 2018); *Policy &*

2    *Research, LLC v. HHS*, 313 F. Supp. 3d 62, 83 (D.D.C. 2018). Plaintiffs' case challenges

3    Defendants' Non-Continuation Decision, a decision cabined by the continuation regulation, 34

4    C.F.R. § 75.253, rather than Defendants' selection of applications for funding—so it is nothing like

5    *Lincoln v. Vigil*, 508 U.S. 182 (1993). *See infra* § II.B.2 (discussing § 75.253); *Planned Parenthood*,

6    328 F. Supp. 3d at 1147 (distinguishing the lump sum allocation in *Lincoln* from an agency

7    termination decision governed by regulation). Because the Department does not have unfettered

8    discretion to discontinue grants and the Court has standards by which to review the agency action,

9    § 701(a) is inapposite.

10   **B.    Plaintiffs Are Likely to Succeed on the Merits**

11          **1.    Defendants' Non-Continuation Decision was arbitrary and capricious**

12          Reading Defendants' notices and declaration as they are written, the Court should hold that

13   all five independent bases raised in Plaintiffs' opening brief support their arbitrary and capricious

14   claim.

15          *First*, Defendants cannot defend their April 29 notices, so they rewrite them, turning an "or"

16   into an "and" to suggest that all four criteria applied. *Compare* Dkt. 147 at 17 *with*

17   Dkt. 102-5. But facts are facts. Because "or" means any one of the criteria could have applied to a

18   grantee, Defendants make the Court guess. *Contra SEC v. Chenery Corp.*, 332 U.S. 194, 196-97

19   (1947) (agency action arbitrary and capricious where court must guess); *Thakur*, 2025

20   WL 1734471, at *14 (same).

21          Defendants' limited declaration does not establish that an "individualized assessment"

22   occurred. *Beno v. Shalala*, 30 F.3d 1057, 1073-74 (9th Cir. 1994) (court cannot draw inferences).

23   Carr simply states that only 70 of 134 SBMH grants and 153 of 205 MHSP grants were

24   discontinued. Dkt. 148 ¶¶3, 6. Carr does not even declare that the Department reviewed the grants

25   before discontinuing them. *Id.*

26

1    *Second*, in discontinuing grants, Defendants failed to recognize its change in interpreting

2    the continuation regulation and cited changed "priorities and policy preferences." Dkt. 102-5. No

3    further explanation was given. *Id.*; *contra FDA v. Wages & White Lion Invs., L.L.C.*, 145 S. Ct. 898,

4    917 (2025) (change-in-position doctrine requires explanation). Defendants' argument addresses

5    their decision to discontinue the grants—not these changes in position. Dkt. 147 at 17.

6    *Third*, Defendants' arguments against Plaintiffs' reliance interests based on grant

7    conditions, *id.*, have been squarely considered and rejected by the Supreme Court. *DHS v. Regents*

8    *of the Univ. of Cal.*, 591 U.S. 1, 30-33 (2020) (disclaimers may go to the "strength of any reliance

9    interests," but agencies are still required to consider them). There is no evidence Defendants

10   considered Plaintiffs' reliance interests.

11   *Fourth and fifth*, Plaintiffs put forth evidence showing Defendants discontinued certain

12   grants for following the prior administration's priorities when continued grants also complied with

13   these priorities, and raised concerns that these cuts were part of the Trump Administration's anti-

14   DEI push. *See* Dkt. 50-1, 50-9 through 50-12. But Defendants do not provide evidence in opposition

15   (as they are well-positioned to do) stating that: (1) Defendants did not discontinue grants based on

16   applicants' compliance with the GEPA Equity Directive; (2) the comparator grantees identified by

17   Plaintiffs were discontinued; or (3) performance issues explain the differences between continued

18   and non-continued awards. Counsel's speculation about what the Department *could* have done is

19   not evidence. *See* Dkt. 147 at 18, n.11; *contra* Parkin Decl., Attach. F; Supp. Range Decl., Attach. B

20   (grant officers affirming substantial progress).

