# Attachment B



KSD Contract # **SS240908P**

# AFFILIATION AGREEMENT
## Between
## SEATTLE UNIVERSITY
## AND
## KENT SCHOOL DISTRICT

This Affiliation Agreement ("**Agreement**") is made between Seattle University ("**University**"), and <u>Kent School District, 12033 SE 256th Street, Kent, WA 98030</u> (the "**District**"). This Agreement is effective as of September 1, 2023 ("Effective Date"). This Agreement sets forth the terms and conditions by which University and District will jointly undertake a program of student teaching, field experience, and other educational programs as further described below.

### TERMS AND CONDITIONS

In consideration of the mutual covenants and agreements contained herein, the sufficiency of which is hereby acknowledged, the Institution and District hereby agree as set forth below:

1.0  <u>District's Obligations:</u>

    1.1    District agrees to provide the following during its affiliation with Institution:

        A.    Ensure that all school psychology and school counseling practicum and/or internship program participants are placed in high-need schools (see definition below).

        B.    Provide field supervisors to support program participant training for 1 school counseling intern, 4 school counseling practicum students and 4 school psychology practicum students. Internship supervision will be provided in accordance with the school psychology and school counseling program requirements. Specifically, School Counseling intern students are required to have 1 hour of supervision per week by a field supervisor that has a 2-year ESA School Counseling Certification. School Psychology interns are required to have 2 hours of supervision per week by a certified school psychologist that has at least 3 years of experience in the role.

        C.    Advertise the PSP application process to their communities and employees, including teachers, and paraprofessionals to participate in Seattle University school counseling and school psychology programs.

        D.    Provide the Institution's liaison Jason Parkin with requested data, including the number of program participants hired into positions in district. This may include, but is not limited to, formative and summative supervisor ratings, quantities of applications to school-based mental health job openings, and district success in filling advertised positions.

        E.    Participate in quarterly meetings/updates between Seattle University liaison and field coordinators and district leadership around program participant performance and employee performance.

F. Facilitate payment for practicum and intern students as outlined in the budget (if applicable).

G. ***High-need school*** is defined as a school that, based on the most recent data available, meets at least one of the following:

(a) The school is in the highest quartile of all schools served by an LEA ranked in descending order by percentage of students from low-income backgrounds enrolled in such schools, as determined by the LEA based on one of the following measures of poverty:

(i) The percentage of students aged 5 through 17 in poverty counted in the most recent census data approved by the Secretary.

(ii) The percentage of students eligible for a free or reduced-price school lunch under the Richard B. Russell National School Lunch Act based on the most recently available data.

(iii) The percentage of students in families receiving assistance under the State program funded under part A of title IV of the Social Security Act.

(iv) The percentage of students eligible to receive medical assistance under the Medicaid program.

(v) A composite of two or more of the measures described in paragraphs (a)(1) through (4).

(b) In the case of—-

(i) An elementary school, the school serves students not less than 60 percent of whom are eligible for a free or reduced-price school lunch under the Richard B. Russell National School Lunch Act based on the most recently available data; or

(ii) Any other school that is not an elementary school, the other school serves students not less than 45 percent of whom are eligible for a free or reduced-price school lunch under the Richard B. Russell National School Lunch Act based on the most recently available data.

2.0 University's Obligations:

2.1 University identifies the following liaison overseeing the relationship established under this Agreement: Jason Parkin (parkinj@seattleu.edu).

2.2 University shall assign to the District the number of practicum students and interns identified in Section 1.1(B), above.

    2.3    Assign only those students who meet the academic requirements of the University.

    2.4    To plan with District's representatives for the selection and assignment of practicum students and interns.

    2.5    Provide faculty member(s) who will be responsible for the instruction, administration, and evaluation of the students' educational program; provided, however, that the District is and remains exclusively responsible for the education and care of District students, and for supervising the practicum students and interns, as provided for in Section 1.1(B).

3.0    <u>Joint Obligations</u>:

    3.1    The Institution and District agree to the following joint goals and objectives:

        A.    To increase the number of school-based mental health services providers in high-need LEAs (as defined by the Department of Education);

        B.    To increase the number of services providers from diverse backgrounds or from the communities they serve; and

        C.    To ensure that all Seattle University practicum students and interns ("program participants") are trained in inclusive practices, including ensuring access to services for children and youth who are English learners.

4.0    <u>Funding</u>.

    4.1    Institution agrees to provide District with funding not to exceed $17,000 for District's Obligations based on budget described in Attachment A attached to and incorporated into this Agreement ("Budget and Invoice").

    4.2    District will submit quarterly funding requests to the University in accordance with the milestone payment amount outlined in the budget to the following address: Jason Parkin, PSP@seattleu.edu using the invoice described in Attachment A. In order for the District to receive payment, the invoices must clearly detail the nature of all expenses, must show the period and amount claimed and must reference this Agreement. The final invoice is due no later than 30 days after contract termination.

    4.3    District agrees that District is solely responsible for payment of income, social security, and other employment taxes due to the proper taxing authorities, and that University will not deduct such taxes from any funding to District hereunder.

