Hon. Kymberly K. Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　　　　　　　Defendants. | CASE NO. C25-1228-KKE<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

Per this Court's order (Dkt. 155), Defendants Linda McMahon, in her official capacity, and the U.S. Department of Education (collectively, "the Department"), submit this supplemental brief in opposition to the motion for preliminary injunction filed by the States of Washington, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, New Mexico, New York, Nevada, Oregon, Rhode Island, Wisconsin, Massachusetts, and Michigan (collectively, "the States").

**ARGUMENT**

The Supreme Court's decision last week in *National Institutes of Health v. American Public Health Ass'n*, No. 25A103, 2025 WL 2415669, at *1 (U.S. Aug. 21, 2025) [hereinafter, *NIH*], compels the denial of a preliminary injunction here. Despite how they attempt to characterize it, the

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 1
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

States seek an order granting their request for relief from the grant discontinuation decisions, which is not available in this Court and must instead be sought in the Court of Claims. To the extent that the Ninth Circuit's decision in *Thakur v. Trump*, No. 25-4249, __ F.4th __, 2025 WL 2414835 (9th Cir. Aug. 21, 2025), suggests that the case may proceed in this Court, it is clearly irreconcilable with *NIH* and has been overruled. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

      i. <u>NIH *makes clear that a challenge to the termination of a grant can only be brought in the Court of Federal Claims.*</u>

The Department's opposition to the motion for a preliminary injunction relied on *Department of Education v. California*, 604 U. S. —, 145 S. Ct. 966 (2025) (per curiam) [hereinafter, *California*].[1] In *California*, the Supreme Court granted a stay of the First Circuit's order enjoining the Department's decision not to pay certain grants, finding the government was likely to prevail on its contention that the district court lacked jurisdiction to order the government to pay grant obligations. *California* explained that "suits based on 'any express or implied contract with the United States'" do not belong in district court under the Administrative Procedure Act (APA), but in the Court of Federal Claims under the Tucker Act. 145 S. Ct. at 968 (quoting 28 U.S.C. § 1491(a)(1)). As the Department's opposition explained in this case, *California* makes clear that the States' claims do not belong in this Court because the relief that they seek would compel the Department to pay a grant obligation. *See* Dkt. 147 at 11.

The States' reply to the Department's opposition sought to distinguish *California* on the ground that they "seek clarification of their rights under the Department's continuation regulation" that would "serve Plaintiffs' ongoing relationship with the Department outside of the particular grants in this case." Dkt. 150 at 7.

---

[1] Courts have cited the case both as "*Department of Education*" and as "*California*." In line with the Supreme Court's naming convention, *see NIH*, 2025 WL 2415669, at *4, the Department uses "*California*" here.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 2
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

*NIH* makes clear that this effort to distinguish *California* is meritless. The per curiam decision reiterates that the APA does not provide jurisdiction for suits based on a grant, and that a suit is based on a grant when it seeks an order that would result in the payment of a grant. Instead, a claim that arises out of the termination of a grant or seeks relief that would result in the reinstatement of a grant must proceed in the Court of Claims. The APA's "'limited waiver of [sovereign] immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on'" grants or to order relief "designed to enforce any 'obligation to pay money'" pursuant to those grants." 2025 WL 2415669, at *1 (quoting *California*, 145 S. Ct. at 968). And Justices Gorsuch and Kavanaugh, concurring in the judgment, explained that the Court's precedents cannot be "circumvented" by recharacterizing the suit as a challenge to a decision underlying the grant termination, as the States seek to do here. *Id.* at *4. "An order vacating the government's decision to terminate grants under the APA is in every meaningful sense an order requiring the government to pay those grants," even if the order also clarifies the plaintiffs' statutory or constitutional rights. *Id.* (Gorsuch, J., and Kavanaugh, J., concurring in part and dissenting in part).

Close review of the First Circuit's underlying decision in *NIH*, *see* 145 F.4th 39 (1st Cir. 2025), confirms that the Department is likely to succeed here in showing that this Court lacks jurisdiction to hear the States' claims under the APA. There, the First Circuit declined the government's motion to stay the district court's decision because the government had not shown that it was likely to succeed in establishing that the district court erred by concluding that it had jurisdiction to hear the plaintiffs' challenges to grant termination letters issued by the NIH. *See* 145 F.4th at 43–44, 48. As the First Circuit explained, the district court had granted two requests for relief; it had (1) "declared that the Challenged Directives violate the APA and are thus void" and (2) "declared that the grant terminations made pursuant to the Challenged Directives violate the APA and are thus void." *Id.* at 50.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 3
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1    The First Circuit rejected the government's challenge to the first decision (on the Directives)
2 on grounds of waiver. *Id.* While noting that the second grant of declaratory relief (on the
3 terminations) "presents a closer question," the court concluded that the government failed to show a
4 likelihood of success on its challenge to that claim because the plaintiffs were not seeking "past due
5 sums" and instead sought declaratory relief unavailable in the Court of Claims. *Id*. The court further
6 explained that "neither the plaintiffs' claims nor the court's orders depend on the terms or conditions
7 of any contract." *Id.* In other words, according to the First Circuit, the district court had jurisdiction
8 to grant relief under the APA because its order "simply 'reversed' under the APA the disallowance
9 decisions . . . and did not require any amount to be paid." *Id.* at 48–49 (quoting *Bowen v.*
10 *Massachusetts*, 487 U.S. 879, 909 (1988)).

