Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | CASE NO. C25-1228KKE<br><br>**NOTICE OF MOTION AND:**<br>**(1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND**<br>**(2) OPPOSED MOTION FOR ORDER STAYING CASE**<br><br>(Note on motion calendar for:<br>   October 6, 2025) |

Defendants Linda McMahon, in her official capacity, and the United States Department of Education (collectively, "the Department"), through their attorneys, Charles Neil Floyd, United States Attorney for the Western District of Washington and Brian C. Kipnis, Assistant United States Attorney, hereby move this Court: (1) to stay this lawsuit because of a lapse in appropriations; and (2) to adjudicate this motion on an expedited basis. Plaintiffs do not oppose hearing this motion on an expedited basis (with Plaintiffs responding to the underlying motion by no later than October 7, 2025), but Plaintiffs do oppose the underlying motion for a stay

This motion is made and based on the pleadings and papers filed herein and such oral argument as the Court may entertain.

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 1
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

DATED this 6th day of October 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: brian.kipnis@usdoj.gov

Attorneys for Defendants

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 2
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## STAEMENT OF FACTS AND ARGUMENT

By this motion, the government respectfully requests a stay of the proceedings in this case due to the lapse of appropriations to the Department of Justice (the Department). The government is informed that Plaintiffs will oppose this motion. The parties agree, however, that given the imminency of pending motions and associated deadlines present in this case, the instant motion should be heard on an expedited basis. Thus, Plaintiff do not oppose the Defendants' request that the underlying motion for a stay be heard on an expedited basis and have committed to filing their opposition to the underlying motion for a stay by no later than Tuesday, October 7, 2025.

Good cause exists for staying the proceedings in this case, and the interests of justice and judicial economy will be served by granting this motion.

At the end of the day on September 30, 2025, funding to the Department expired and its appropriations lapsed. The same is true for most Executive agency clients with whom the undersigned counsel must coordinate his litigation activities, including, as relevant here, the U.S. Department of Education. It is unknown when funding will be restored by Congress.

Absent an appropriation, certain Department attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The term "'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office, particularly with respect to the prosecution and defense of civil lawsuits. Because of the above, counsel for Defendants in this case is unable to represent Defendants in this lawsuit on an ongoing basis until Congress restores funding to the U.S. Department of Justice.

District courts have inherent power to stay proceedings in cases. *Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010). The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 3
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  When determining whether to stay proceedings, a court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (*citing Landis*, 299 U.S. at 254).

The above factors weigh in favor of granting a stay of proceedings in cases handled by the United States Attorney's Office, including this case.  Most Assistant United States Attorneys, including the undersigned, and their support staff in the Civil Division will be furloughed for the duration of the lapse in appropriations and will be unable to perform critical case work.  For example, attorneys will not be able to engage in discovery, review case materials, prepare motions, engage in settlement discussions, or prepare for trial.  Opposing counsel in these cases will not be similarly impacted.

Moreover, many of the Department of Justice's federal agency partners have been furloughed and unable to provide essential assistance in cases, including responding to discovery requests, providing information necessary to investigate claims and support defenses, and appearing as witnesses.  Attorneys working in the Civil Division of the United States Attorney's Office frequently work together with or need approvals from attorneys in different components of the Department of Justice.  Many of these Department attorneys are also furloughed, which negatively impacts the United States' ability to move cases forward.  The same is true for professional staff and attorneys working for other Department components, who will be unable to assist in obtaining authority to settle cases, process requests for EAJA payments, or make decisions on whether to seek additional review of decisions adverse to the government.

Finally, a lack of funding impacts the Department's ability to pay for services necessary for defending cases, including hiring and paying expert witnesses and paying for transcripts, court reporter services, and medical records collection.  Without the ability to pay for these services, the

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 4
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

government cannot fully participate in discovery or investigate claims, which greatly prejudices its interests.

At present, the Court has pending before it motions for a preliminary injunction and a motion to dismiss. Oral argument on the Department's motion to dismiss is calendared for Thursday, October 9. This case does not meet the standard of 31 U.S.C. § 1342, in that it does not concern an emergency "involving the safety of human life or the protection of property," but concerns only Plaintiffs' challenge to the Department of Education's decision to not renew their grant agreements for another year. Thus, while these motions are fully briefed, because of the lapse of appropriations, the undersigned has no authority and no ability to interact with employees of the U.S. Department of Education for necessary support in preparation for oral argument, nor does he have the authority to appear in Court on behalf of the U.S. Department of Education and to represent their position.

Due to the prejudice it will experience without a stay in this case, the government requests the Court stay this case for the duration of the current lapse of appropriations. As set forth in the government's proposed order, the government further requests that the stay be lifted automatically and immediately as soon as the lapse of appropriations has ended. The government asks the Court to order the parties to confer within ten court days after the restoration of funding to determine whether either party believes an extension of the case deadlines is required, taking into account current case deadlines, the status of discovery and motions, and how much remains to be accomplished prior to a resolution of the case. The government's proposed order asks the Court to order that should the parties agree an extension is needed, they must submit a proposed order extending deadlines for the Court's consideration. If the parties disagree, they should submit a joint status report in which each party sets forth their position. The government further requests that if the parties agree no extension of the case deadlines is needed, the case deadlines will remain the same and the parties will not need to take any additional action with respect to the stay.

## CONCLUSION

Based on the foregoing, the government respectfully requests that (1) the unopposed motion to expedite the adjudication of the underlying motion for a stay be granted and (2) that this case be ordered stayed for the duration of the current lapse in appropriations.

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 5
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

**CERTIFICATION**

I certify that this memorandum contains 1,370 words, in compliance with the local civil rules.

DATED this 6th day of October 2025.

                Respectfully submitted,

                CHARLES NEIL FLOYD
                United States Attorney

                */s/ Brian C. Kipnis*
                BRIAN C. KIPNIS
                Assistant United States Attorney
                Office of the United States Attorney
                5220 United States Courthouse
                700 Stewart Street
                Seattle, Washington 98101-1271
                Phone: 206 553 7970
                E-mail: brian.kipnis@usdoj.gov

                Attorneys for Defendants

NOTICE OF MOTION AND (1) UNOPPOSED MOTION FOR EXPEDITED RULING; AND (2) OPPOSED MOTION FOR ORDER STAYING CASE - 6
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970