The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| STATE OF WASHINGTON, et al., | NO. 2:25-cv-01228-KKE |
|---|---|
| Plaintiffs, | PLAINTIFF STATES' OPPOSITION TO DEFENDANTS MOTION FOR ORDER STAYING CASE |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | NOTE ON MOTION CALENDAR: October 7, 2025 |
| Defendants. | |

Plaintiff States respectfully oppose Defendants' motion for an undefined and indefinite stay in light of the lapse in appropriations. Defendants' requested relief would indefinitely delay the Court from hearing Defendants' Motion to Dismiss and potentially delay the Court's decision regarding Plaintiff States' Motion for Preliminary Injunction, which describes in depth the harms the Defendants' Non-Continuation Decision has imposed on Plaintiff States and the public—harms which have only continued to escalate as the parties approach the end of the discontinued Program grants on December 31, 2025. Further, the relief requested is unnecessary, as the Department of Justice's (DOJ) own contingency plan expressly authorizes DOJ attorneys to continue litigating civil cases if the Court denies a stay. A stay would be particularly inequitable given the Department has announced new grant competitions for each Program with an application deadline of October 29, 2025, after which Defendants will award new grants and obligate funds that Plaintiffs could never recover.

PL. STATES' OPP. TO DEFS.' MOT. FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

This Court's discretion to grant or deny a stay of proceedings "calls for the exercise of judgment, which must weigh competing interests." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Here, the balance of interests strongly counsels against granting a stay due to the significant harms a stay would impose on Plaintiff States and the public.

A stay at this stage of proceedings risks serious and irreparable harm to Plaintiff States. Plaintiff States challenged the Non-Continuation Decision, comprising of unannounced and secret policy changes that changed Defendants' approach to continuation award decisions. Defendants changed their approach in order to implement new priorities through discontinuance of Program grants in violation of federal statute and Department regulations. As detailed in Plaintiff States' pending Motion for Preliminary Injunction, as well as their opposition to Defendants' prior motion for relief from deadlines, the Non-Continuation Decision is currently disrupting established education and mental healthcare ecosystems, causing substantial short- and long-term harms to the public health and safety. *See* Dkt. # 49 at pp. 36–40; Dkt. # 168 at pp. 2–3. The Non-Continuation Decision is causing grantees to begin the painful process of shuttering programs, losing skilled mental health service providers and program staff, losing the opportunity to train future mental health service providers, and ending much-needed mental health services for school-aged children. *See* Dkt. # 49 at pp. 36–40; Dkt. # 168 at pp. 2–3. The risks of irreparable harm are especially high because it is unclear how long the lapse in appropriations will continue, meaning Plaintiffs will continue to suffer the degrading effects of uncertainty as the December 31, 2025, budget year cliff looms on the fast-approaching horizon. Plaintiffs need certainty regarding the continuation award process—both to understand the status of the discontinued Program grants, and to understand their continuation rights when deciding whether or not to apply to the new Program competitions. And Defendants, too, will be aided by a preliminary injunction order that clarifies the continuation regulation and enjoins Defendants from applying their changed, non-performance-based approach to the continuation award process when they resume their work after the shutdown ends.

PL. STATES' OPP. TO DEFS.' MOT.
FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

In their motion, Defendants do not claim that the lapse in appropriations will delay or otherwise interfere with their implementation and enforcement of the Non-Continuation Decision. Instead, they claim that "Department attorneys and employees of the federal government are prohibited from working" during the lapse, "except in very limited circumstances." Dkt. # 182 at p. 3. Yet Plaintiffs' grants are still discontinued, and Defendants have begun soliciting new grant competition applications for Program grants, inviting applications through October 29, 2025. *See* Dkt. ## 179-1, 179-2. As such, Defendants' stay asks this Court to allow them to continue violating the regulations, the General Education Provisions Act, and the Constitution during the lapse, causing direct and irreparable harm to Plaintiff States, while indefinitely preventing Plaintiff States from seeking an injunction to halt the Non-Continuation Decision. The lapse in appropriations cannot—and should not—serve as a shield for Defendants' unlawful conduct.

Further, the DOJ's own guidance authorizes the DOJ to continue work on this matter despite the lapse in appropriations. On September 29, 2025, the DOJ issued a contingency plan setting forth its planned operations during a lapse in appropriations. *See* U.S. Dep't of Justice, FY 2026 Contingency Plan (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl, (Contingency Plan). For civil litigation, the DOJ instructs its attorneys to approach the courts and request that active cases be postponed until funding is resumed. *Id.* But if a court denies a stay, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue" within the meaning of 31 U.S.C. § 1342. *Id.*; *see also* Order Denying Motion to Stay, *Rhode Island v. Trump,* No. 1:25-cv-00128-JJM-LDA, Dkt. # 84 (D. R.I. Oct. 2, 2025) (noting that "[t]he Court is required to continue its constitutional functions"); *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (J. Srinivasan concurring) (discussing the DOJ's largely similar 2019 Contingency Plan). In other words, "[i]f a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse." *See* Contingency Plan at 7.

