UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>               Plaintiff(s),<br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>               Defendant(s). | CASE NO. C25-1228-KKE<br><br>ORDER DENYING MOTION TO STAY |

The Court scheduled oral argument on Defendants' motion to dismiss for October 9, 2025. Dkt. No. 173. On October 6, Defendants requested a stay of this case due to a lapse in appropriations to the Department of Justice, which represents Defendants in this matter. Dkt. No. 182. Plaintiffs filed an opposition on October 7. Dkt. No. 184. The parties agree that the motion to stay should be resolved on an expedited basis. Dkt. No. 182 at 1.

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether a stay is appropriate, the court weighs the "competing interests which will be affected by the granting or refusal to grant a stay[,]" including:

ORDER DENYING MOTION TO STAY - 1

the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, the damage that may result to Plaintiffs from granting a stay outweighs the hardship Defendants face in being required to go forward despite the lapse in appropriations. Plaintiffs request time-sensitive relief as evidenced by their request for a preliminary injunction, and the resolution of this motion has already been delayed due to the filing of Defendants' motion to dismiss. *See* Dkt. No. 49. Since the close of briefing on both pending motions, Plaintiffs filed documents highlighting their short window of time in which to seek effective relief. *See, e.g.*, Dkt. Nos. 176, 179. Their opposition to Defendants' motion for a stay explains how an indefinite stay would only magnify the uncertainty that currently exists around the status of the discontinued grants at the heart of this litigation. Dkt. No. 184 at 2.

Defendants have not shown that it would pose an undue or inequitable hardship if they were required to proceed with this litigation despite a current lapse in appropriations. Although the Department of Justice may not be able to "engage in discovery, review case materials, prepare motions, engage in settlement discussions, or prepare for trial[,]" these activities may not necessarily be implicated in this case in the near future, given its procedural posture. Dkt. No. 182 at 4. Likewise, even if "many of the Department of Justice's federal agency partners have been furloughed and [are] unable to provide essential assistance in cases, including responding to discovery requests, providing information necessary to investigate claims and support defenses, and appearing as witnesses[,]" Defendants have not shown that such assistance is essential in *this* case. *Id*. The Department of Justice's inability to "pay for services necessary for defending cases, including hiring and paying expert witnesses and paying for transcripts, court reporter services,

and medical records collection" is not likely to impact this case in the near future or ever. *Id.* Defendants' boilerplate motion for a stay does not persuade the Court that an indefinite stay is needed at this time, in this case.

Accordingly, the Court DENIES Defendants' motion for a stay. Dkt. No. 182.

Dated this 7th day of October, 2025.

Kymberly K. Evanson
United States District Judge