1

2

3

4

5               UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
                       AT SEATTLE

6

7    STATE OF WASHINGTON et al.,
                                              CASE NO.
8                                             2:25−cv−01228−KKE
                         Plaintiff(s),
9                                             ORDER REGARDING INITIAL
               v.                             DISCLOSURES, CHAMBERS
10                                            PROCEDURES, JOINT STATUS
     UNITED STATES DEPARTMENT                 REPORT, AND EARLY
11   OF EDUCATION et al.,                     SETTLEMENT

12                       Defendant(s).

13                     **I. INITIAL SCHEDULING DATES**

14        The Court sets the following dates for initial disclosure and submission of the

15   Joint Status Report and Discovery Plan:

16        Deadline for Federal Rule of Civil
          Procedure ("FRCP") 26(f) Conference:

17
          Initial Disclosures[1] Pursuant to FRCP 26(a)(1):
18

19        Combined Joint Status Report and Discovery
          Plan as Required by FRCP 26(f)
20        and Local Civil Rule 26(f):                        10/31/2025

21        The deadlines above may be extended only by the Court. Any request for an

22   extension should be made by email to Judge Evanson's Courtroom Deputy at

23   KKEcrd@wawd.uscourts.gov. If Defendants have appeared, the parties are

24   directed to meet and confer before contacting the Court to request an extension.

25        If this case involves claims which are exempt from the requirements of FRCP

26   _____

[1]Initial Disclosures are <u>not</u> to be filed.

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

26(a) and 26(f), please notify Judge Evanson's Courtroom Deputy at

KKEcrd@wawd.uscourts.gov.

## II. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the beginning of the case, and a copy is delivered by the clerk to counsel for Plaintiff (or Plaintiff, if *pro se*) and any defendants who have appeared. Plaintiff's counsel (or Plaintiff, if *pro se*) must serve copies of this Order on all parties who appear after this Order is filed. Service must occur within 10 days after each appearance. Plaintiff's counsel (or Plaintiff, if *pro se*), is responsible for starting the communications needed to comply with this Order.

## III. PROCEDURAL INFORMATION

All counsel and unrepresented parties must review and abide by the applicable Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, and Judge Evanson's Chambers Procedures for Civil Cases, which can be found on the Court's website at https://www.wawd.uscourts.gov. Failure to follow the Local Rules and General Orders may result in sanctions.

## IV. CHAMBERS PROCEDURES

A.      *Communications With Chambers*

Parties should direct inquiries to Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov. All parties must be copied on emails when communicating with the Courtroom Deputy. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under Local Rules W.D. Wash. 7(b)(5) or settlement are strongly discouraged.

B.      *Courtesy Copies*

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court

1   request. If a party believes that courtesy copies may be helpful, such as for complex

2   graphs or images best viewed in color, the party may submit a courtesy copy to chambers

3   for the Court's ease of reference. The courtesy copy must be the version of the

4   document with the header generated by CM/ECF, as this header includes important

5   information (*i.e.*, case number, document number, page number, date filed, etc.).

6   Courtesy copies shall be printed double−sided. Courtesy copies should be three−hole

7   punched, tabbed, and placed in a binder or otherwise bound.

8       C.      *Cross−Motions*

9       The Court encourages parties filing cross−motions to agree to an alternate

10  briefing schedule allowing for four briefs (one cross−motion, second

11  cross−motion/opposition, opposition/reply, and reply) rather than a full six briefs

12  (motion, opposition, and reply for each cross−motion). If the parties can reach an

13  agreement on such a schedule and any necessary adjustments to the page/word limits,

14  they shall submit a stipulated motion and proposed order for the Court's approval.

