Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

                                   Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al.*,

                                   Defendants.

CASE NO.  C25-1228-KKE

**ANSWER**

Defendants Linda McMahon, in her official capacity, and the United States Department of Education, by their attorneys, Charles Neil Floyd, United States Attorney, and Brian C. Kipnis, Assistant United States Attorney, for the Western District of Washington, answer the Complaint for Injunctive and Declaratory Relief filed herein on behalf of Plaintiffs the States of Washington, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, New Mexico, New York, Nevada, Oregon, Rhode Island, Wisconsin, the Commonwealth of Massachusetts, and the People of the State of Michigan (hereafter collectively referred to as "Plaintiffs"), as follows:

1.      Answering the second sentence of paragraph 1 of the Complaint, Defendants admit that they have awarded grants of federal funds through its Mental Health Service Professional Demonstration Grant Program (MHSP) and its School-Based Mental Health Services Grant Program (SBMH).  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

2.      Answering the allegations contained in paragraph 2 of the Complaint, Defendants admit the allegations of paragraph 2 of the Complaint to the extent they accurately reflect the purposes and goals of Congress in funding the MHSP and SBMH programs and deny the allegations of paragraph 2 of the Complaint to the extent they inaccurately reflect the purposes and goals of Congress in funding the MHSP and SBMH programs.

3.      Defendants admit the allegations contained in the first and third sentences of paragraph 3 of the Complaint.  Answering the allegations contained in the second sentence of paragraph 3 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in the second sentence of paragraph 3 of the Complaint and on that basis deny each and every allegation contained in the second sentence of paragraph 3 of the Complaint.

4.      Answering the allegations contained in paragraph 4 of the Complaint, Defendants admit that it approves multi-year grants for a possible duration of no more than five years with grantees required to requalify for an extension of their grant each and every year of the grant. Defendants further admit that among other factors required for requalification Defendants could consider the grantee's performance during prior years of the grant.  Defendants affirmatively allege that a separate and independent requirement for requalification under the Department's regulation is that the grantee receive a determination from the Secretary that continuation of the project is in the best interest of the Federal Government.  Except as expressly admitted or affirmatively alleged, Defendants deny each and every allegation contained in paragraph 4 of the Complaint.

5.      Answering the allegations contained in paragraph 5 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 5 of the Complaint and on that basis deny each and every allegation contained in paragraph 5 of the Complaint.

6.      Answering the allegations contained in paragraph 6 of the Complaint, Defendants admit that in April 2025, certain grant recipients were informed that their grants would not be renewed for continuation in the next fiscal year.  Defendants further admit that, among other things, discontinued grantees were informed that their grants conflicted with the Administration's priorities

as specified in the Notices of Non-Continuation of Grant Award that they received. Defendants further admit that applications for new grants will be evaluated based on, among other factors, "merit, fairness, and excellence in education." Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 6 of the Complaint.

7.      Answering the allegations contained in paragraph 7 of the Complaint, Defendants deny the allegations contained in paragraph 7 of the Complaint. Defendants affirmatively allege that the "Notice of Non-Continuation of Grant Award" informed the discontinued grantees that:

> Continuation requires "a determination from the Secretary that continuation of the project is in the best interest of the Federal Government." [ ] The Department has undertaken a review of grants and determined that the grant specified above provides funding that for programs that reflect the prior Administration's priorities and policy preferences and conflict with those of the current Administration, in that the programs: violate the letter or purpose of Federal civil rights law; conflict with the Department's policy of prioritizing merit, fairness and excellence in education; undermine the well-being of the students these programs are intended to help; or constitute an inappropriate use of federal funds. The grant is therefore inconsistent with, and no longer effectuates, the best interest of the Federal government and will not be continued.

