**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NEVADA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF WISCONSIN, *Plaintiffs - Appellees*, v. UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official Capacity as United States Secretary of Education, *Defendants - Appellants*. | No. 25-7157 D.C. No. 2:25-cv-01228-KKE OPINION |

Appeal from the United States District Court

for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Argued and Submitted December 2, 2025
San Francisco, California

Filed December 4, 2025

Before: Richard C. Tallman, Jay S. Bybee, and Gabriel P. Sanchez, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

**Administrative Stay**

The panel denied the government's emergency motion for an administrative stay of the district court's preliminary injunction in favor of Plaintiff States, who sued for declaratory and injunctive relief after the U.S. Department of Education sent notices discontinuing multi-year grants supporting mental health programs benefitting elementary and secondary schools.

The district court granted the preliminary injunction after finding that States were likely to succeed on the merits of

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

their claim that the grant discontinuations were arbitrary and capricious under the Administrative Procedure Act (APA).

In deciding the government's motion for a stay pending appeal, the panel considered the factors in *Nken v. Holder*, 556 U.S. 418, 434 (2009). The panel held that the government has not demonstrated a strong showing of success on the merits of its jurisdictional claim under the Tucker Act where the States' claims seek purely prospective relief regarding multiyear grant discontinuations that do not take effect until December 31, 2025, and vacatur would not result in the automatic reinstatement or continuance of those grants or the payment of any money to grantees. Nor has the government made a strong showing on the merits of its claim that the discontinuation decisions are committed to agency discretion and are therefore unreviewable under the APA.

The panel also held that the government has not demonstrated it will be irreparably injured absent a stay. Because the district court's injunction does not result in the disbursement of any funds, the government has not demonstrated it will be irreparably harmed by the payment of monies that the government cannot recover.

## COUNSEL

William D. McGinty (argued) and Cynthia Alexander, Deputy Solicitors General; Ellen E. Range, Jennifer K. Chung, and Lucy Wolf; Assistant Attorneys General; Nicholas W. Brown, Washington Attorney General; Office of the Washington Attorney General, Olympia, Washington; Neil Giovanatti, Assistant Attorney General; Dana Nessel, Michigan Attorney General; Office of the Michigan

Attorney General, Lansing, Michigan; Katherine Milton, Deputy Attorney General; Kathleen Boergers, Supervising Deputy Attorney General; Neli N. Palma, Senior Assistant Attorney General; Rob Bonta, California Attorney General; Office of the California Attorney General, Sacramento, California; Sarah H. Weiss, Senior Assistant Attorney General; Shannon W. Stevenson, Solicitor General; Philip J. Weiser, Colorado Attorney General; Colorado Department of Law, Denver, Colorado; Vanessa L. Kassab and Jennifer-Kate Aaronson, Deputy Attorneys General; Ian R. Liston, Director of Impact Litigation; Kathleen Jennings, Delaware Attorney General; Office of the Delaware Attorney General, Wilmington, Delaware; Andrew Ammirati, Assistant Attorney General; William Tong, Connecticut Attorney General; Office of the Connecticut Attorney General, Hartford, Connecticut; Michael Drezner, Senior Assistant Attorney General; Anthony G. Brown, Maryland Attorney General; Office of the Maryland Attorney General, Baltimore, Maryland; Emily Hirsch, Assistant Attorney General; Sarah A. Hunger, Deputy Solicitor General; Kwame Raoul, Illinois Attorney General; Office of the Illinois Attorney General, Chicago, Illinois; Sarah A. Forster, Assistant Attorney General; Aaron M. Frey, Maine Attorney General; Office of the Maine Attorney General, Augusta, Maine; Yael Shavit, Chief, Consumer Protection Division; Katherine Dirks, Chief State Trial Counsel; Andrea J. Campbell, Commonwealth of Massachusetts Attorney General; Office of the Massachusetts Attorney General, Boston, Massachusetts; Lawrence M. Marcus, Assistant Solicitor General; Aletheia V.P. Allen, Solicitor General; Raul Torrez, New Mexico Attorney General; New Mexico Department of Justice, Albuquerque, New Mexico; Mark Ladov, Special Counsel; Rabia Muqaddam, Special

Counsel for Federal Initiatives; Ester Murdukhayeva, Deputy Solicitor General; Letitia James, New York Attorney General; Office of the New York Attorney General, New York, New York; K. Brunetti Ireland, Chief of Special Litigation; Heidi P. Stern, Solicitor General; Aaron Ford, Nevada Attorney General; Office of the Nevada Attorney General, Las Vegas, Nevada; Robert A. Koch, Emily N. Snook, and Coby Howell, Senior Assistant Attorneys General; Dan Rayfield, Oregon Attorney General; Oregon Department of Justice, Salem, Oregon; Kyla Duffy, Special Assistant Attorney General; Alexander M. Carnevale; Peter F. Neronha, Rhode Island Attorney General; Office of the Rhode Island Attorney General, Providence, Rhode Island; Frances R. Colbert and Gabe Johnson-Karp, Assistant Attorneys General; Joshua K. Kaul, Wisconsin Attorney General; Wisconsin Department of Justice, Madison, Wisconsin; for Plaintiffs-Appellees.

