# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>　　　　　　　　　　Plaintiff(s),<br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　　　　　Defendant(s). | **JUDGMENT IN A CIVIL CASE**<br><br>CASE NUMBER C25-1228-KKE |

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

　　The Court GRANTS Plaintiff States' motion for partial summary judgment (Dkt. No. 208), DENIES the Department's cross-motion for partial summary judgment (Dkt. No. 256), and ORDERS as follows:

(1) The Department's Directive procedure, discontinuation notices, and letters denying reconsideration are unlawful, set aside, and VACATED with respect to the discontinued Grantees in Plaintiff States as arbitrary and capricious and contrary to law.

(2) The Court DECLARES that when determining whether a grantee has met the requirements for a continuation award under 34 C.F.R. § 75.253(a), the Department is

required under 34 C.F.R. § 75.253(b) to consider the information listed in 34 C.F.R. § 75.253(b) and similar relevant information.

(3) The Court permanently ENJOINS the Department and all its respective officers, agents, servants, employees, attorneys, and any person in active concert or participation with them who receive actual notice of this order from the following:

   a. Considering new priorities or any other information that is not relevant and similar to the information listed in 34 C.F.R. § 75.253(b) when determining whether a grant within Plaintiff States has met the requirements for a continuation award under 34 C.F.R. § 75.253(a).

   b. Implementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States.  To the extent that this injunction will lead to a lapse in the Grant funding, the Court suspends the lapse while this lawsuit plays out.  *See Goodluck v. Biden*, 104 F.4th 920, 928 (D.C. Cir. 2024).

   c. Denying a continuation award based on performance issues, if any, caused by the Department's actions challenged in this case and their disruptive effects.

(4) The Department must make a lawful continuation determination as to each Grant, no later than a date to be set after the parties meet and confer on a reasonable timeline for compliance, including any appropriate interim deadlines (such as due dates for reports the Grantees must submit as required by 34 C.F.R. § 75.253).  The parties shall file a stipulated motion for an order (or a joint status report containing the

parties' respective positions if agreement cannot be reached), no later than noon on December 23, 2025.

(5) The Department's counsel shall provide written notice of this Order no later than December 22, 2025, and shall file a status report no later than December 23, 2025, documenting the actions that they have taken to comply with this Order, including a copy of the notice and an explanation as to whom the notice was sent.

(6) Consistent with Federal Rule of Civil Procedure 54(b), the Court finds no just reason for delay in the entry of judgment.

(7) The Court retains jurisdiction to enforce this injunction and judgment.

Dated December 19, 2025.

Ravi Subramanian
Clerk of Court

/s/ Alejandro Pasaye Hernandez
Deputy Clerk
