The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | NO. 2:25-cv-01228-KKE<br><br>JOINT STATUS REPORT |

In accordance with the Court's December 19, 2025, Order on Cross-Motions for Summary Judgment, Dkt. 269, the parties hereby submit this joint status report. The parties propose alternative deadlines for Defendants to make a lawful continuation determination as to each Grant. Plaintiffs assert that no matter when these deadlines are set, the continuation awards' budget period must begin on January 1, 2026, to follow 34 C.F.R. § 75.253(d) and prevent gaps in funding. Plaintiffs inform the Court of the limited funds reserved by Defendants and request an accounting of funds by January 5, 2026.

**Plaintiffs' Position with Respect to Continuation Award Deadlines:** Defendants should make their lawful continuation decisions for every Grant by December 30, 2025, because Defendants already have the information they need to make the continuation award decision pursuant to 34 C.F.R. § 75.253(b). Discontinued and non-discontinued grantees report that Defendants only requested one performance report this year: an annual performance report

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

spring. *See, e.g.*, Dkt. 98-7; Dkt. 206-1 at 805-06; Dkt. 102-3 at 11. These performance reports contain the performance measures established under § 75.110 and the financial information required by 2 C.F.R. Part 200. *See* Dkt. 102-3 at 11 ("The annual performance report shall provide the most current performance and financial expenditure information that is sufficient to meet the reporting requirements of 2 CFR §§ 200.328, 200.329, 200.332, and 34 CFR §§ 75.590; 75.718; 75.720; 75.623; and 75.732."); *and see, e.g.*, Dkt. 206-1 at 805-06 (performance report containing performance measures and financial information). This is all that 34 C.F.R. § 75.253(b) requires.

In fact, grantees report that Defendants already issued continuation awards in early December to non-discontinued grantees using the *same* information that discontinued Grantees have also already provided (i.e., Spring 2025 performance reports). Further, Defendants have already reviewed the Spring 2025 performance reports for the discontinued Grantees within Plaintiff States, because they made substantial progress determinations based on these reports. *See, e.g.*, Dkt. 151-2 ("After reviewing the Annual Performance Report (APR) submitted for [grant], the program office has determined that the grantee has made substantial progress towards achieving the goals and objectives of the project, and the grant's performance targets.").

Because Defendants have all of the relevant information needed for a continuation decision and have already made continuation awards based on this information, they have the same ability to make lawful determinations for every Grantee in Plaintiff States by December 30, 2025.

Should that process result in the determination that any grant should be continued, Defendants should issue all such continuation awards by December 31, 2025, in compliance with 34 C.F.R. § 75.253(d).

Additionally, Defendants should provide a status report by January 5, 2026, identifying which discontinued Grantees within Plaintiff States have received a continuation award and which discontinued Grantees within Plaintiff States did not receive a continuation award. If Defendants determine any grants should not be continued, Defendants shall provide an explanation as to the basis for each of those adverse determinations, including performance issues if any.

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

For their part, Defendants deny that the Court may retain jurisdiction on remand or impose a deadline on the agency to make a lawful continuation decision.[1] However, a recent decision, involving the Federal Government and Defendants' very counsel, holds otherwise. *See Washington v. U.S. Dep't of the Navy*, No. 2:19-CV-1059-RAJ, 2024 WL 3843811, at *1-2 (W.D. Wash. Aug. 16, 2024), *appeal dismissed,* No. 24-6357, 2025 WL 227700 (9th Cir. Jan. 6, 2025). There, the district court ordered remand, retained jurisdiction, required regular status reports, and set a deadline for compliance. In the face of significant errors by the Navy, the district court decided to retain jurisdiction so it could set a deadline for compliance. *Id.* (citing e.g., *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 643-45 (9th Cir. 2004) (finding that district court acted within its discretion when it required agency to assess cumulative impacts by a set date); *Alaska v. Lubchenco*, No. 3:10-cv-00271-TMB, 2012 WL 13035040, at *3-4 (D. Alaska Mar. 5, 2012) (imposing deadline for compliance for an agency's action on remand "[g]iven the extensive delays in the underlying agency process"). This Court may do the same.

