1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.,

               Plaintiff(s),

    v.

UNITED STATES DEPARTMENT OF
EDUCATION, et al.,

             Defendant(s).

CASE NO. C25-1228-KKE

ORDER ON JOINT STATUS REPORT

13

14

15

16

      In accordance with the Court's instructions contained in a prior order, the parties have filed a joint status report ("JSR") detailing their respective positions on a timeline for compliance with the Court's injunction requiring Defendants to make legally compliant continuation decisions. Dkt. No. 272.

17

18

19

20

21

22

23

      As to a schedule for issuance of lawful continuation decisions, Plaintiffs request an order requiring that continuation determinations be made by December 30, 2025, and awards be issued by December 31, 2025. Dkt. No. 272 at 2. Plaintiffs also request that the Court order Defendants to provide a status report as to the status of each discontinued grantee by January 5, 2026. *Id*. Plaintiffs note that grantees report that Defendants required its grantees to submit only one performance report this year, in the spring, and that the grantees affected by the Court's injunction have already submitted those reports. *Id*. at 1–2.

24

ORDER ON JOINT STATUS REPORT - 1

Defendants object to the imposition of any deadline for compliance with the Court's injunction, but suggest that 105 days (April 7, 2026) is a reasonable deadline that will allow it to complete a multi-step process to issue continuation awards. Dkt. No. 272 at 8–9. Notably, Defendants do not explicitly object to Plaintiffs' timeline as not feasible for practical reasons such as upcoming government closures for the holidays, or loss of staff at the Department of Education.[1] Nor do they dispute that, as Plaintiffs represent (Dkt. No. 272 at 2), they have the reports necessary to make continuation determinations at this time.

The Court finds that Plaintiffs' proposal is appropriate given the Court's finding of imminent harms to Plaintiff States and the grantees, as the grants are set to expire on December 31, 2025. *See* Dkt. No. 269 at 30–33. The JSR contains new information confirming that time is of the essence for grantees. *See* Dkt. No. 272 at 4. Under these circumstances, the Court will require Defendants to comply with the Court's injunction by a date certain consistent with the remedial purpose of the Court's injunction. Defendants' renewed request for a stay pending appeal is denied. Any other issues (such as an accounting) that the parties believe require Court intervention shall be addressed and fully briefed in a post-judgment motion.

The Court ORDERS the Defendants to:

1.  Make lawful continuation determinations by December 30, 2025;

2.  Issue continuation awards by December 31, 2025, with the budget period starting on January 1, 2026, consistent with 34 C.F.R. § 75.253(d);

3.  File a status report no later than January 5, 2026, identifying which discontinued grantees within Plaintiff States received a continuation award and which did not

---

[1] The Court also notes that Defendants have been on notice since October 2025 that Plaintiffs were likely to prevail in this action, which undercuts any sense that requiring swift compliance is surprising.

receive a continuation award and providing an explanation as to the basis for each

of those adverse determinations.

Dated this 23rd day of December, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON JOINT STATUS REPORT - 3