21       **2.    Defendants unlawfully discontinued the grants**

22   Judicial review of an agency's procedural compliance is "exacting." *See Kern Cnty. Farm*

23   *Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). In particular, "agencies may not violate their

24   own rules and regulations to the prejudice of others." *Battle v. FAA*, 393 F.3d 1330, 1336

25   (D.C. Cir. 2005). Rather than respond to Plaintiffs' plain language argument, Dkt. 49

26   at 30-31, Defendants completely ignore the text of 34 C.F.R. § 75.253(b) and propose no alternate

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE                    9                    ATTORNEY GENERAL OF WASHINGTON
                                                                 Complex Litigation Division
                                                                 800 Fifth Avenue, Suite 2000
                                                                 Seattle, WA 98104-3188
                                                                 (206) 464-7744

1    construction.[7] Instead, Defendants' arguments rely on their flawed interpretation that the

2    § 75.253(a)(5) best interest determination gives the Department unlimited discretion when making

3    continuation decisions. These arguments fail.

4         *First*, Defendants' limitless construction of § 75.253(a)(5)'s best interest "determination"

5    conflicts with the plain language of § 75.253(b) ("in *determining* whether the grantee has met the

6    requirements described in paragraph (a)") (emphasis added). Indeed, courts presume that agencies

7    do not "hide elephants in mouseholes." *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194, 203

8    (5th Cir. 2019); *accord U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.,* 931 F.3d

9    966, 977 (9th Cir. 2019).

10        *Second*, even if the Department were not precluded by its own regulations from considering

11   factors beyond grantee performance when making a continuation decision, the parties agree the

12   Department cannot apply new priorities when making a continuation decision. Dkt. 147 at 19-20.

13   But that is exactly what Defendants have done. Defendants discontinued Program grants based on

14   the "priorities and policy preferences" of the "current Administration," *see* Dkt. 102-5, and then

15   stated that these discontinuances were to "ensur[e] that tax dollars are allocated to grant programs

16   that most effectively advance the priorities of the Department." Dkt 147 at 28. Defendants claim

17   that they are entitled to apply these new priorities based on the "best interest" requirement. *Id.* at 19.

18   But this construction of § 75.253(a)(5) suggests that the Department may for any reason abandon

19   grant priorities that went through a statutorily required notice and comment process in favor of new,

20   unvetted "priorities." Section 75.253(a)(5) cannot be read so broadly as to allow this end-run around

21   the regulatory process. *Cf. Am. Ass'n of Colleges for Tchr. Educ. v. McMahon*, 770 F. Supp. 3d

22   822, 853 (D. Md. 2025) (rejecting Defendants' argument that "agency priorities" referred to broader

23   policy aims); *see also infra* Section II.B.4 (priorities memorialized and used to deny other grants).

24

25

26       [7] Defendants' failure to respond is "an admission that the argument has merit." *In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1043 (W.D. Wash. 2025) (citing LCR 7(b)(2)).

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR                          10
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *Third*, Defendants imply that there was a longstanding practice of the agency exercising

2    totally unfettered discretion in making continuation determinations and that "there would need to

3    be some clear indication" in the 2013 Notice of Proposed Rulemaking (NPRM) to support a

4    limitation based on § 75.253(b). Dkt. 147 at 21. But the current regulation codifies a longstanding

5    Department practice of relying exclusively on grantee performance that predates the 2013 rule

6    change. For instance, since at least 2010, the Department's discretionary grant guidance has

7    explained that it uses grantee performance to determine if the best interest requirement has been

8    met:

9       Before a continuation award can be issued, the program staff *reviews the*
         *information in the performance report and the grant's financial and project*
10      *management activities to determine* if a grantee has made substantial progress in
         reaching the project's objectives, if expenditures correspond to the project's plans
11      and timelines, *and if continuation of the project is in the best interest of the federal*
         *government*. If these requirements are met, the program staff issues a continuation
12      award.

13    Ex. D at 42 (emphasis added). Although Defendants argue the Department's guidance documents

14    do not indicate grantee performance is the *only* factor when making a consideration decision,

15    Dkt.147 at 23, the guidance documents also do not indicate the Department can consider other

16    factors, like a change in priorities— a conspicuous omission that militates against Defendants'

17    construction, given the purpose of the guidance. *See* Dkt. 50-14 at 33; Supp. Range. Decl.,

18    Attach. D at 41-42.

19    Additionally, Defendants' "examination of the history" conspicuously omits the

20    most recent revision to § 75.253. *See* Dkt. 147 at 20-23. Last year, the Department updated § 75.253

21    to "clarify" "the process and requirements for making continuation awards." 89 Fed. Reg. 1990

22    (Jan. 11, 2024). The 2024 NPRM explained: "These proposed changes *would reflect existing*

23    *Department practices* and provide a clearer description of the relevant requirements and procedural

24    rights of grantees in the continuation awards process." *Id*. (emphasis added). Among other things,

25    the Department clarified that the information considered under § 75.253(b) applies not just to one

26

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE                    11                    ATTORNEY GENERAL OF WASHINGTON
                                                              Complex Litigation Division
                                                              800 Fifth Avenue, Suite 2000
                                                              Seattle, WA 98104-3188
                                                              (206) 464-7744

of the § 75.253(a) requirements (substantial progress), but to *all* of the § 75.253(a) requirements. *Compare* § 75.253(b), *with* Suppl. Range Decl., Attach. C.