    4.4    District shall indemnify and hold harmless University from any liability for taxes, interest or penalties resulting from fees paid by the University to District or otherwise arising from the District's Obligations, or the Joint Obligations, provided under this Agreement.

5.0     <u>Term</u>.

    5.1     The term of this Agreement shall commence on the Effective Date and expire on June 30, 2024, unless terminated earlier as provided for herein. The term may be extended if agreed upon by both Parties in writing.

6.0     <u>Relationship of the Parties</u>.

    6.1     It is expressly understood that District is not the agent, partner, or employee of Institution. District and District's workers are not employees of Institution and are not entitled to tax withholding, Workers' Compensation, unemployment compensation, or any employee benefits.

    6.2     Neither Party shall have the authority to enter into any contract or agreement to bind the other Party nor represent to anyone that it has such authority.

7.0     <u>Confidentiality of Information and FERPA</u>:

    7.1     District agrees to keep confidential and not to disclose to third parties any Confidential Information provided by University pursuant to this Agreement unless District has received prior written consent of University to make such disclosure. The term "Confidential Information" shall mean information provided by University to District and designated as "Confidential Information" by the University. This obligation does not extend to any information that:

        A.     Was in the possession of the District at the time of disclosure by Institution, directly or indirectly;

        B.     Is or shall become, through no fault of the District, available to the general public; or

        C.     Is independently developed and hereafter supplied to the District by a third party without restriction or disclosure.

    7.2     University will direct its students, staff, and faculty to comply with the policies and procedures of the District, including those governing the use and disclosure of student education records under federal law, specifically the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g; 34 C.F.R. Part 99.

    7.3     FERPA applies to education records of University's individual students held by the District. District acknowledges and agrees that it is a school official with a legitimate educational interest in educational records of University's students who participate in the program, and agrees to maintain the confidentiality of the education records in accordance with the provisions of FERPA.

    7.4     This provision shall survive expiration and termination of this Agreement.

8.0 <u>Prime Award Regulations/Federal Source of Funding</u>

    8.1 The Institution and Contractor acknowledge that the source of funding for this Agreement is the Department of Education, and as such, Contractor agrees to follow all regulations regarding the appropriation of federal funding, including EDGAR (as applicable) and 2 CFR 200 (as applicable). Additionally, the applicable Education Department regulations: 2 CFR PART 180; NONPROCUREMENT DEBARMENT AND SUSPENSION AS ADOPTED AT 2 CFR PART 3485; 2 CFR PART 200 AS ADOPTED AT 2 CFR 3474 (BLOCK 8), AND 34 CFR PARTS 75, 77, 79, 81, 82, 84, 86, 97, 98, 99; AND THE PROGRAM REGULATIONS SPECIFIED in the underlying agreement between the Department of Education and Institution.

9.0 <u>Suspension or Termination</u>.

    9.1 Institution and District reserve the right to suspend indefinitely or terminate this Agreement for convenience upon oral or written notice to the other party upon five (5) days' notice. In the event of termination prior to completion of District's obligations, the amount of the total funding to be paid District shall be determined by University based on the portion of the total work actually completed up to the time of such termination.

10.0 <u>Indemnification</u>.

    10.1 Each Party agrees to indemnify, defend, and hold the other Party, its affiliates, agents, officers, trustees, directors, and employees harmless from and against any and all claims, demands, costs, liabilities, losses, expenses, and damages (including reasonable attorneys' fees, costs, and expert witness fees) arising from the indemnifying Party's negligent, reckless, or intentional acts or omissions in connection with the performance of this Agreement.

11.0 <u>Insurance.</u>

    11.1 During the term of the Agreement, District shall maintain professional and general liability insurance with limits of at least $1,000,000 per occurrence and $3,000,000 in aggregate, and to provide Institution written proof of such coverage annually during the term of this Agreement.

12.0 <u>Notice</u>.

    12.1 All notices, demands, requests, or other communications required to be given or sent by either party shall be in writing and shall be personally delivered, or sent by overnight or second day courier or by first class mail, return receipt requested, or by facsimile or electronic mail, to the party to whom such notice or other communications is to be given or made at such party's address(es) (or facsimile number or electronic mail address) set forth below, or to such other address(es) (or facsimile number or electronic mail address) as such party shall designate by written notice to the other parties. All notices, demands, requests, and other required communications hereunder shall be deemed given if properly addressed (as specified below) and delivered as follows: (a) if delivered personally or by facsimile (with

written acknowledgment of a complete transmission) or electronic mail, on the day of delivery; (b) if delivered by registered or certified mail (return receipt requested) or first class mail, three (3) days after mailing; or (c) if delivered by overnight or second day courier, two (2) days after mailing.  Notices shall be deemed to be properly addressed to any party hereto if addressed to the addresses set forth below (or at such other address for a party as shall be specified by like notice).

| **To University:** | **To District:** |
|---|---|
| Jenna Isakson, Director<br>Office of Sponsored Projects<br>Seattle University<br>901 12th Ave.<br>PO Box 222000<br>Seattle, WA 98122<br>osp@seattleu.edu | _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |

**with copy to:**

Mary S. Petersen
V.P. & University Counsel
Seattle University
901 12th Ave.
PO Box 222000
Seattle, WA 98122
marypete@seattleu.edu

13.0    Entire Agreement; Modification.

        This Agreement (and its attachments, if any) constitutes the entire understanding between the parties with respect to the subject matter hereof and may not be amended except by an agreement signed by Contractor and an authorized representative of Institution.