11    The First Circuit thought that these two factors "put this case much closer to *Bowen* than
12 *Great-West* [*Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 212 (2002)], and
13 distinguish[ed] it from *California*." 145 F.4th at 50. And the First Circuit attempted to further
14 distinguish *California* because the district court had not ordered the government to pay out money
15 on a grant and had instead "simply declared that the Department unlawfully terminated certain
16 grants" on legal claims that were not "premised upon the individual terms of the grant agreements"
17 and instead challenged "agency-wide policies" on the theory that they violated the APA and the
18 Constitution. *Id.* at 51.

19    But the Supreme Court's decision reversing the First Circuit in *NIH* has now made clear that
20 the First Circuit read *California* too narrowly. The Supreme Court rejected the line drawn by the
21 First Circuit between a decision that declares that a grant was terminated unlawfully (permissible
22 under the APA, according to the First Circuit) and a decision that directly orders the government to
23 pay out a grant (impermissible under the APA, according to the First Circuit). Instead, the Supreme
24 Court's order makes clear that, on an application for a stay, the government is likely to succeed in

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 4
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

showing that a district court lacks jurisdiction under the APA if the plaintiffs' claims are "based on" a grant. 2025 WL 2415669, at *1. By staying the district court's decision insofar as it declared the grant terminations void (the second of the two declarations), the Supreme Court rejected the idea that *Bowen* allows a district court to consider a challenge to a grant termination under the APA so long as it does not enter an order directing the government to pay the grant.

In *California* and *NIH*, the Supreme Court has now recently twice made clear that claims arising out of the termination of a grant belong in the Court of Claims. The States' alleged injuries here stem from the Department's decision not to pay the grants in the future, and the relief sought—an order staying "the Non-Continuation Decision" (Dkt. 49 at 33)—is just a different way of compelling the disbursement of grant funds. This Court should dismiss the suit for lack of jurisdiction.

This is true even though *California* and *NIH* were entered on requests for interim relief. A grant of interim relief "squarely control[s]" like cases and binds lower courts as a matter of vertical stare decisis. *Trump v. Boyle*, 606 U. S. ——, 145 S. Ct. 2653, 2654 (2025). Even though a decision regarding interim relief is not necessarily "conclusive as to the merits," *id.* at 2654, its "'reasoning—its *ratio decidendi*'"—carries precedential weight, *NIH*, 2025 WL 2415669, at *4 (Gorsuch, J., and Kavanaugh, J., concurring in part and dissenting in part) (quoting *Ramos v. Louisiana*, 590 U.S. 83, 104 (2020)). *See also Bucklew v. Precythe*, 587 U.S. 119, 136 (2019) ("[J]ust as binding as [a] holding is the reasoning underlying it."). "[E]ven probabilistic holdings—such as *California*'s top-line conclusion that 'the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA,' must 'inform how a [lower] court' proceeds 'in like cases.'" 2025 WL 2415669, at *4 (Gorsuch, J., and Kavanaugh, J., concurring in part and dissenting in part) (internal citations omitted). *California* and *NIH* make clear that the government is likely to succeed in showing that the States may not proceed here under the APA.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION - 5
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

*ii.* <u>Thakur</u> *does not support a different conclusion and is clearly irreconcilable with* <u>NIH.</u>

The Ninth Circuit's decision in *Thakur v. Trump*, 2025 WL 2414835, does not support a different conclusion. The *Thakur* court, applying Ninth Circuit law and attempting to distinguish *California*, concluded that there was a difference between an APA suit seeking to vindicate the right to be free from arbitrary and capricious agency action terminating a grant and a suit seeking to enforce a grant. 2025 WL 2414835, at *4. According to the *Thakur* court, a plaintiff may challenge the cessation of a grant under the APA so long as it does not directly seek an order directing that money be paid and instead seeks "to ensure that the agencies' course of conduct complies with federal law," even if a successful suit would result in the payment of the grant. *Id.* at *3.