PL. STATES' OPP. TO DEFS.' MOT. FOR ORD. STAYING CASE NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

Because federal law authorizes the payment of wages for "excepted activities" during a lapse in appropriations, any harm to Defendants' counsel would be mitigated should this Court deny a stay. *See* 31 U.S.C. § 1341(c)(2); *see also* Contingency Plan at 3 (DOJ is required to "limit its civil litigation staffing to the minimum level needed to comply with the court's order [denying a request for stay] and to protect life and property").

A stay risks irreparable harm to the health and safety of Plaintiff States' residents. Dkt. # 49 at pp. 36–38, 40. Considering the lack of harm to Defendants or their counsel, the balance of interests weighs heavily in favor of denying a stay. Federal courts have often declined requests by the DOJ to stay proceedings due to a lapse of appropriations. For instance, "when federal appropriations lapsed in 2013, resulting in a 'shutdown' from October 1 to October 17, 2013, [the D.C. Circuit] received Government motions to stay oral argument in at least sixteen cases." *Kornitzky Grp.*, 912 F.3d at 638. In "every one of those motions," the government counsel cited the same statute that Defendants cite here, 31 U.S.C. § 1342, claiming that it prohibited them from working. *Id.* But the D.C. Circuit denied "every one of these motions," even when a stay was unopposed, "and every time, the Government then participated in oral argument." *Id.* This practice of denying motions to stay due to lapses of appropriations continued during the most recent government shutdown from December 22, 2018 to January 25, 2019. *Id.*

Multiple federal courts have already denied requests by the DOJ to stay proceedings during this current lapse of appropriations, including federal appellate courts. For instance, the Ninth Circuit has ordered all DOJ attorneys to appear at every oral argument as scheduled, despite the lapse in appropriations. *See* Supplemental Administrative Order, United States Court of Appeals for the Ninth Circuit, C.J. Murguia, (Oct. 1, 2025) https://cdn.ca9.uscourts.gov/datastore/announcements/Final-Order.pdf. Similarly, the D.C. Circuit has announced that "[c]ases calendared for oral argument during the months of October and November will proceed as scheduled." Court Operations in the Event of a Government Shutdown (Oct. 1, 2025)

PL. STATES' OPP. TO DEFS.' MOT. FOR ORD. STAYING CASE NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

PL. STATES' OPP. TO DEFS.' MOT.
FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

https://www.cadc.uscourts.gov/news/court-operations-event-government-shutdown-0. The Federal Circuit has announced that it "will not entertain any motions for extension based solely on a lapse in appropriations." Administrative Order, United States Court of Appeals for the Federal Circuit, C.J. Moore (Oct. 1, 2025) https://www.cafc.uscourts.gov/wp-content/uploads/Announcements/AdministrativeOrders/AdministrativeOrder-OperationsDuringLapseInAppropriations.pdf. And the First Circuit recently denied the DOJ's motion to stay a status report deadline. *See* Order, *Planned Parenthood Federation of America v. Kennedy*, No. 25-1755 (1st Cir. Oct. 2, 2025).

District courts have also repeatedly denied the DOJ's motions for stays due to the current lapse of appropriations. *See* Order Denying Motion to Stay, *Guerrero Orellana v. Moniz*, No. 25-cv-12664-MJJ, Dkt. # 51 (D. Mass. Oct. 2, 2025); Order Denying Motion to Stay, *Rhode Island v. Trump*, No. 1:25-cv-00128-JJM-AEM, Dkt. Text Order 10/02/25 (D. R.I. Oct. 2, 2025) (denying motion to stay and citing DOJ's Contingency Plan); Order Denying Motion to Stay, *New York v. Kennedy.*, No. 1:25-cv-00196-MRD-PAS, Dkt. Text Order 10/03/25 (D. R.I. Oct. 3, 2025); Order Denying Motion to Stay, *United States v. Rhode Island*, No. 1:14-cv-00175-JJM-PAS, Dkt. Text Order 10/02/25 (D. R.I. Oct. 2, 2025); Order Denying Motion to Stay, *J.P. Morgan Chase Bank v. Carver*, No. 1:24-cv-00478-MRD-AEM, Dkt. Text Order 10/03/25 (D. R.I. Oct. 3, 2025); Order Denying in Part and Granting in Part Motion to Stay, *New York v. DOJ*, No. 1:25-cv-00499-MRD-AEM, Dkt. Text Order 10/06/25 (D. R.I. Oct. 6, 2025) (denying stay); Order Denying Motion to Stay, *District of Columbia v. Trump*, No. 1:25-cv-03005-JMC, Dkt. Text Order 10/02/25 (D. D.C. Oct. 2, 2025) (same).

In short, this Court should exercise its discretion to deny Defendants' motion to stay proceedings, due to the harms such a stay would cause. *See Landis*, 299 U.S. at 254–55.