15      D.      *Discovery Disputes*[2]

16      As required by LCR 37(a), all discovery matters are to be resolved by

17  agreement if possible. If agreement is not possible, prior to the filing of any

18  discovery motions, the Court directs the parties to request a conference with the

19  Court. *See* FRCP 16(b)(3). The moving party must submit a joint statment to

20  the Court briefly identifying the issue(s) in dispute. The joint statement shall be

21  no more than three pages and shall be filed via CM/ECF. Thereafter, the moving party

22  should contact Judge Evanson's Courtroom Deputy at

23  KKEcrd@wawd.uscourts.gov to schedule a conference.

24  _____

25  [2] Matters where a party is proceeding *pro se* are exempted from this procedure. In those
    cases, parties may file discovery motions directly and note them according to Local
26  Rules W.D. Wash. LCR 7(d).

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 3

1    E.    In Camera *Review*

2    If the Court orders a party to submit documents for *in camera* review, the party

3    shall email an electronic copy of the documents to Judge Evanson's Courtroom Deputy at

4    KKEcrd@wawd.uscourts.gov. The party shall also deliver a physical copy of the

5    documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing

6    on the docket.

7    F.    *Privacy*

8    Pursuant to LCR 5.2(a), all parties shall refrain from including, or shall partially

9    redact where inclusion is necessary, the following personal data identifiers from all

10    documents filed with the Court or used as exhibits in any hearing or at trial, unless

11    otherwise ordered by the Court:

12    • Dates of Birth – redact to the year of birth, unless deceased.

13    • Names of Minor Children – redact to the initials, unless deceased or

14    currently over the age of 18.

15    • Social Security or Taxpayer Identification Numbers – redact in their entirety.

16    • Financial Accounting Information – redact to the last four digits.

17    • Passport Numbers and Driver License Numbers – redact in their entirety.

18    Parties in social security appeals and immigration cases shall comply with LCR

19    5.2(c).

20    G.    *Oral Arguments*

21    The Court will generally grant requests for oral argument and will also generally

22    grant requests for status or scheduling conferences. While the Court prefers to hold

23    arguments in person, particularly on dispositive motions, the Court will consider requests

24    for remote hearings. When the Court sets an oral argument on a pending motion, the

25    Court will renote the motion for the day of the argument.

26    The Court also encourages opportunities for junior attorneys and Rule 9 licensed

1  legal interns to appear and to argue in Court, accompanied and supervised by a more

2  experienced attorney. Requests for leave for Rule 9 interns to argue in Court will be

3  freely granted, and the Court will permit multiple attorneys to argue for one party if this

4  creates an opportunity for junior attorneys to participate.

5      All requests pertaining to oral argument should be submitted via email to

6  Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

7      H.      *Stipulated Extensions of Deadlines*

8      Please contact Judge Evanson's Courtroom Deputy at

9  KKEcrd@wawd.uscourts.gov before requesting a continuance of a trial

10  date to a future date certain, to ensure the Court's availability. After the parties obtain an

11  approved new trial date from Ms. Staples, the parties may file a stipulated motion for a

12  continuance. If the Court grants the stipulated motion for a continuance, it will issue

13  an amended case schedule using its standard offset dates (detailed in the Chambers

14  Procedures for Civil Cases document on the docket). If any of the deadlines in the

15  amended case schedule cause an irreconcilable conflict, the parties may request

16  amendment within 14 days after the amended case schedule is entered.

17      I.      *Motions in Limine*[3]

18      All motions in limine shall be submitted in a joint brief that: (1) contains an

19  introductory statement summarizing the case and the context for any disputes, with

20  each side drafting its own statement if they cannot agree; and (2) presents each motion

21  under a separate heading, below which the moving party will state its position and

22  supporting legal authority, and the opposing party will do the same below that. Any

23  agreed motions shall be noted as such. The joint brief must not exceed 12,600 words,

24  _____

25  [3] Matters where a party is proceeding *pro se* are exempted from this procedure. In those cases, parties shall file motions in limine according to the briefing schedule set forth in Local Rules W.D. Wash. LCR 7(d).

26

1  excluding caption, date line, and signature block, with each party contributing no more

2  than 6,300 words. Each party may submit a declaration with the joint brief, as necessary.