8.      Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      Answering the allegations contained in the first sentence of paragraph 9 of the Complaint, Defendants deny the allegations contained in the first sentence of paragraph 9 of the Complaint. Answering the allegations contained in the second sentence of paragraph 9 of the Complaint, Defendants admit that each discontinued grantee received the same explanation as to why it was determined that its grant was being discontinued. Answering the allegations contained in the third sentence of paragraph 9 of the Complaint, Defendants admit the allegations to the extent they are consistent with the terms of the discontinuation notices and deny the allegations to the extent they are inconsistent with the terms of the discontinuation notices and affirmatively allege that a more detailed discussion of the reasons for the discontinuation of a grant is not a requirement of either the MHSP or SBMH programs. Answering the allegations contained in the fourth sentence of paragraph 9 of the Complaint, Defendants admit the notices provided a list of reasons for Defendants' conclusion that Plaintiffs' projects were not in the best interest of the Federal Government. Answering the allegations contained in the fifth sentence of paragraph 9 of the

Complaint, Defendants affirmatively allege that they lack sufficient information and belief to respond to the allegation contained in the fifth sentence of paragraph 9 of the Complaint and on that basis deny each and every allegation contained in the fifth sentence of paragraph 9 of the Complaint.

10. Defendants deny each and every allegation contained in the first and second sentence of paragraph 10 of the Complaint. Answering the allegations contained in the third sentence of paragraph 10 of the Complaint, Defendants admit the allegations to the extent they are consistent with the cited authorities and denies the allegation to the extent they are inconsistent with the cited authorities.

11. Answering the allegation contained in the first sentence of paragraph 11 of the Complaint, Defendants admit the allegation contained in the first sentence of paragraph 11 of the Complaint. Answering the allegations contained in the second and third sentences of paragraph 11 of the Complaint, Defendants admit the allegations contained in the second and third sentences of paragraph 11 of the Complaint to the extent they are consistent with the cited authorities and deny the allegations contained in the second and third sentences of paragraph 11 of the Complaint to the extent they are inconsistent with the cited authorities.

12. Answering the allegation contained in the first sentence of paragraph 12 of the Complaint, Defendants admit that they determined that continuation of certain MHSP and SBMH program grants were not in the best interest of the Federal Government. Defendants affirmatively allege that while a determination that the continuation of a certain MHSP and SBMH program grant is not in the best interest of the Federal Government may be based in whole or in part on grantee performance, it is a separate and independent ground for non-continuance that can be made without any consideration of grantee performance. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

13. Answering the allegations contained in the first and third sentences of paragraph 13 of the Complaint, Defendants deny each and every allegation contained in the first and third sentences of paragraph 13 of the Complaint. Answering the allegations contained in the second sentence of paragraph 13 of the Complaint, Defendants admit the allegations contained in the second sentence of paragraph 13 of the Complaint to the extent they are consistent with the cited authorities

ANSWER - 4
(Case No. C25-1228-KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

and deny the allegations contained in the second sentence of paragraph 13 of the Complaint to the extent they are inconsistent with the cited authorities.

14.    Answering the allegations contained in the first sentence of paragraph 14 of the Complaint, Defendants deny each and every allegation contained in the first sentence of paragraph 14 of the Complaint.  Answering the allegations contained in the second and third sentences of paragraph 14 of the Complaint, Defendants admit the allegations contained in the second and third sentences of paragraph 14 of the Complaint to the extent they are consistent with the cited authorities and deny the allegations contained in the second and third sentences of paragraph 14 of the Complaint to the extent they are inconsistent with the cited authorities. Answering the allegations contained in the fourth sentence of paragraph 14 of the Complaint, Defendants admit the allegations contained in the fourth sentence of paragraph 14 of the Complaint to the extent they accurately reflect what Defendants have stated in media comments and deny the allegations contained in the fourth sentence of paragraph 14 of the Complaint to the extent they inaccurately reflect what Defendants have stated in media comments.  Answering the allegations contained in the fifth sentence of paragraph 14 of the Complaint, Defendants deny each and every allegation contained in the fifth sentence of paragraph 14 of the Complaint.

15.    Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16.    Answering the allegations contained in paragraph 16 of the Complaint, Defendants affirmatively allege that they lack sufficient information and belief to respond to the allegations contained in paragraph 16 of the Complaint and on that basis deny each and every allegation contained in paragraph 16 of the Complaint.

17.    Paragraph 17 of the Complaint does not contain allegations of fact but instead contains a description of the kinds of relief the Plaintiffs hope the Court will award them in this action to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek, as described in paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint does not contain allegations of fact but instead contains a statement of purported subject matter jurisdiction in this Court over the claims asserted by

the Plaintiffs in their Complaint, to which no response is required.  To the extent a response is required, Defendants deny that this Court has subject matter jurisdiction over the claims alleged by Plaintiffs in their Complaint on the grounds alleged in paragraph 18 of the Complaint or any other grounds.