Yaakov M. Roth (argued), Principal Deputy Assistant Attorney General; Daniel Tenny and Benjamin T. Takemoto, Attorneys, Appellate Staff; Eric D. McArthur, Deputy Assistant Attorney General; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; Brian Kipnis, Assistant United States Attorney; Teal Luthy Miller; Office of the United States Attorney, United States Department of Justice, Seattle, Washington; for Defendants-Appellants.

## OPINION

PER CURIAM:

Plaintiff-Appellees are 16 states who sued for declaratory and injunctive relief after the United States Department of Education sent notices discontinuing multi-year grants supporting mental health programs benefitting elementary and secondary schools. On October 27, 2025, the district court granted Plaintiff States' motion for a preliminary injunction, finding them likely to succeed on the merits of their claim that the grant discontinuations were arbitrary and capricious under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*. Defendant-Appellants U.S. Department of Education and Secretary of Education Linda McMahon ("the Government") now move for an emergency stay of the district court's preliminary injunction. For the reasons discussed herein, we deny the motion.

## LEGAL STANDARD

When deciding a motion for a stay pending appeal, we consider the *Nken* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation modified) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "'The first two factors . . . are the most critical,' and the court will address the last two factors only once the applicant has satisfied the first two factors." *Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs.*, 137 F.4th 932, 937 (9th Cir. 2025) (quoting *Nken*, 556 U.S. at 434–35).

"The party requesting a stay bears the burden of showing that the circumstances justify" issuance of the stay. *Nken*, 556 U.S. at 433–34.

## I.

The Government has not made a strong showing it is likely to succeed on the merits of its claims that the district court lacks jurisdiction over this action. *See* Gov't Mot. for Emergency Stay, Dkt. 7 at 8–18.

## A.

The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over any claim against the United States founded "upon any express or implied contract with the United States." 28 U.S.C. § 1491. It "'impliedly forbid[s]' an APA action seeking injunctive and declaratory relief only if that action is a 'disguised' breach-of-contract claim." *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1026 (9th Cir. 2023) (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)). *See also Nat'l Insts. of Health* (*NIH*) *v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025); *Dep't of Educ. v. California*, 604 U.S. 650 (2025).

The Government has not made a strong showing that Plaintiff States' claims fall within the Tucker Act's scope. Plaintiff States' grants remain fully funded until December 31, 2025, and they make no claim that they are automatically entitled to grant continuances. *See* Order Denying Mot. to Dismiss, ECF No. 190 at 17. Plaintiff States reconfirmed at oral argument that they are not entitled to continued funding unless the Secretary of Education affirmatively decides to continue their grants. Instead, their APA claims seek vacatur of the discontinuation decisions, which take effect on December 31, 2025. Plaintiff States allege that the

discontinuation decisions are unlawful under the Department's own governing regulation, 34 C.F.R. § 75.253, its statutory obligation to engage in notice-and-comment rulemaking under the General Education Provisions Act, 20 U.S.C. §§ 1221e-4, 1232(a), (d), and its obligation to provide reasoned explanations for its actions under the APA, 5 U.S.C. § 706(2)(A).

The relief sought in this action—vacatur of the allegedly unlawful discontinuation decisions so the Secretary can make new decisions in accordance with Plaintiff States' theory of the law—does not cause any grant to be renewed because grant continuances are not automatic. *See* 34 C.F.R. § 75.253. As the Government acknowledged at oral argument, funding to grantees during this calendar year is not at issue in this action and has not been cut off or disturbed. Accordingly, the Government has not shown a strong likelihood that Plaintiff States' claims fall within the Court of Federal Claims' jurisdiction because Plaintiff States have not suffered nor sought any monetary damages. *See California*, 604 U.S. at 651 ("[T]he APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money.'" (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)); *NIH*, 145 S. Ct. at 2658 (discussing how the district court lacks jurisdiction to "order relief designed to enforce any 'obligation to pay money' pursuant to [ ] grants"); *accord Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343–44 (Fed. Cir. 2008) (requiring plaintiffs "to identify a substantive source of law that creates the right to recovery of money damages against the United States" to establish Tucker Act jurisdiction).