Defendants also claim they need a startling 105 days to revisit the continuation award decision for Grantees. During the meet and confer, Defendants' counsel stated seventy-five days. This start-from-scratch approach belies the continuation decisions they already made for these Program grants, as well as Defendants' own proposed summary judgment briefing schedule, which set the summary judgment noting date for December 22, 2025, and Defendants' representations in their briefing and during oral argument before the Ninth Circuit that Defendants were prepared to continue awards to discontinued grantees by December 31, 2025 if Defendants lost on the merits. Dkt. 199 at 1; Dkt. 43.1 at 9 ("If the noncontinuation notices are halted and cannot be reinstituted unless the Department identifies reasons other than 34 C.F.R. § 75.253(a)(5) (which it has not) or a grantee submits faulty data (which they have not), plaintiffs will assuredly insist that grantees are entitled to receive funding in 2026. *See id.* § 75.253(f).").

---

[1] Any arguments Plaintiffs fail to address reflects Defendants' failure to raise them during the meet and confer and that Plaintiffs did not receive Defendants' position until 11:22 a.m. despite counsel promising to provide it first thing in the morning.

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

This delay also frustrates the very purpose of this lawsuit. Even a split-the-baby approach between proposed deadlines will not work, as illustrated by a University of Washington (UW) grantee whose graduate program will swiftly lose students:

> Our project design requires tuition payments by Friday, January 9, 2026. If the grant is not continued, the students will be responsible for the tuition -- and they are not planning on this given that they were recruited as part of the grant-funded project with the commitment of tuition. The one quarter of tuition ranges from $8,220 to $11,388 given differential credit requirements across student groups, which is a significant cost. Moreover, because federal loans were calculated presuming grant coverage of tuition, the students weren't loaned enough money to cover tuition and living expenses. I would add that 75 days is about 11 weeks, or roughly the length of one quarter at UW. In short, the students likely will pause their training (for an entire year because the classes are sequenced on an annual calendar) or drop out because they can't afford to cover the tuition and a 75 day delay accounts for 1/3 of their academic year.

(The seventy-five days references the number of days Defendants stated during the meet and confer.) Another UW grantee states:

> With no delay from our grant funding, these 3 districts would be opening up internship applications for the 2026-27 school year starting immediately. Our grant financially supports 2 internship placement openings for our students in each district. Without the grant to immediately support opening these 6 internship placements, we believe the partner districts may not even open placements - and certainly not 6. The hiring process for school psychology internships in Washington State is already open for some districts, so any delay in funding will significantly hurt our students' opportunities for internships for the 2026-27 school year.
>
> We also have 4 graduate assistantships that are ending without the grant funding. These students are waiting to find out if they still have the positions. Without the assistantships, the students will need to turn elsewhere for employment and tuition support. They also lose healthcare. Financially, the loss of employment puts them at risk for not being able to continue their studies.
>
> Finally, we are currently recruiting students for Autumn 2026. Without being able to provide evidence of the grant funding for tuition support is available, we will very likely lose strong applicants.

And Wisconsin reports:

> Our university reports that a 75-day delay would jeopardize UW graduate school tuition assistance for the upcoming semester that is dependent on this funding as well as a staff employee position who is funded off this grant and for which UW has not yet been able to identify alternative funds to pay.

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

There is no reason to believe that these universities are alone in suffering this harm. These statements reflect the same irreparable harm recognized by this Court. Dkt. 269 at 30-33.

  As described during the meet and confer, Defendants contend that they need more than two months to conduct a newly implemented process, reviewing for potential discriminatory actions, not described in the *Discretionary Grantmaking Guidance*, because of § 75.253(b)'s "any other relevant information" clause. However, a close read of the Court's Order, will find that they must continue to use the approach described in this guidance and the *ejusdem generis* rule precludes the Defendants' interpretation/reading of the Court's Order Dkt. 269 at 16-18, 25. Also, their description of the continuation process sounds like a dressed up version of the Directive procedure that the Court just ruled was unlawful. The Court has already enjoined Defendants from these sort of antics. Dkt. 269 at 35 (enjoining Defendants from "Implementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States."). Under the Court's Order, Defendants cannot discontinue grantees in Plaintiff States because they conflict with Defendants' new policies and priorities. *Id.*; *see also id.* at 23 ("That said, nothing in the existing regulatory scheme comports with the Department's view that multi-year grants may be discontinued whenever the political will to do so arises."). To the extent that Defendants contend that they need to use the continuation award process to probe alleged civil rights violations, there is a *separate*, *lawful* process that they must follow before discontinuing funds. 34 C.F.R. § 100.8(c) (specifically disallowing discontinuances prior to a hearing). There is absolutely no basis in the law or the record for them to use these allegations as an excuse now to buy them two and a half months for review. The continuation award decision process does not present an opportunity for Defendants to find other non-performance based reasons to discontinue Grantees.