### 3.    Defendants cannot discontinue multi-year projects so the Department can "re-envision" the Program grants

Defendants' claim that they did not violate the continuation award preference in § 75.253(c) relies, once again, on their mistaken claim of broad discretion under § 75.253(a)(5) and willful avoidance of § 75.253(b), therefore failing for the reasons just discussed. *See* Dkt. 147 at 23. Because Defendants have unlawfully discontinued multi-year Program grants, these grantees will no longer receive continuation awards and will need to compete with others for new Program grants if they seek funding after December 31, 2025. This violates § 75.253(c).

### 4.    Defendants concede that they failed to follow procedural requirements

Plaintiffs argue that Defendants violated the APA by failing to observe the required procedures before implementing their new priorities. Defendants fail to meaningfully address this argument, Dkt. 147 at 20 n.13, and deny they applied new grant priorities, *id*. at 19. This denial defies credulity, when the notices list "merit, fairness, and excellence in education," Dkt. 102-5, and Defendants internally memorialized those exact priorities in a "Directive on *Department Grant Priorities*,"[8] and subsequently used them to deny other grant applications.[9]

### 5.    Defendants' new conditions violate the Spending Clause

Defendants cannot defend the new conditions they placed on grantees' awards, so they point to regulatory language in the grant awards to suggest that Plaintiffs had notice. *See* Dkt. 147 at 24-25. Of course, these are not the new conditions Plaintiffs contest. *See* Dkt. 49 at 35 (identifying "new priorities . . . of merit, fairness, and excellence in education" as new grant conditions).

Defendants applied these new conditions retroactively, because they were used to discontinue already-awarded multi-year grants. For the priorities to be prospective, Defendants

---

[8] Supp. Range. Decl., Attach. E at 8 (emphasis added).
[9] *Id*., Attach. F (denying grant application for failing to advance Department's "merit, fairness, and excellence in education" priorities).

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

would have had to apply them only to new grants with advance notice. *See City of Los Angeles v. Barr*, 929 F.3d 1163, 1175-76 (9th Cir. 2019) (holding new priorities would not violate the Spending Clause's retroactive condition prohibition because the government applied them only to new grants). No such notice was given here. Grantees were informed of the new conditions and told they failed to meet them in one fell swoop, *after* they had already accepted the awards.

As the new conditions were ambiguous and retroactive, Defendants violated the Spending Clause.

**C.    Irreparable Harm and the Balance of Equities Weigh in Plaintiffs' Favor, and a Preliminary Injunction Is in the Public Interest**

Defendants do not seriously respond to Plaintiffs' argument that the Non-Continuation Decision causes immediate, irreparable harm to Plaintiffs. Most notably, Defendants have no answer to the over fifty declarations filed in support of Plaintiffs' Motion, showing a wide range of harms, from immediate layoffs, Dkt. 104 ¶34, to a steep decline in retention, Dkt. 101 ¶19, to a university abruptly halting its accreditation process, Dkt. 103 ¶¶19, 24. Although apparently "perplexing" to Defendants, it should be clear to the Court that grantees could not wait for Defendants to complete a reconsideration process with no end in sight. *See* Section II.A.1, *supra* (identifying state entities), Dkt. 50-18 at 6-7 (providing no timeline for reconsideration request review); *cf.* Parkin Decl. ¶22 (no response as of August 14, 2025).

This urgency is especially felt where Defendants' initial steps to recompete funds will disqualify some Plaintiff grantees. *Compare* 90 Fed. Reg. 33349, 33354-55 (July 17, 2025) (limiting grants to school psychologist programs) *with* Dkt. 104 ¶21 (social work graduate program). Defendants try to twist this future grant competition to their advantage, but the possibility that *some* grantees *might* win the jackpot and obtain Program funding through a grant competition underscores the harm. If these funds are awarded to other grantees, "a court cannot reach them in order to award relief." *City of Houston v. HUD*, 24 F.3d 1421, 1426-27 (D.C. Cir. 1994). Any re-obligation of these funds would be an irreparable loss.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1       Defendants invoke *U.S. Department of Education v. California* and *Silver Consolidated*

2  *Schools* as red herrings, suggesting this case is about money damages. Dkt. 147 at 27. But its own

3  specific performance theory of Plaintiffs' case denies this possibility. *See* Section II.A.2.a, *supra*.