14.0    Severability.

        The terms of this Agreement are severable such that if any term or provision is declared by a court of competent jurisdiction to be illegal, void, or unenforceable, the remainder of the provisions shall continue to be valid and enforceable.

15.0    Governing Law; Forum.

        This Agreement shall be governed, construed and enforced according to the laws of the State of Washington without regard to any otherwise governing principles of conflicts of laws.  This Agreement shall be construed neutrally and not in favor or against either party. Venue for purpose of litigation will be King County, Washington, and the parties waive all claims that such forum is inconvenient or that a more convenient forum can be found.

16.0    Paragraph Headings.

The paragraph headings in this Agreement are inserted for convenience only and shall not be construed to limit or modify the scope of any provision of this Agreement.

17.0    Non-Waiver.

The delay or failure of either party to exercise any of its rights under this Agreement for a breach thereof shall not be deemed to be a waiver of such rights, nor shall the same be deemed to be a waiver of any subsequent breach, either of the same provision or otherwise.

18.0    Assignment.

District may not assign the rights or obligations under this Agreement without Institution's prior written consent.

IN WITNESS WHEREOF, this Agreement has been duly executed by the authorized representatives of the organizations on the date shown under their respective names and signatures below.

SEATTLE UNIVERSITY

**Signature:** *Sarah Bricknell*
Sarah Bricknell (Aug 3, 2023 14:24 PDT)

**Email:** bricknellsar@seattleu.edu

By:_____
Its:_____
Date:_____

DISTRICT
Kent School District

Susanne Whitlock
Digitally signed by Susanne Whitlock
Date: 2023.07.31 08:31:28 -07'00'

By:_____
Its:_____
Date:_____

Page - 7 - of 9

P. 008

Attachment A: Budget and Invoice

| Description | Number of Seattle University Students | Per Student Cost | Total |
|---|---|---|---|
| School Counseling Intern Stipends | 1 | $6,000 | $6,000 |
| School Psychology Intern Stipends | 0 | 0 | 0 |
| School Counseling Intern Supervisor Stipends | 1 | $2,000 | $2,000 |
| School Psychology Intern Supervisor Stipends | 0 | 0 | 0 |
| School Counseling Practicum Supervisor Stipends | 4 | $500 | $2,000 |
| School Psychology Practicum Supervisor Stipends | 4 | $500 | $2,000 |
| District Administrative Costs (Interns) | 1 | $1,000 | $1,000 |
| District Administrative Costs (Practicum Students) | 8 | $500 | $4,000 |
|  |  |  |  |
| TOTAL |  |  | $17,000 |

**Milestone Payment Schedule**

Completion of Fall Quarter (9/15/2023 – 12/31/2023): submit invoice for one-third, or $5,666, of total budget.

Completion of Winter Quarter (1/1/2024 – 3/31/2024): submit invoice for one-third, or $5,666, of total budget.

Completion of Spring Quarter (4/1/2024 – 6/30/2024): submit final invoice for balance of contract, or $5,668.

**Puget Sound Partnership to Expand and Diversify the Mental Health Service Professional Pipeline**
Invoice Form
SU Account # 21-465034

| | |
|---|---|
| Invoice No: | |
| Invoice Date: | |
| Invoice Period: | |

| **Bill To:** | | **Remit Payment To:** | |
|---|---|---|---|
| Name: | Jason Parkin | | |
| Address: | Seattle University | | |
| | 901 12th Avenue | | |
| | Seattle University | | |
| Email: | PSP@seattleu.edu | Tax ID No: | |

| Cost Description | Project Budget | Cumulative Project Costs | Previously Invoiced | Current Amount |
|---|---|---|---|---|
| School Counseling Intern Stipends | | | | $     - |
| School Psychology Intern Stipends | | | | - |
| School Counseling Intern Supervisor Stipends | | | | - |
| School Psychology Intern Supervisor Stipends | | | | - |
| School Counseling Practicum Supervisor Stipends | | | | - |
| School Psychology Practicum Supervisor Stipends | | | | - |
| District Administrative Costs | - | | | - |
| Total Costs | - | - | - | |

**Description of work performed:**

| | | | Balance Due (USD) | $     - |
|---|---|---|---|---|

By signing this report, I certify to the best of my knowledge and belief that the report is true, complete, and accurate, and the expenditures, disbursements and cash receipts are for the purposes and objectives set forth in the terms and conditions of the Federal award. I am aware that any false, fictitious, or fraudulent information, or the omission of any material fact, may subject me to criminal, civil or administrative penalties for fraud, false statements, false claims or otherwise. (U.S. Code Title 18, Section 1001 and Title 31, Sections 3729-3730 and 3801-3812).

**Contractor Signature**