But the Supreme Court in *NIH* rejected that same distinction. In *NIH*, too, the district court's order vacating a directive on funding had "generally applicable implications beyond the reinstatement of specific grants." 2025 WL 2415669, at *3 (Roberts, C.J., Sotomayor, J., Kagan, J., and Jackson, J., concurring in part and dissenting in part). But even so, the district court lacked jurisdiction under the APA to vacate the resulting grant terminations. That is because, as the Court stated, any portion of a suit that is "based on" a grant—that is, any portion of a suit that seeks to vindicate rights under a grant, such that the relief sought will result in the payment of a grant—must proceed in the Court of Claims. *See id.* at *3 (Barrett, J., concurring) (discussing "two-track litigation" for APA and Tucker Act claims arising out of grant decisions). And here, the States do not separately challenge any directives upon which non-continuation decisions were based, making this an even clearer case for exclusive jurisdiction in the Court of Claims than the potential "two-track litigation" approach discussed in *NIH*.

The Ninth Circuit's decision in *Thakur* draws the same distinction between APA challenges and Court of Claims challenges that the First Circuit drew in *NIH*. Like the First Circuit, *Thakur* concluded that the government was unlikely to succeed in showing that the plaintiffs' suit could not

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 6
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

proceed under the APA because the suit was "not premised on any rights derived from their grants" and resolving the suit would "not require analyzing the terms of any grant." 2025 WL 2414835, at *3. In *Thakur*, the plaintiffs had sought only a declaration that "the agencies, by sending form termination notices, failed to provide a reasoned explanation for their actions." *Id*. The *Thakur* court's distinction between a claim that seeks a declaration that a grant termination was unlawful under the APA and a claim that seeks payment on a grant is the same distinction made by the First Circuit and subsequently rejected by the Supreme Court. *Thakur* thus has not survived the Supreme Court's decision in *NIH*, entered later the same day.

Instead, *Thakur* has been "effectively overruled," *Miller*, 335 F.3d at 893, insofar as it reflects a probabilistic judgment on whether the plaintiffs can proceed under the APA in a case that is "based on" a grant termination. In the Ninth Circuit, binding precedent is deemed overruled "where the reasoning or theory of the prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Id*. Such is the case here. *Thakur*'s holding that a plaintiff may bring suit under the APA provided it does not directly seek an order that grant money be paid, even if a successful suit would result in grant payments, cannot be applied "without running afoul of" the Supreme Court's probabilistic judgment in *NIH*. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citation omitted). And that is true even though the full contours of the Supreme Court's decision leave some uncertainty about the continuing viability of the Ninth Circuit's decisions construing *Bowen*. As Justices Gorsuch and Kavanaugh explained in their NIH concurrence, the Supreme Court's decisions on stay applications "must 'inform how a [lower] court' proceeds 'in like cases.'" *NIH*, 2025 WL 2415669, at *4 (citing *Boyle*, 606 U.S. at ——, 145 S. Ct. at 2654). This case is just like *NIH*, except that there is no agency decision separate from the grant

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 7
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

terminations at issue here. Accordingly, *Thakur* is no longer good law on this point and does not control here. *NIH* does.[2]

### iii. NIH *makes clear that the States should be required to post bond if their preliminary injunction motion is granted.*

The Supreme Court in *NIH* also found that the Government faced irreparable harm absent a stay insofar as the plaintiffs in the case did not state they would "repay grant money if the Government ultimately prevails." 2025 WL 2415669, at *1. The Department has argued that the States should be required to post bond if their preliminary injunction motion is granted, because preliminary relief would "mandate that the Executive spend money that may not be recouped once distributed" if the injunction is later overturned. Dkt. 147 at 30. *NIH* emphasizes that in such cases, the harms weigh in favor of the Government: although monetary loss is typically not considered irreparable harm, "that changes if the funds 'cannot be recouped' and are thus 'irrevocably expended.'" *NIH*, 2025 WL 2415669, at *1; *see also id.* at *6 (Kavanaugh, J., concurring in part) ("[T]he harms and equities are weighty on both sides. But in my view, they tilt toward the Government because plaintiffs have not represented that they would return the grant money if the Government were to ultimately prevail in the merits litigation.").

If the Court issues an injunction, *NIH* supports the Department's request that any injunctive relief be accompanied by a bond under Fed. R. Civ. P. 65(c).

///

///

///

---

[2] The Government intends to file a petition for rehearing in *Thakur* based on the intervening Supreme Court decision in *NIH*.

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 8
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opposition (Dkt. 147), the Department respectfully requests that the Court deny the States' motion for a preliminary injunction.

DATED this 27th day of August 2025.

        Respectfully submitted,

        TEAL LUTHY MILLER
        Acting United States Attorney

        */s/ Brian C. Kipnis*
        BRIAN C. KIPNIS
        Assistant United States Attorney
        Office of the United States Attorney
        5220 United States Courthouse
        700 Stewart Street
        Seattle, Washington 98101-1271
        Phone: 206-553-7970
        Email: brian.kipnis@usdoj.gov

        *Attorneys for Defendants*

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION - 9
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970