PL. STATES' OPP. TO DEFS.' MOT. FOR ORD. STAYING CASE NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 7th day of October 2025.

I certify that this memorandum contains 1507 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitor General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
IAN R. LISTON*
Director of Impact Litigation
JENNIFER-KATE AARONSON*
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Vanessa.Kassab@delaware.gov
Jennifer.Aaronson@delaware.gov
Ian.Liston@delaware.gov

*Attorneys for State of Delaware*

PL. STATES' OPP. TO DEFS.' MOT.
FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| WILLIAM TONG<br>Attorney General of Connecticut<br><br>/s/ Andrew Ammirati<br>ANDREW AMMIRATI*<br>Assistant Attorney General<br>165 Capitol Ave<br>Hartford, CT 06106<br>860-808-5090<br>Andrew.Ammirati@ct.gov<br><br>*Attorney for State of Connecticut* | ANTHONY G. BROWN<br>Attorney General of Maryland<br><br>/s/ Michael Drezner<br>MICHAEL DREZNER*<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6959<br>Mdrezner@oag.state.md.us<br><br>*Attorney for State of Maryland* |
| KWAME RAOUL<br>Attorney General of Illinois<br><br>/s/ Emily Hirsch<br>EMILY HIRSCH*<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>115 S. LaSalle St<br>Chicago, IL 60603<br>773-835-0148<br>Emily.Hirsch@ilag.gov<br><br>*Attorney for State of Illinois* | AARON M. FREY<br>Attorney General of Maine<br><br>/s/ Sarah A. Forster<br>SARAH A. FORSTER*<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br>207-626-8800<br>Sarah.Forster@maine.gov<br><br>*Attorney for State of Maine* |
| PHILIP J. WEISER<br>Attorney General of Colorado<br><br>/s/ Sarah H. Weiss<br>SARAH H. WEISS*<br>Senior Assistant Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>720-508-6000<br>Sarah.Weiss@coag.gov<br><br>*Attorney for State of Colorado* | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts<br><br>/s/ Katherine Dirks<br>KATHERINE DIRKS*<br>Chief State Trial Counsel<br>YAEL SHAVIT*<br>Chief, Consumer Protection Division<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>617-963-2277<br>Katherine.Dirks@mass.gov<br>Yael.Shavit@mass.gov<br><br>*Counsel for Commonwealth of Massachusetts* |

PL. STATES' OPP. TO DEFS.' MOT.
FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| LETITIA JAMES<br>Attorney General of New York<br><br>*/s/ Rabia Muqaddam*<br>RABIA MUQADDAM\*<br>Special Counsel for Federal Initiatives<br>MARK LADOV\*<br>Special Counsel<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8240<br>Rabia.Muqaddam@ag.ny.gov<br>Mark.Ladov@ag.ny.gov<br><br>*Attorneys for State of New York* | RAÚL TORREZ<br>Attorney General of New Mexico<br><br>*/s/ Aletheia V.P. Allen*<br>ALETHEIA V.P. ALLEN\*<br>Solicitor General<br>LAWRENCE M. MARCUS\*<br>Assistant Solicitor General<br>New Mexico Department of Justice<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>505-527-2776<br>Aallen@nmdoj.gov<br>Lmarcus@nmdoj.gov<br><br>*Attorneys for State of New Mexico* |
| DANA NESSEL<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>NEIL GIOVANATTI\*<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>517-335-7603<br>GiovanattiN@michigan.gov<br><br>*Attorney for People of Michigan* | AARON FORD<br>Attorney General of Nevada<br><br>*/s/ Heidi Parry Stern*<br>HEIDI PARRY STERN\*<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>702-486-3420<br>HStern@ag.nv.gov<br><br>*Attorney for State of Nevada* |
| DAN RAYFIELD<br>Attorney General of Oregon<br><br>*/s/ Coby Howell*<br>COBY HOWELL\*<br>Senior Assistant Attorney General<br>Trial Attorney<br>Oregon Department of Justice<br>100 SW Market St.<br>Portland, OR 97201<br>971-673-1880<br>Coby.Howell@doj.oregon.gov<br><br>*Attorney for State of Oregon* | PETER F. NERONHA<br>Attorney General of Rhode Island<br><br>*/s/ Kyla Duffy*<br>KYLA DUFFY\*<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>401-274-4400, Ext. 2809<br>Kduffy@riag.ri.gov<br><br>*Attorney for State of Rhode Island* |

PL. STATES' OPP. TO DEFS.' MOT.<br>
FOR ORD. STAYING CASE<br>
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON<br>
Complex Litigation Division<br>
800 Fifth Avenue, Suite 2000<br>
Seattle, WA 98104<br>
206-464-7744

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

*\*Admitted pro hac vice*

PL. STATES' OPP. TO DEFS.' MOT.
FOR ORD. STAYING CASE
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744