3                    **V. JOINT STATUS REPORT & DISCOVERY PLAN**

4         All counsel and any pro se parties are directed to confer and provide the Court with

5  a combined Joint Status Report and Discovery Plan (the "Report") by October 31,

6  2025. This conference shall be by direct and personal communication, whether that be

7  an in−person or virtual face−to−face meeting or a telephonic conference. Conferring by

8  email is not sufficient. The Report will be used to set a schedule for the prompt

9  completion of the case. It must contain the following information by corresponding

10  paragraph numbers:

11       1.   A statement of the nature and complexity of the case.

12       2.   A proposed deadline for joining additional parties.

13       3.   The parties have the right to consent to assignment of this case to a full time

14  United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Magistrate

15  Judge Rule 13, to conduct all proceedings. The Western District of Washington assigns a

16  wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have

17  significant experience in all types of civil matters filed in our court. Additional

18  information about our district's Magistrate Judges can be found at

19  https://www.wawd.uscourts.gov. The parties should indicate whether they agree that

20  the Honorable S. Kate Vaughan may conduct all proceedings including trial and

21  the entry of judgment. When responding to this question, the parties should only respond

22  "yes" or "no." Individual party responses should not be provided. A "yes" response

23  should be indicated only if all parties consent. Otherwise, a "no" response should be

24  provided.

25       4.   A discovery plan that states, by corresponding paragraph letters (A, B, etc.),

26  the parties' views and proposals on all items set forth in FRCP 26(f)(3) and Local Civil

Rule 26(f)(1), which includes the following topics:

>(A) prompt case resolution;

>(B) alternative dispute resolution;

>(C) related cases;

>(D) initial disclosures;

>(E) subjects, timing, and potential phasing of discovery;

>(F) electronically stored information (the Court expects the parties to work cooperatively on ESI search terms and protocols and to disclose to each other the search terms and protocols used in responding to discovery);

>(G) privilege issues;

>(H) proposed limitations on discovery;

>(I) the need for any discovery–related orders; and

>(J) pahasing of any motion on dispositive issues.

5.   The date by which discovery can be completed.

6.   Whether the case should be bifurcated (*e.g.,* by trying the liability issues before the damage issues, or bifurcated in any other way).

7.   Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

8.   Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

9.   Any other suggestions for shortening or simplifying the case.

10.   The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11.   Whether the trial will be jury or non–jury.

1    12.   The number of trial days required.

2    13.   The names, addresses, and telephone numbers of all trial counsel.

3    14.   The dates on which trial counsel may have complications to be considered in

4    setting a trial date.

5    15.   If, on the due date of the Report, all defendant(s) or respondent(s) have not

6    been served, counsel for plaintiff shall advise the Court when service will be effected,

7    why it was not made earlier, and shall provide a proposed schedule for the required

8    FRCP 26(f) conference and FRCP 26(a) initial disclosures.

9    16.   If the Court elects to set a scheduling conference in this case before issuing

10   a case schedule, please advise as to issues any party would address at such a conference.

11   17.   The date(s) that each nongovernmental corporate party filed its disclosure

12   statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

13   18.   A certification that all counsel and any *pro se* parties have reviewed the

14   Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge

15   Evanson's Chambers Procedures for Civil Cases.

16   19.   A certification that all counsel and any *pro se* parties have reviewed and

17   complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and

18   Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

19      If the parties are unable to agree on any part of the Report, they may answer in

20   separate paragraphs. No separate reports are to be filed. If the parties wish to have a

21   status conference with the Court at any time during the pendency of this action, they

22   should notify Courtroom Judge Evanson's Courtroom Deputy at

23   KKEcrd@wawd.uscourts.gov.

24   **VII. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION**

25      If settlement is achieved, counsel shall immediately notify Judge Evanson's

26   Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

1    The parties are responsible for complying with the terms of this Order. The Court

2  may impose sanctions on any party who fails to comply fully with this Order.

3    Dated this 21st day of October 2025.

Honorable Kymberly K. Evanson
United States District Judge