19.    Paragraph 19 of the Complaint does not contain allegations of fact but instead contains a statement that Plaintiffs are entitled to declaratory relief in this action, to which no response is required.  To the extent a response is required, Defendants deny that this Court has subject matter jurisdiction to grant declaratory relief or any other form of relief to Plaintiffs on the basis of the claims alleged by them in their Complaint.

20.    Defendants admit that venue in the Western District of Washington is appropriate.

21.    Answering the allegations contained in the first sentence of paragraph 21 of the Complaint, Defendants admit that Washington is one of fifty states comprising the United States of America.   Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 21 of the Complaint and on that basis deny each and every allegation contained in paragraph 21 of the Complaint.

22.    Answering the allegations contained in the first sentence of paragraph 22 of the Complaint, Defendants admit that California is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 22 of the Complaint and on that basis deny each and every allegation contained in paragraph 22 of the Complaint.

23.    Answering the allegations contained in the first sentence of paragraph 23 of the Complaint, Defendants admit that Colorado is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 23 of the Complaint and on that basis deny each and every allegation contained in paragraph 23 of the Complaint.

24.    Answering the allegations contained in the first sentence of paragraph 24 of the Complaint, Defendants admit that Connecticut is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

information or belief to answer the allegations contained in paragraph 24 of the Complaint and on that basis deny each and every allegation contained in paragraph 24 of the Complaint.

25.    Answering the allegations contained in the first sentence of paragraph 25 of the Complaint, Defendants admit that Delaware is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 25 of the Complaint and on that basis deny each and every allegation contained in paragraph 25 of the Complaint.

26.    Answering the allegations contained in the first sentence of paragraph 26 of the Complaint, Defendants admit that Illinois is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 26 of the Complaint and on that basis deny each and every allegation contained in paragraph 26 of the Complaint.

27.    Answering the allegations contained in the first sentence of paragraph 27 of the Complaint, Defendants admit that Maine is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 27 of the Complaint and on that basis deny each and every allegation contained in paragraph 27 of the Complaint.

28.    Answering the allegations contained in the first sentence of paragraph 28 of the Complaint, Defendants admit that Maryland is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 28 of the Complaint and on that basis deny each and every allegation contained in paragraph 28 of the Complaint.

29.    Answering the allegations contained in the first sentence of paragraph 29 of the Complaint, Defendants admit that Massachusetts is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 29 of the Complaint and on that basis deny each and every allegation contained in paragraph 29 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

30.     Answering the allegations contained in the first sentence of paragraph 30 of the Complaint, Defendants admit that Michigan is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 30 of the Complaint and on that basis deny each and every allegation contained in paragraph 30 of the Complaint.

31.     Answering the allegations contained in the first sentence of paragraph 31 of the Complaint, Defendants admit that New Mexico is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 31 of the Complaint and on that basis deny each and every allegation contained in paragraph 31 of the Complaint.

32.     Answering the allegations contained in the first sentence of paragraph 32 of the Complaint, Defendants admit that New York is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 32 of the Complaint and on that basis deny each and every allegation contained in paragraph 32 of the Complaint.

33.     Answering the allegations contained in the first sentence of paragraph 33 of the Complaint, Defendants admit that Nevada is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 33 of the Complaint and on that basis deny each and every allegation contained in paragraph 33 of the Complaint.

34.     Answering the allegations contained in the first sentence of paragraph 34 of the Complaint, Defendants admit that Oregon is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 34 of the Complaint and on that basis deny each and every allegation contained in paragraph 34 of the Complaint.

35.     Answering the allegations contained in the first sentence of paragraph 35 of the Complaint, Defendants admit that Rhode Island is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

information or belief to answer the allegations contained in paragraph 35 of the Complaint and on that basis deny each and every allegation contained in paragraph 35 of the Complaint.

36.    Answering the allegations contained in the first sentence of paragraph 36 of the Complaint, Defendants admit that Wisconsin is one of fifty states comprising the United States of America.  Except as expressly admitted, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 36 of the Complaint and on that basis deny each and every allegation contained in paragraph 36 of the Complaint.

37.    Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.    Defendants admit the allegations contained in paragraph 38 of the Complaint.