The Government relies on *NIH* and *California* to argue that the Tucker Act bars the district court from hearing

Plaintiff States' claims.  But in *California* and *NIH*, those plaintiffs explicitly sought, and the district courts ordered, the immediate payment of past-due grant obligations and the continued payment of ongoing obligations based on midyear grant terminations.  *See California*, 604 U.S. at 650; *NIH*, 145 S. Ct. at 2658.  We do not construe the district court's preliminary injunction here to order payment of any funds; rather, we read the order to merely freeze funds at issue until the Department makes a revised continuation or discontinuation determination or wins on the merits of its claims.  *See* Preliminary Injunction Order, ECF No. 193 at 24 ("Plaintiff States do not request an order requiring Defendants to continue the Grants.").

Because Plaintiff States' claims seek purely prospective relief regarding multiyear grant discontinuations that do not take effect until December 31, 2025—and vacatur would not result in the automatic reinstatement or continuance of those grants or the payment of any money to grantees—the Government has not demonstrated a strong showing of success on the merits of its Tucker Act jurisdictional claim.

**B.**

Nor has the Government made a strong showing on the merits of its claim that the discontinuation decisions are committed to agency discretion and are therefore unreviewable under the APA.  *See* 5 U.S.C. § 701(a)(2); *see also Lincoln v. Vigil*, 508 U.S. 182, 193 (1993) (holding "as long as the agency allocates funds from a lump-sum appropriation to meet permissible statutory objectives, § 701(a)(2) gives the courts no leave to intrude").

Unlike *Lincoln*, where the lump-sum appropriation covered all the agency's activities and established no specific programs, *see* 508 U.S. at 193–94, the appropriation

statute at issue here, the Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1342 (2022), explicitly specifies the two grant programs at issue in this action. Moreover, the Act does not commit broad discretion to the Department, unlike other cases in which the Supreme Court has found agency action committed to discretion by law. *See Webster v. Doe*, 486 U.S. 592, 600 (1988); *Heckler v. Chaney,* 470 U.S. 821, 828–38 (1985). Finally, the Department is constrained by its own regulations, including 34 C.F.R. § 75.253, which provide meaningful standards for the court to apply to review discontinuation decisions. *See Thakur v. Trump*, 148 F.4th 1096, 1105 (9th Cir. 2025). That 34 C.F.R. § 75.253(a)(5) requires "a determination from the Secretary that continuation of the project is in the best interest of the Federal government" does not preclude judicial review because we "routinely treat discretion-laden standards as providing 'law to apply.'" *Perez Perez v. Wolf*, 943 F.3d 853, 862 (9th Cir. 2019).

## II.

The Government also has not demonstrated it will be irreparably injured absent a stay. Because the district court's injunction does not result in the disbursement of any funds, the Government has not demonstrated it will be irreparably harmed by the payment of monies that the Government cannot recover. *See, e.g.*, *NIH*, 145 S. Ct. at 2658; *California*, 604 U.S. at 650.

The Government argues that the funds at issue will lapse and revert to the Treasury if not obligated by December 31, 2025. Even if that would constitute an irreparable harm, courts have the power "to order that funds be held available beyond their statutory lapse date if equity so requires." *Connecticut v. Schweiker*, 684 F.2d 979, 997 (D.C. Cir.

1982); *see also Wilson v. Watt*, 703 F.2d 395, 403 (9th Cir. 1983) (directing the district court to exercise that power). Further, "in the appropriations context, Congress has expressly authorized courts to suspend the lapse of budget authority while lawsuits play out." *Goodluck v. Biden*, 104 F.4th 920, 928 (D.C. Cir. 2024); *see* 31 U.S.C. § 1502(b) ("A provision of law requiring that the balance of an appropriation or fund be returned to the general fund of the Treasury at the end of a definite period does not affect the status of lawsuits or rights of action involving the right to an amount payable from the balance.")

The district court is moving expeditiously to resolve the merits of these claims. It has set the summary judgment hearing for December 11, 2025, and the parties convey that the district court intends to issue a decision before the end of the month. Under these circumstances, we see no basis to grant an emergency stay of the preliminary injunction. We express no view on the merits of Plaintiff States' claims.

**EMERGENCY MOTION FOR ADMINISTRATIVE STAY DENIED.**