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**Plaintiffs' Requested Accounting:** In its Order, the Court states: "Although an injunction would cause the Department some uncertainty in allocating their appropriations, the Department's counsel represented at oral argument that the Department has set aside the funds that would have otherwise been disbursed to Grantees, in compliance with the preliminary injunction." Dkt. 269 at 32. As the Court defined Grantees broadly to mean all grantees within Plaintiff States, Plaintiffs wish to clarify the more limited nature of the funds reserved by Defendants. At the time the Court entered the preliminary injunction, Defendants had annual appropriation funds and an additional $400 million appropriated Bipartisan Safer Communities Act (BSCA) funds available for the Programs, comprising $100 million to each Program for each of the two remaining years (FY 2025 funds for 2026 operations and FY 2026 funds for 2027 operations). The injunction enjoined Defendants from "implementing or enforcing through any means the discontinuation decisions as to affected [g]rantees, including recompeting Program funds." Dkt. 193 at 24. To comply, Defendants set aside funds only for the subset of grantees in Plaintiff States covered by the preliminary injunction and only for one year of operations for those grantees (i.e., 2026), though many of the grants have more than one year of performance remaining. While this Court's preliminary injunction remained in effect, Defendants then awarded $208 million in new grants. Defendants claim that their actions comply with the preliminary injunction. To evaluate this claim, Plaintiffs request an accounting of all available funds for the Program grants for each fiscal year by January 5, 2026, including the amounts set aside for continuation awards below.

Plaintiff States are concerned that Defendants did not comply with the preliminary injunction, primarily because of a process called frontloading that may have depleted funds for 2027 operations. Plaintiffs recently learned that in another case involving Defendants, Defendants frontloaded awards for their preferred grantees, depriving litigants of funding for future years. *See* Appendix A (attaching Notice of Obligation of All Remaining Funds, *National HEP-CAMP Assoc. v. U.S. Dep't of Educ.*, Case No. 1:25-cv-2730-CJN, Dkt. 21 (D.D.C. Sept. 30, 2025)). The new competition for SBMH and MHSP grant awards indicate that Defendants frontloaded

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Program funds as well:

(1) THIS ACTION INCREASES THE AMOUNT OF FUNDS AUTHORIZED FOR THE CURRENT BUDGET PERIOD AND PERFORMANCE PERIOD AS SHOWN IN BLOCK 7.

(2) By the drawdown of funds under this GAN, the grantee accepts that this award is subject to the requirements of the Uniform Administrative Requirements, Cost Principles and Audit Requirements for Federal Awards; Title 2 CFR Part 200 as revised at 89 FR 30136-30208 (April 22, 2024).

(3) The grantee may not draw down any Year 2 or Year 3 frontloaded funds, until after the grantee has submitted an annual performance report (APR) for Years 1 and 2, and the Department has determined to continue the grant under 34 CFR 75.253, including that the grant remains in the best interest of the federal government under 34 CFR 75.253(a)(5).

Defendants have confirmed that this means that no BSCA funds are available for *any* discontinued Grantee within Plaintiff States to operate in 2027 (even though FY 2026 funds for 2027 operations were available at the time of the preliminary injunction), nor are any funds available for discontinued Grantees who were not covered by the preliminary injunction to operate in 2026. As a result, 2027 operations will (unnecessarily) depend on the annual appropriations for school safety national activities that have not been appropriated yet. Defendants added, "However. if future funding levels are consistent with previous year funding, ED anticipates there will be sufficient finding for 2027 for the discontinued group and others."