4  And the Supreme Court's finding that the states would not suffer irreparable harm turned on its

5  understanding that "Respondents . . . have the financial wherewithal to keep their programs

6  running." *California*, 145 S. Ct. at 969. No such finding may be made here. *See* Dkt. 49 at 21 n.4.

7  Likewise, Defendants' argument that Plaintiffs' harm is "economic" and therefore not irreparable

8  ignores controlling case law recognizing economic injuries are irreparable when damages are not

9  available. *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018).

10      Nor does Plaintiffs' alleged "delay" in bringing suit lessen the weight of the harm incurred.

11  Plaintiffs filed suit—and immediately sought injunctive relief—only two months after ED sent the

12  discontinuance notices. Because "the magnitude of the potential harm [became] apparent

13  gradually," it was "prudent" to file after confirming the effect of the Department's unlawful actions.

14  *ARC of California v. Douglas*, 757 F.3d 975, 990-91 (9th Cir. 2014); *see also Washington v. DOT*,

15  No. 2:25-cv-00848-TL, 2025 WL 1742893, at *26 (W.D. Wash. June 24, 2025) (granting

16  injunction despite 12-week delay, noting courts are "loath to withhold relief solely on that ground");

17  *Planned Parenthood*, 328 F. Supp. 3d at 1150 (granting injunction filed eight months after

18  discontinuance but three months before funding ended).

19      The balance of equities and public interest also compel an injunction. *Wolford v. Lopez*,

20  116 F.4th 959, 976 (9th Cir. 2024). "There is generally no public interest in the perpetuation of

21  unlawful agency action. To the contrary, there is a substantial public interest in having governmental

22  agencies abide by the federal laws that govern their existence and operations." *Washington v.*

23  *DeVos*, 481 F. Supp. 3d 1184, 1197 (W.D. Wash. 2020). The tremendous harm the Non-

24  Continuation Decision has and will continue to cause Plaintiffs far outweighs Defendants' supposed

25  interests in unlawfully-exercised discretion.

26

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1     Defendants fail to tip the scale in their favor. Their primary authority, *California*, bears little

2    relation to the facts here. Dkt. 147 at 27. No one is trying to "force[] [Defendants] to pay out funds."

3    *Id.* (citing *California*, 145 S. Ct. at 969). In fact, Defendants admonish Plaintiffs for seeking an

4    injunction because grantees still have access to funds. *Id.* at 7. And Defendants' attempt at

5    shoehorning the reconsideration process into this issue makes little sense when the APA grants

6    Plaintiffs immediate access to district courts when they are aggrieved. *See Darby v. Cisneros*,

7    509 U.S. 137, 137 (1993). Lastly, the promise of a future grant competition does not bring relief

8    Plaintiffs need—and deserve—now.

9    **D.**    **The Scope of Harm Warrants the Scope of Relief**

10     It is proper to extend the scope of Plaintiffs' requested relief to all grantees within the

11    Plaintiff States. The Ninth Circuit has long held that "extending benefit or protection to persons

12    other than prevailing parties . . . [may be] necessary to give prevailing parties the [complete] relief

13    to which they are entitled." *Bresgal v. Brock*, 843 F.2d 1163, 1170-71 (9th Cir. 1987). *CASA* does

14    not disturb this precedent. *See Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2557 (2025) (distinguishing

15    the complete-relief inquiry). That case involved a nationwide injunction and expressly did not apply

16    to APA remedies. *Id.* at 2555 n.10; *see also id.* at 2567 (Kavanaugh, J., concurring); *California v.*

17    *HHS*, No. 25-cv-05536-VC, 2025 WL 2356224, at *1, n.4 (N.D. Cal. Aug. 12, 2025) (noting

18    plaintiffs could have sought broader relief under APA).

19     Here, statewide relief is necessary because any discontinued grant—whether to Plaintiff

20    States themselves or to non-profits and private universities on which they rely—will harm the

21    States' interest in providing education and cause them to expend more resources on the states'

22    mental healthcare systems. Additionally, Plaintiff agencies and instrumentalities and their direct

23    partners demonstrated harm from Defendants' unlawful actions:

24         &bull;  SEAs partnered with universities for placement of mental health graduate students

25            in high-need schools. Dkt. 84 ¶18; 88 ¶19.a.iii; 89 ¶11; 99 ¶13.b; 106 ¶9.