39.    Answering the allegation contained in paragraph 39 of the Complaint, Defendants admit the allegation to the extent that it is an accurate statement of the impetus for the Congressional action and deny the allegation contained in paragraph 39 of the Complaint to the extent it is an inaccurate statement of the impetus for the Congressional action.

40.    Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.    Answering the allegation in the first sentence of paragraph 41 of the Complaint, Defendants admit that Congress used its National Activities for School Safety, Elementary and Secondary Education Act, 20 U.S.C. § 7281(a)(1)(B), authorization to create the MHSP and appropriate it $10 million.  Answering the allegation contained in the second sentence of paragraph 41 of the Complaint, Defendants admit the allegation to the extent it is an accurate quotation of H.R. Rep. No. 115-952 (2018) and deny the allegation to the extent it is an inaccurate quotation of H.R. Rep. No. 115-952 (2018).  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 41 of the Complaint.

42.    Defendants admit the allegation contained in the first sentence of paragraph 42 of the Complaint.  Answering the allegations contained in the second and third sentences of paragraph 42 of the Complaint, Defendants admit the allegations to the extent they are consistent with the cited final report and deny the allegations to the extent they are inconsistent with the cited final report.

43.    Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.    Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.    Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.    Answering the allegation contained in paragraph 46 of the Complaint, Defendants admit that on May 24, 2022, a former student shot and killed 19 students and 2 teachers at the Robb Elementary School in Uvalde, Texas.

47.    Answering the allegation contained in the first sentence of paragraph 47 of the Complaint, Defendants admit the allegation to the extent it accurately describes the events that prompted Congress to take the described actions and deny the allegation to the extent it inaccurately describes the events that prompted Congress to take the described actions.  is an accurate quotation of H.R. Rep. No. 115-952 (2018) and deny the allegation to the extent it is an inaccurate quotation of H.R. Rep. No. 115-952 (2018).  Answering the allegations contained in the second and third sentences of paragraph 47 of the Complaint, Defendants admit the allegations to the extent they accurately describe the Bipartisan Safer Communities Act, Pub. L. No. 117-159, and deny the allegations to the extent they inaccurately describe the Bipartisan Safer Communities Act, Pub. L. No. 117-159.

48.    Answering the allegations contained in paragraph 48 of the Complaint, Defendants admit the allegations to the extent they accurately describe statements made by "Republican champions" of the Bipartisan Safer Communities Act, Pub. L. No. 117-159, and deny the allegations to the extent they inaccurately describe statements made by "Republican champions" of the Bipartisan Safer Communities Act, Pub. L. No. 117-159.

49.    Defendants admit the allegations contained in the first sentence of paragraph 49 of the Complaint, insofar as MHSP and SBMH are "applicable programs" under the General Education Provisions Act (GEPA), and subject to 20 U.S.C. §1228a(b).  Answering the allegations contained in the second sentence of paragraph 49 of the Complaint, Defendants admit the allegation to the extent it is an accurate quotation of 20 U.S.C. §1228a(b) and deny the allegation to the extent it is an inaccurate quotation of 20 U.S.C. §1228a(b). Defendants deny the allegation contained in the third sentence of paragraph 49 of the Complaint.

50.    Defendants admit the allegations contained in paragraph 50 of the Complaint.

51.    Defendants admit the allegations contained in paragraph 51 of the Complaint.

52.     Answering the allegations contained in the first sentence of paragraph 52 of the Complaint, Defendants deny the allegations contained in the first sentence of paragraph 52 of the Complaint.  Answering the allegations contained in the second and third sentences of paragraph 52 of the Complaint, Defendants admit the allegations contained in the second and third sentences of paragraph 52 of the Complaint.

53.     Answering the allegations contained in paragraph 53 of the Complaint, Defendants admit that the selection procedures for the Department's decision of whether to continue multi-year grants is different from its process for awarding new grants.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 53 of the Complaint.

54.     Answering the allegations contained in paragraph 54 of the Complaint, Defendants admit the allegation to the extent it is consistent with 34 C.F.R. § 75.251 (2024) and deny the allegation to the extent it is inconsistent with 34 C.F.R. § 75.251 (2024).