For transparency and to ensure Defendants complied with the Court's injunction orders, Plaintiff States request an accounting of Program funds by January 5, 2026. The accounting should account for the status of all available funds for SBMH and MHSP grants, as of December 31, 2025, including:

(1) Source and amount of all funds that became available (e.g., through BSCA appropriations, annual appropriations, reprogramming, transfers, or unspent funds carried over from prior years) and the fiscal year of those funds, and

(2) Disposition of funds for each fiscal year's funds, including the total amounts for (a) obligations that have been disbursed and spent, (b) obligations that have been disbursed but have not yet been spent, (c) obligations based on an award of future year funding that have not yet been disbursed (e.g. "frontloaded"), (d) amounts that

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

were set aside pursuant to the preliminary injunction (and what portion of those amounts have since been obligated), (e) unobligated amounts that have been allotted (but not awarded) for future continuation awards, and (f) any other unobligated amounts.

As part of this accounting, Defendants should specify the source of funds for the $208 million it recently awarded to new grantees. *See* U.S. Department of Education, *U.S. Department of Education Awards Over $208 Million in Mental Health Grants* (Dec. 11, 2025), https://www.ed.gov/about/news/press-release/us-department-of-education-awards-over-208-million-mental-health-grants.

Additionally, Defendants should provide an accounting of any other sources of funds that Defendants could make available for SBMH and MHSP grants for operations in budget years 2026 and 2027, as of December 31, 2025, such as unobligated and unallotted funds that are available for transfer or reprogramming, including the amount of funds available and the source of the funds.

Plaintiff States may seek an order to show cause and expedited discovery following review of Defendants' status reports and accounting.

**Defendants' Position with Respect to Continuation Award Deadlines:**

At the outset, the Department objects to a requirement that it make administrative decisions under any specific deadline imposed by the Court. No statute nor any regulation applying to the continuation process imposes any specific timeline on the Department for making a continuation decision. Absent a mandatory duty, the Court cannot compel the Department to make an administrative decision by a fixed date. *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1178 (S.D. Cal. 2007). That said, the Department appreciates that it cannot unreasonably delay a decision, and the APA contains a specific mechanism for the Court to address any unreasonable delay in reaching a decision on any individual continuation decision. *See* 5 U.S.C § 706(1); *and see Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022).

With that objection stated, it is the Department's position that a deadline of 105 days to

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

complete all 138 continuation decisions is a reasonable period of time to complete the task ordered by the Court. That amount of time should be sufficient to (1) afford all 138 grantees 30 days to submit additional information, including, as needed, updated performance reports and/or amended budgets: (2) for the Department to review any new documentation submitted by a grantee; (3) for the Department to engage in an interactive process with individual grantees if they wish to address issues identified by the Department that may lead to non-continuation: (4) for staff to write administrative decisions suitable for judicial review; and (5) for agency leadership to take final agency actions on behalf of the Department in each case.

Additionally, the Department requests that the Court stay its injunction insofar as it requires the Department to make new continuation decisions by a date certain. If that aspect of the injunction is not stayed, the Department will be denied the opportunity to obtain meaningful relief on appeal. This is because, without a stay, the Department will be forced to make new continuation decisions and federal funds will be expended on grants that are continued before the case can be heard. Because the Department will be unable to recoup federal funding improvidently disbursed to the grantees, the Department will be irreparably harmed.

Finally, the Department objects to the requests for additional and further relief made in the States's portion of the joint status report as the Court did not order such relief in its judgment nor invite such a motion in its request for a status report. If the Court is inclined to consider granting any of the additional relief requested by the States, the Court should require the States to seek such by way of a suitable post-judgment motion.