26

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

- ESAs partnered with universities to place mental health graduate students in high-need schools. Dkt. 66 ¶11; 69 ¶¶6, 20; 103-3.

- Private universities partnered with high-need school districts and ESAs to provide mental health services through their graduate programs. Dkt. 59-1 at 81; 78-4 at 124; 103 ¶19; Parkin Decl. ¶6.

- Non-profit grantee, Para Los Ninos, operates charter schools in California, entities expressly recognized as part of California's public school system and arms of the state, and partnered with other charter schools to increase access to mental health services. Dkt. 56 ¶¶9-10; Cal. Educ. Code § 47615(a)(1); *Watts*, 2025 WL 1827897, at *4.

- School district and public charter school grantees partnered with universities for placement of graduate student mental health providers in their schools. *See, e.g.*, Dkt. 54 ¶¶7, 12; 60 ¶21; 68 ¶¶7, 22.

This crisscross of direct relationships between state entities and private entities demonstrates statewide harm, requiring statewide relief.

**E.    No Bond Requirement or Stay Should Issue**

No bond requirement should issue when Plaintiffs' harm substantially outweighs harm to Defendants. *Cf. Washington*, 2025 WL 1742893, at *31. The Court should also deny Defendants' cursory request to stay the preliminary injunction because Defendants fail to address, and in any event would not be able to meet, any of the stay factors.

## III.    CONCLUSION

"[P]articularly when so much is at stake, [] the Government should turn square corners in dealing with the people." *Regents*, 591 U.S. at 24 (quotation omitted). Here, Defendants unlawfully discontinued grants reflecting disfavored priorities to make room for its new priorities to the great detriment of Plaintiff States. Plaintiffs respectfully request a preliminary injunction to preserve the status quo as this case proceeds.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    DATED this 15th day of August 2025.

2

3                                          I certify that this memorandum contains 5,562
                                           words, in compliance with Dkt. 58, Order
                                           Granting Motion for Overlength Brief.

4

5                                          NICHOLAS W. BROWN
                                           Attorney General of Washington

6

7                                          */s/ Ellen Range*
                                           ELLEN RANGE, WSBA #51334
8                                          JENNIFER K. CHUNG, WSBA #51583
                                           LUCY WOLF, WSBA #59028
9                                          Assistant Attorneys General
                                           CYNTHIA ALEXANDER, WSBA #46019
10                                         Deputy Solicitor General
                                           Complex Litigation Division
11                                         Washington State Office of the Attorney
                                           General
12                                         800 Fifth Avenue, Suite 2000
                                           Seattle, WA 98104-3188
13                                         206-464-7744
                                           Ellen.Range@atg.wa.gov
14                                         Jennifer.Chung@atg.wa.gov
                                           Lucy.Wolf@atg.wa.gov
15                                         Cynthia.Alexander@atg.wa.gov

16                                         *Attorneys for State of Washington*

17

18

19   ANTHONY G. BROWN                      KWAME RAOUL
     Attorney General of Maryland          Attorney General of Illinois

20
     */s/ Michael Drezner*                 */s/ Emily Hirsch*
21   MICHAEL DREZNER*                      EMILY HIRSCH*
     Senior Assistant Attorney General     Assistant Attorney General
22   Office of the Attorney General        Office of the Illinois Attorney General
     200 Saint Paul Place, 20th Floor      115 S. LaSalle St
23   Baltimore, Maryland 21202             Chicago, IL 60603
     410-576-6959                          773-835-0148
24   Mdrezner@oag.state.md.us              Emily.Hirsch@ilag.gov