55.     Defendants admit the allegations contained in the first sentence of paragraph 55 of the Complaint.  Answering the remaining allegations in paragraph 55 of the Complaint, Defendants admit that grantee performance may be considered in a decision whether to continue a multi-year grant and affirmatively allege that a grant may be discontinued on grounds independent of employee performance, including whether the Secretary make a determination that continuation is in the best interest of the Federal Government.  Except as expressly admitted, Defendants deny each and every allegation set forth in paragraph 55 of the Complaint.

56.     Answering the allegations contained in paragraph 56 of the Complaint, Defendants admit that multi-year grantees do not have to compete with other applicants to receive a continuation award.  Except as expressly admitted, Defendants deny each and every allegation set forth in paragraph 56 of the Complaint.

57.     Answering the allegations contained in the first sentence of paragraph 57 of the Complaint, Defendants admit the allegation to the extent it is consistent with what is said in 59 Fed. Reg. 30,259 (June 10, 1994) and deny the allegation to the extent it is inconsistent with what is said in 59 Fed. Reg. 30,259 (June 10, 1994).  Answering the allegations contained in the second sentence of paragraph 57 of the Complaint, Defendants admit the allegation to the extent it is consistent with

what is said in 89 Fed. Reg. 70,316 (Aug. 29, 2024) and deny the allegations to the extent it is inconsistent with what is said in 89 Fed. Reg. 70,316 (Aug. 29, 2024).

58.    Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.    Answering the allegations contained in the first sentence of paragraph 59 of the Complaint, Defendants admit that the Department of Education published a notice inviting applications for the first MHSP grant competition on June 21, 2019.  Answering the remaining allegations in paragraph 59 of the Complaint, Defendants admit the allegations to the extent they are consistent with what is said in 84 Fed. Reg. 29,180 (June 21, 2019) and deny the allegations to the extent they are inconsistent with what is said in 84 Fed. Reg. 29,180 (June 21, 2019).

60.    Answering the allegations contained in the first sentence of paragraph 60 of the Complaint, Defendants admit that in 2022 the Department published a set of priorities for the MHSP program.  Answering the remaining allegations in paragraph 60 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 47,165 (Aug. 2, 2022) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 47,165 (Aug. 2, 2022).  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61.    Answering the allegations contained in paragraph 61 of the Complaint, Defendants admit the allegations to the extent they are consistent with what is said in 87 Fed. Reg. 60,083 (Oct. 4, 2022) and deny the allegations to the extent they are inconsistent with what is said in 87 Fed. Reg. 60,083 (Oct. 4, 2022).

62.    Answering the allegations contained in the first and second sentences of paragraph 62 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 60,144 (Oct. 4, 2022) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 60,144 (Oct. 4, 2022).  Answering the allegations contained in the third sentence of paragraph 62 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 72,976 (Nov. 28, 2022) and 89 Fed. Reg. 15,180 (Mar. 1, 2024) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 72,976 (Nov. 28, 2022) and 89 Fed. Reg. 15,180 (Mar. 1, 2024).

63.     Answering the allegations contained in the first sentence of paragraph 63 of the Complaint, Defendants admit the allegations to the extent they are consistent with 85 Fed. Reg. 32,025 (May 28, 2020) and deny the allegations to the extent they are inconsistent with 85 Fed. Reg. 32,025 (May 28, 2020).  Answering the allegations contained in the second sentence of paragraph 63 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 63 of the Complaint and on that basis deny each and every allegation contained in paragraph 63 of the Complaint.

64.     Defendants admit the allegation contained in the first sentence of paragraph 64 of the Complaint.  Answering the allegations contained in the second sentence of paragraph 64 of the Complaint, Defendants admit the Department used the rulemaking process to set priorities for SBMH competitions.  Answering the allegations contained in the third sentence of paragraph 64 of the Complaint, Defendants admit the allegations to the extent it accurately quotes 87 Fed. Reg. 47,152 (Aug. 2, 2022) and denies the allegation to the extent it inaccurately quotes 87 Fed. Reg. 47,152 (Aug. 2, 2022). Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65.     Answering the allegations contained in paragraph 65 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 60,092, 60,097 (Oct. 4, 2022) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 60,092, 60,097 (Oct. 4, 2022).