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | DATED this 23rd day of December 2025. |

|  |  |
|---|---|
|  | NICHOLAS W. BROWN<br>Attorney General of Washington<br><br>*/s/ Ellen Range*<br>ELLEN RANGE, WSBA #51334<br>JENNIFER K. CHUNG, WSBA #51583<br>LUCY WOLF, WSBA #59028<br>Assistant Attorneys General<br>WILLIAM MCGINTY, WSBA #41868<br>CYNTHIA ALEXANDER, WSBA #46019<br>Deputy Solicitors General<br>Complex Litigation Division<br>Washington State Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>206-464-7744<br>Ellen.Range@atg.wa.gov<br>Jennifer.Chung@atg.wa.gov<br>Lucy.Wolf@atg.wa.gov<br>William.McGinty@atg.wa.gov<br>Cynthia.Alexander@atg.wa.gov<br><br>*Attorneys for State of Washington* |
| ROB BONTA<br>Attorney General of California<br><br>*/s/ Crystal Adams*<br>CRYSTAL ADAMS*<br>Deputy Attorney General<br>NELI PALMA*<br>Senior Assistant Attorney General<br>KATHLEEN BOERGERS*<br>Supervising Deputy Attorney General<br>KATHERINE MILTON*<br>Deputy Attorney General<br>1300 I Street<br>Sacramento, CA 95814<br>916-210-7522<br>Crystal.Adams@doj.ca.gov<br>Neli.Palma@doj.ca.gov<br>Kathleen.Boergers@doj.ca.gov<br>Katherine.Milton@doj.ca.gov<br><br>*Attorneys for State of California* | KATHLEEN JENNINGS<br>Attorney General of Delaware<br><br>*/s/ Ian R. Liston*<br>IAN R. LISTON*<br>Director of Impact Litigation<br>JENNIFER-KATE AARONSON*<br>VANESSA L. KASSAB*<br>Deputy Attorneys General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>302-683-8899<br>Vanessa.Kassab@delaware.gov<br>Jennifer.Aaronson@delaware.gov<br>Ian.Liston@delaware.gov<br><br>*Attorneys for State of Delaware* |

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | | |
|---|---|---|
| 1 | WILLIAM TONG<br>Attorney General of Connecticut | ANTHONY G. BROWN<br>Attorney General of Maryland |
| 2 | | |
| 3 | */s/ Andrew Ammirati*<br>ANDREW AMMIRATI*<br>Assistant Attorney General | */s/ Michael Drezner*<br>MICHAEL DREZNER*<br>Senior Assistant Attorney General |
| 4 | 165 Capitol Ave<br>Hartford, CT 06106 | Office of the Attorney General<br>200 Saint Paul Place, 20th Floor |
| 5 | 860-808-5090<br>Andrew.Ammirati@ct.gov | Baltimore, Maryland 21202<br>410-576-6959 |
| 6 | | Mdrezner@oag.state.md.us |
| 7 | *Attorney for State of Connecticut* | *Attorney for State of Maryland* |
| 8 | | |
| 9 | KWAME RAOUL<br>Attorney General of Illinois | AARON M. FREY<br>Attorney General of Maine |
| 10 | | |
| 11 | */s/ Emily Hirsch*<br>EMILY HIRSCH*<br>Assistant Attorney General | */s/ Sarah A. Forster*<br>SARAH A. FORSTER*<br>Assistant Attorney General |
| 12 | Office of the Illinois Attorney General<br>115 S. LaSalle St | Office of the Attorney General<br>6 State House Station |
| 13 | Chicago, IL 60603<br>773-835-0148 | Augusta, ME 04333-0006<br>207-626-8800 |
| 14 | Emily.Hirsch@ilag.gov | Sarah.Forster@maine.gov |
| 15 | *Attorney for State of Illinois* | *Attorney for State of Maine* |
| 16 | | |
| 17 | PHILIP J. WEISER<br>Attorney General of Colorado | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts |
| 18 | | |
| 19 | */s/ Sarah H. Weiss*<br>SARAH H. WEISS*<br>Senior Assistant Attorney General | */s/ Katherine Dirks*<br>KATHERINE DIRKS*<br>Chief State Trial Counsel |
| 20 | Colorado Department of Law<br>Ralph L. Carr Judicial Center | YAEL SHAVIT*<br>Chief, Consumer Protection Division |
| 21 | 1300 Broadway, 10th Floor<br>Denver, CO 80203 | Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108 |
| 22 | 720-508-6000<br>Sarah.Weiss@coag.gov | 617-963-2277<br>Katherine.Dirks@mass.gov |
| 23 | | Yael.Shavit@mass.gov |
| 24 | *Attorney for State of Colorado* | *Counsel for Commonwealth of Massachusetts* |
| 25 | | |
| 26 | | |