25   *Attorney for State of Maryland*      *Attorney for State of Illinois*

26

REPLY IN SUPPORT OF                    17        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFFS' MOTION FOR                                Complex Litigation Division
PRELIMINARY INJUNCTION                                800 Fifth Avenue, Suite 2000
NO. 2:25-CV-01228-KKE                                   Seattle, WA  98104-3188
                                                           (206) 464-7744

| | | |
|---|---|---|
| 1 | WILLIAM TONG<br>Attorney General of Connecticut | KATHLEEN JENNINGS<br>Attorney General of Delaware |
| 2 | | |
| | _/s/ Andrew Ammirati_ | _/s/ Vanessa L. Kassab_ |
| 3 | ANDREW AMMIRATI*<br>Assistant Attorney General | IAN R. LISTON*<br>Director of Impact Litigation |
| 4 | 165 Capitol Ave<br>Hartford, CT 06106 | JENNIFER-KATE AARONSON*<br>VANESSA L. KASSAB* |
| 5 | 860-808-5090<br>Andrew.Ammirati@ct.gov | Deputy Attorneys General<br>Delaware Department of Justice |
| 6 | | 820 N. French Street |
| | _Attorney for State of Connecticut_ | Wilmington, DE 19801 |
| 7 | | 302-683-8899<br>Vanessa.Kassab@delaware.gov |
| 8 | | Jennifer.Aaronson@delaware.gov<br>Ian.Liston@delaware.gov |
| 9 | PHILIP J. WEISER<br>Attorney General of Colorado | _Attorneys for the State of Delaware_ |
| 10 | | |
| | _/s/ Sarah H. Weiss_ | |
| 11 | SARAH H. WEISS*<br>Senior Assistant Attorney General | |
| 12 | Colorado Department of Law<br>Ralph L. Carr Judicial Center | ROB BONTA<br>Attorney General of California |
| 13 | 1300 Broadway, 10th Floor<br>Denver, CO 80203 | _/s/ Crystal Adams_ |
| 14 | 720-508-6000<br>Sarah.Weiss@coag.gov | CRYSTAL ADAMS*<br>Deputy Attorney General |
| 15 | | NELI PALMA*<br>Senior Assistant Attorney General |
| | _Attorney for State of Colorado_ | KATHLEEN BOERGERS* |
| 16 | | Supervising Deputy Attorney General |
| 17 | | KATHERINE MILTON*<br>Deputy Attorney General |
| | LETITIA JAMES | 1300 I Street |
| 18 | Attorney General of New York | Sacramento, CA 95814 |
| 19 | _/s/ Rabia Muqaddam_ | 916-210-7522 |
| | RABIA MUQADDAM* | Crystal.Adams@doj.ca.gov |
| 20 | Special Counsel for Federal Initiatives<br>MARK LADO* | Neli.Palma@doj.ca.gov<br>Kathleen.Boergers@doj.ca.gov |
| 21 | Special Counsel<br>28 Liberty Street | Katherine.Milton@doj.ca.gov |
| 22 | New York, NY 10005<br>212-416-8240 | _Attorneys for State of California_ |
| 23 | Rabia.Muqaddam@ag.ny.gov<br>Mark.Ladov@ag.ny.gov | |
| 24 | | |
| | _Attorneys for the State of New York_ | |
| 25 | | |
| 26 | | |

REPLY IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR<br>PRELIMINARY INJUNCTION<br>NO. 2:25-CV-01228-KKE

18

ATTORNEY GENERAL OF WASHINGTON<br>Complex Litigation Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(206) 464-7744

DANA NESSEL
Attorney General of Michigan

/s/ Neil Giovanatti
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

Attorney for the People of Michigan


DAN RAYFIELD
Attorney General of Oregon

/s/ Coby Howell
COBY HOWELL*
BRIAN SIMMONDS MARSHALL*
Senior Assistant Attorneys General
Trial Attorneys
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Coby.Howell@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov

Attorneys for State of Oregon


JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

Attorney for State of Wisconsin


AARON M. FREY
Attorney General of Maine

/s/ Sarah A. Forster
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

Attorney for the State of Maine


ANDREA JOY CAMPBELL
Attorney General of Massachusetts

/s/ Katherine Dirks
KATHERINE DIRKS*
Chief State Trial Counsel
YAEL SHAVIT*
Chief, Consumer Protection Division
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
617-963-2277
Katherine.Dirks@mass.gov
Yael.Shavit@mass.gov

Counsel for the Commonwealth of Massachusetts


RAÚL TORREZ
Attorney General of New Mexico

/s/ Aletheia V.P. Allen
ALETHEIA V.P. ALLEN*
Solicitor General
LAWRENCE M. MARCUS*
Assistant Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
Aallen@nmdoj.gov
Lmarcus@nmdoj.gov

Attorneys for State of New Mexico

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

19

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

AARON FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
702-486-3420
HStern@ag.nv.gov

*Attorney for State of Nevada*

*Admitted pro hac vice*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Kyla Duffy*
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400, Ext. 2809
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*

REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:25-CV-01228-KKE

20

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744