66.     Answering the allegations contained in the first sentence of paragraph 66 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 60,137–39 (Oct. 4, 2022) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 60,137–39 (Oct. 4, 2022).  Answering the allegations contained in the second sentence of paragraph 66 of the Complaint, Defendants admit the allegations to the extent they are consistent with 89 Fed. Reg. 15,173 (Mar. 1, 2024) and deny the allegations to the extent they are inconsistent with 89 Fed. Reg. 15,173 (Mar. 1, 2024).

67.     Defendants deny each and every allegation contained in paragraph 67 of the Complaint.

68.     Answering the allegations contained in paragraph 68 of the Complaint, Defendants admit that they have has awarded numerous MHSP and SBMH grants.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

69.     Answering the allegations contained in paragraph 69 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 69 of the Complaint and on that basis deny each and every allegation contained in paragraph 69 of the Complaint.

70.     Answering the allegations contained in the first sentence of paragraph 70 of the Complaint, Defendants admit the Department awarded a five-year SBMH grant beginning on January 1, 2023, to non-plaintiff Educational Service District 189 (NWESD).  Answering the remaining allegations in paragraph 70 of the Complaint, Defendants admit the allegations to the extent they are consistent with non-plaintiff NWESD's grant application and deny the allegations to the extent they are inconsistent with non-plaintiff NWESD's grant application.

71     Answering the allegations contained in paragraph 71 of the Complaint, Defendants admit the allegations to the extent they are consistent with non-plaintiff NWESD's grant application and deny the allegations to the extent they are inconsistent with non-plaintiff NWESD's grant application.

72.     Answering the allegations contained in paragraph 72 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 72 of the Complaint and on that basis deny each and every allegation contained in paragraph 72 of the Complaint.

73.     Answering the allegations contained in paragraph 73 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 73 of the Complaint and on that basis deny each and every allegation contained in paragraph 73 of the Complaint.

74.     Answering the allegations contained in the first sentence of paragraph 74 of the Complaint, Defendants admit the Department awarded a five-year MHSP grant beginning on January 1, 2023, to the University of Washington SMART Center for its Workforce for Student

Well-Being Initiative (WSW).  Answering the remaining allegations in paragraph 74 of the Complaint, Defendants admit the allegations to the extent they are consistent with the University of Washington SMART Center's grant application and deny the allegations to the extent they are inconsistent with the University of Washington SMART Center's grant application.

75.    Answering the allegations contained in paragraph 75 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 75 of the Complaint and on that basis deny each and every allegation contained in paragraph 75 of the Complaint.

76.    Answering the allegations contained in paragraph 76 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 76 of the Complaint and on that basis deny each and every allegation contained in paragraph 76 of the Complaint.

77.    Answering the allegations contained in paragraph 77 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 77 of the Complaint and on that basis deny each and every allegation contained in paragraph 77 of the Complaint.

78.    Answering the allegations contained in the first sentence of paragraph 78 of the Complaint, Defendants admit the Department awarded a five-year MHSP grant beginning on January 1, 2023, to the Michigan Department of Education.  Answering the remaining allegations in paragraph 78 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 78 of the Complaint and on that basis deny each and every allegation contained in paragraph 78 of the Complaint.

79.    Answering the allegations contained in paragraph 79 of the Complaint, Defendants admit the allegations of statements made in NASP, *The Impact of Federal Support for School Mental Health Services* (May 8, 2025) to the extent they are consistent with statements made in  NASP, *The Impact of Federal Support for School Mental Health Services* (May 8, 2025) and deny the allegations to the extent they are inconsistent with statements made in NASP, *The Impact of Federal Support for School Mental Health Services* (May 8, 2025).

80.     Answering the allegations contained in paragraph 80 of the Complaint, Defendants admit that in April 2025, some MHSP and SBMH grantees were sent notices notifying them that their grants would not be continued after December 31, 2025.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Answering the allegations contained in the first sentence of paragraph 81 of the Complaint, Defendants admit that on April 29, 2025, a notification was sent to members of Congress notifying them of the discontinuances of MHSP and SBMH grants.  Answering the remaining allegations contained in paragraph 81 of the Complaint, Defendants admit the allegations as to the contents of the message to members of Congress insofar as they are consistent with the contents of the message to members of Congress and deny the remaining allegations insofar as they are inconsistent with the contents of the message to members of Congress.