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | | |
|---|---|---|
| 1 | LETITIA JAMES<br>Attorney General of New York | RAÚL TORREZ<br>Attorney General of New Mexico |
| 2 | | |
| 3 | /s/ Rabia Muqaddam<br>RABIA MUQADDAM*<br>Special Counsel for Federal Initiatives | /s/ Aletheia V.P. Allen<br>ALETHEIA V.P. ALLEN*<br>Solicitor General |
| 4 | MARK LADOV*<br>Special Counsel | LAWRENCE M. MARCUS*<br>Assistant Solicitor General |
| 5 | 28 Liberty Street<br>New York, NY 10005 | New Mexico Department of Justice<br>201 Third St. NW, Suite 300 |
| 6 | 212-416-8240<br>Rabia.Muqaddam@ag.ny.gov | Albuquerque, NM 87102<br>505-527-2776 |
| 7 | Mark.Ladov@ag.ny.gov | Aallen@nmdoj.gov<br>Lmarcus@nmdoj.gov |
| 8 | *Attorneys for State of New York* | |
| 9 | | *Attorneys for State of New Mexico* |
| 10 | | |
| 11 | DANA NESSEL<br>Attorney General of Michigan | AARON FORD<br>Attorney General of Nevada |
| 12 | /s/ Neil Giovanatti | /s/ Heidi Parry Stern |
| 13 | NEIL GIOVANATTI*<br>Assistant Attorney General | HEIDI PARRY STERN*<br>Solicitor General |
| 14 | Michigan Department of Attorney General<br>525 W. Ottawa | Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100 |
| 15 | Lansing, MI 48909<br>517-335-7603 | Las Vegas, NV 89119<br>702-486-3420 |
| 16 | GiovanattiN@michigan.gov | HStern@ag.nv.gov |
| 17 | *Attorney for People of Michigan* | *Attorney for State of Nevada* |
| 18 | | |
| 19 | DAN RAYFIELD<br>Attorney General of Oregon | PETER F. NERONHA<br>Attorney General of Rhode Island |
| 20 | /s/ Coby Howell | /s/ Kyla Duffy |
| 21 | COBY HOWELL*<br>Senior Assistant Attorney General | KYLA DUFFY*<br>Special Assistant Attorney General |
| 22 | Trial Attorney<br>Oregon Department of Justice | 150 South Main Street<br>Providence, RI 02903 |
| 23 | 100 SW Market St.<br>Portland, OR 97201 | 401-274-4400, Ext. 2809<br>Kduffy@riag.ri.gov |
| 24 | 971-673-1880<br>Coby.Howell@doj.oregon.gov | *Attorney for State of Rhode Island* |
| 25 | *Attorney for State of Oregon* | |
| 26 | | |

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | JOSHUA L. KAUL<br>Attorney General of Wisconsin |
| 2 | |
| 3 | */s/ Frances Reynolds Colbert*<br>FRANCES REYNOLDS COLBERT* |
| 4 | Assistant Attorney General<br>Wisconsin Department of Justice |
| 5 | Post Office Box 7857<br>Madison, Wisconsin 53707-7857 |
| 6 | 608-266-9226<br>Frances.Colbert@wisdoj.gov |
| 7 | *Attorney for State of Wisconsin* |
| 8 | *Admitted pro hac vice |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | CHARLES NEIL FLOYD<br>United States Attorney |
| 14 | |
| 15 | |
| 16 | *s/ Brian C. Kipnis*<br>BRIAN C. KIPNIS |
| 17 | Assistant United States Attorney<br>Office of the United States Attorney |
| 18 | 5220 United States Courthouse<br>700 Stewart Street |
| 19 | Seattle, Washington 98101-1271<br>Phone: 206 553 7970 |
| 20 | E-mail: brian.kipnis@usdoj.gov |
| 21 | *Attorneys for Defendants* |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

JOINT STATUS REPORT
NO. 2:25-cv-01228-KKE

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744