82.     Answering the allegations contained in the first and second sentences of paragraph 82 of the Complaint, Defendants deny the allegations contained in the first and second sentences of paragraph 82 of the Complaint.  Answering the allegation contained in the third sentence of paragraph 82 of the Complaint, Defendants admit the allegations to the extent they are consistent with 87 Fed. Reg. 60,083 (Oct. 4, 2022) and deny the allegations to the extent they are inconsistent with 87 Fed. Reg. 60,083 (Oct. 4, 2022).

83.     Defendants deny the allegations contained in the first sentence of paragraph 83 of the Complaint.  Answering the allegation contained in the second sentence of paragraph 83 of the Complaint, Defendants admit the allegations as to the content of the media report to the extent they are consistent with what was said in the media report and deny the allegations to the extent they are inconsistent with what was said in the media report.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 83 of the Complaint.

84.     Defendants admit the allegations contained in paragraph 84 of the Complaint.

85.     Answering the allegations contained in paragraph 85 of the Complaint, Defendants admit that the MHSP and SMBH programs arose amid public concerns about school shootings. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 85 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

86.     Defendants admit that in response to the discontinuance of grants, some grantees may have to lay off some employees.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 86 of the Complaint.

87.     Defendants admit that in response to the discontinuance of grants, some grantees may have to cut financial assistance to some graduate students.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 87 of the Complaint.

88.     Answering the allegations contained in paragraph 88 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 88 of the Complaint and on that basis deny each and every allegation contained in paragraph 88 of the Complaint.

89.     Answering the allegations contained in the first sentence of paragraph 89 of the Complaint, Defendants admit that it decided to discontinue its SBMH grant agreement with Madera County.  Answering the remaining allegations contained in paragraph 89 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the remaining allegations contained in paragraph 89 of the Complaint and on that basis deny each and every remaining allegation contained in paragraph 89 of the Complaint.

90.     Answering the allegations contained in paragraph 90 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 90 of the Complaint and on that basis deny each and every allegation contained in paragraph 90 of the Complaint.

91.     Answering the allegations contained in paragraph 91 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 91 of the Complaint and on that basis deny each and every allegation contained in paragraph 91 of the Complaint.

92.     Answering the allegations contained in paragraph 92 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the allegations contained in paragraph 92 of the Complaint and on that basis deny each and every allegation contained in paragraph 92 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

93.     Answering the allegation contained in the first sentence of paragraph 93 of the Complaint, Defendants admit that on March 30, 2023, the Department awarded Oregon State University a grant for "Promoting and Advancing Training of High Desert School Counselors (PATHSC)," Award No. S184X230055.  Answering the allegation contained in the second and third sentences of paragraph 93 of the Complaint, Defendants admit the statements to the extent they are consistent with statements made in the referenced application and deny the statements to the extent they are inconsistent with statements made in the referenced application.  Answering the remaining allegations contained in paragraph 93 of the Complaint, Defendants affirmatively allege that they lack sufficient information or belief to answer the remaining allegations contained in paragraph 93 of the Complaint and on that basis deny each and every remaining allegation contained in paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation contained in paragraph 94 of the Complaint.

95.     Answering paragraph 95 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 94 of the Complaint as if fully restated here as answer to paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law contained in paragraph 96 of the Complaint.

97.     Defendants admit that the United States Department of Education is an "agency" within the meaning of 5 U.S.C. § 551(1).  Except as expressly admitted, Defendant deny each and every allegation contained in paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law contained in paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law contained in paragraph 99 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

100.    Defendants deny each and every allegation contained in paragraph 100 of the Complaint.

101.    Defendants deny each and every allegation contained in paragraph 101 of the Complaint.

102.    Defendants deny each and every allegation contained in paragraph 102 of the Complaint.

103.    Defendants deny each and every allegation contained in paragraph 103 of the Complaint.

104.    Defendants deny each and every allegation contained in paragraph 104 of the Complaint and affirmatively allege that the reliance of any grantee was not reasonable.

105.    Answering the allegations alleged in paragraph 105 of the Complaint, Defendants deny that they were legally required to take into account the reliance interest of any participant in the continuation of any discontinued grant and affirmatively allege that the reliance of any such participant was not reasonable.

106.    Defendants deny each and every allegation contained in paragraph 106 of the Complaint.

107.    Defendants deny each and every allegation contained in paragraph 107 of the Complaint.

108.    Answering paragraph 108 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 107 of the Complaint as if fully restated here as their answer to paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegation contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegation contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegation contained in paragraph 112 of the Complaint.

113.    Defendants deny the allegation contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegation contained in paragraph 114 of the Complaint.

115.    Defendants deny the allegation contained in paragraph 115 of the Complaint.

116.    Answering paragraph 116 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 115 of the Complaint as if fully restated here as their answer to paragraph 116 of the Complaint.

117.    Defendants deny the allegation contained in paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Answering paragraph 121 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 120 of the Complaint as if fully restated here as their answer to paragraph 121 of the Complaint.

122.    Paragraph 122 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the conclusion of law contained in paragraph 122 of the Complaint.

123.    Paragraph 123 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  If a response is required Defendants admit that the allegation reflects the contents of the cited case to the extent the quoted language is accurate and contained in the Court's opinion and denies that the quoted language reflects the contents of the cited case to the to the extent the quoted language is inaccurate or not contained in the Court's opinion. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 123 of the Complaint.

124.    Answering the allegations contained in paragraph 124 of the Complaint, paragraph 124 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required Defendants admit the allegation

ANSWER - 20
(Case No. C25-1228-KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

to the extent it accurately states what GEPA requires and deny the allegation to the extent in inaccurately states what GEPA requires.

125. Answering the allegations contained in paragraph 125 of the Complaint, Defendants admit that they used the notice and comment rulemaking process when they changed the SBMH and MHSP priorities in 2022. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegation contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Answering paragraph 130 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 129 of the Complaint as if fully restated here as their answer to paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the conclusion of law and affirmatively allege that federal courts have the power in equity to grant injunctive relief with respect to violations of federal law by federal officials only where the federal court has subject matter jurisdiction over the claim and the parties and, in cases against federal agencies and federal officials acting in their official capacity, only when such relief is statutorily authorized by an applicable waiver of sovereign immunity.

132. Paragraph 132 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the Spending Clause of the U.S. Constitution.

133. Paragraph 133 of the Complaint does not allege litigative facts but only states conclusions of law to which no response is required. To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the Spending Clause of the U.S. Constitution.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegation contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Answering paragraph 138 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 137 of the Complaint as if fully restated here as their answer to paragraph 138 of the Complaint.

139.    Paragraph 139 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the separation of powers doctrine.

140.    Paragraph 140 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the separation of powers doctrine.

141.    Paragraph 141 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the separation of powers doctrine.

142.    Paragraph 142 of the Complaint does not allege litigative facts but only states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the separation of powers doctrine.

143.    Paragraph 143 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint violated the "Take Care" clause of the United States Constitution.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

145.    Answering the first and second sentences of paragraph 145 of the Complaint, the first and second sentences of paragraph 145 of the Complaint do not allege litigative facts but only state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged in the Complaint either undermined GEPA or constituted a violation of the take care clause.  Defendants deny each and every remaining allegation of paragraph 145 of the Complaint.

146.    Paragraph 146 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged in the Complaint constituted an affront to Congress's oversight authority.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Answering paragraph 152 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 151 of the Complaint as if fully restated here as their answer to paragraph 152 of the Complaint.

153.    Paragraph 153 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint were in excess of their lawful authority.

154.    Paragraph 154 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that any action taken by Defendants alleged by Plaintiffs in the Complaint were in excess of their lawful authority.

ANSWER - 23
(Case No. C25-1228-KKE)

155.    Paragraph 155 of the Complaint does not allege litigative facts but only states a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny each and every conclusion of law alleged by Plaintiffs in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegation contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegation contained in paragraph 159 of the Complaint.

WHEREFORE Defendants Linda McMahon, in her official capacity, and the United States Department of Education, pray for judgment as follows:

1.    For an order dismissing Plaintiffs' Complaint in its entirety with prejudice;

2.    For an award of Defendants' costs and disbursements incurred in this action;

3.    For such other and further relief as the Court may deem just and proper.

DATED this 4th day of November 2025.

CHARLES NEIL FLOYD
United States Attorney


/s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: (206) 553-7970
e-mail: brian.kipnis@usdoj.gov

*Attorneys for Defendants*

ANSWER - 24
(Case No. C25-1228-KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970