The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-01228-KKE |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY REQUEST FOR STAY |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | NOTE ON MOTION CALENDAR: December 30, 2025 |
| Defendants. | |

Plaintiff States provide this statement in advance of the Court's December 31, 2025, telephonic hearing. Defendants request an emergency stay of the Court's compliance deadline while the Court adjudicates Defendants' newly-filed motion to extend the Court's compliance deadline by one to four months. *See* Dkt. # 276 at n. 1. But this Court already denied Defendants' motion to stay the summary judgment order, Defendants have not met the high bar of a LCR 7(h) reconsideration motion. Moreover, Defendants cannot meet the standard to modify a judgment under Civil Rule 59 for two reasons. [1] *See Circuit City Stores, Inc. v. Manor*, 417 F.3d 1060, 1064 n. 1 (9th Cir. 2005).

---

[1] Plaintiffs reserve the right to file a response to Defendants' motion to amend the judgment.

PLAINTIFFS' RESPONSE TO EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1    First, the December 30 deadline is not manifestly unjust because Defendants have repeatedly represented that they could meet an end-of-year continuation award deadline, and they have repeatedly declined opportunities to argue otherwise. The Court should not credit their eleventh-hour change in position and latest attempt to delay to the detriment of the affected grantees. Defendants also claim that they had no opportunity to object to Plaintiffs' request for a deadline of December 30 for lawful continuation decisions, but omit that Plaintiff States informed Defendants' counsel they would make this request during the parties' meet and confer. Range Decl. ¶ 7.

On October 31, 2025, Defendants told this Court that "there is nothing to indicate that the Department will be unable to fully comply with a ruling of the Court" if the parties' motions for summary judgment were noted for December 22, 2025. Dkt. # 198 at p. 4–5. On November 10, Plaintiffs filed their Motion for Summary Judgment and attached their Proposed Order, which expressly stated that Plaintiffs sought lawful continuation decisions by December 26, 2025. Dkt. # 208-1 at 3. Defendants did not raise any concerns about this December 26 deadline—let alone provide any evidence to suggest their inability to meet an end-of-year deadline—in their opposition to Plaintiffs' Motion for Summary Judgment (Dkt. # 256) or their Reply in Support of Defendants' Cross-Motion for Summary Judgment (Dkt. # 264). Indeed, Defendants told the Ninth Circuit that the Department "has not" identified any reason not to continue the grants other than 34 C.F.R. § 75.253(a)(5), and that without an emergency stay by the appellate court, they would "have little choice" but to issue any continuation awards before the appropriations expired at the end of the year. App. Dkt. # 43.1 at p. 5, 8–9.

Defendants' about-face is hollow. The newest Carr declaration describes a burdensome process that seeks information beyond that which Defendants requested from grantees who were not discontinued, and that imposes burdens that appear to go well beyond the process Defendants used for the grantees who were not discontinued. *See* Dkt. # 278. For example, as described in the *Discretionary Grantmaking Guidance*, any financial monitoring already occurs over the

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1  course of the year, as grantees make drawdowns. Dkt. # 50-14 at p. 37. Further, at the meet and
2  confer, Defendants' counsel told Plaintiffs' counsel that they needed additional time to review
3  grants in Plaintiff States for discriminatory practices, to work with grantees to remove these
4  practices from the grants, and to downgrade the award amounts. Range Decl. ¶ 7. This step is
5  conspicuously absent from the Carr declaration, casting doubt on the burdensome process they
6  purport to require.[2]

7  Second, Defendants' proposal to fund the affected grants "on a prorated basis" for up to
8  four months will not mitigate the harms that the Court's injunction is designed to avoid. As an
9  initial matter, Defendants have apparently obligated **all** remaining appropriations for Program
10 grants, other than the funds they froze for the approximately sixty grants they believe are covered
11 by the Court's preliminary injunction order. Range Decl., Ex. B. Now, they propose to spread
12 these limited funds out among approximately 140 grants that are covered by the Court's
13 summary judgment order. Dkt. # 257 ¶11. This means, as a matter of basic arithmetic, it is likely
14 Defendants will not be able to grant a full year continuation award for 2026 to any single affected
15 grantee. Defendants may then attempt to use the lack of available funds as an excuse to deny
16 continuation to the grantees when they finally get around to making continuation award decisions
17 in four months.

18 Further, Defendants propose awarding each grantee an interim 5/52 share of their 2026
19 budget. This is not workable. Projects do not spend funds in equal increments of 5/52. For
20 instance, MHSP grantees will need to issue scholarship awards to students at the beginning of
21 January in order to cover the students' tuition for the upcoming quarter—not the upcoming five
22 weeks. As another example, SBMH grantees use Program funds to hire program staff. As
23 repeatedly explained, peoples' livelihoods (and the necessary benefits, such as healthcare) are at

---

[2] If the Court is inclined to grant Defendants' request, Plaintiff States request an expedited evidentiary hearing to question Ms. Carr concerning this and other factual representations made in her declaration, including whether their proposal to provide "interim awards" would effectively deny all discontinued grantees the ability to receive a full year's worth of funds.

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

stake. *See* Dkt. # 272 at 4. They also offer retention bonuses and incentives that are awarded at the end of the year. Without a guarantee of future funds, the incentives have no value—negating an important component of these projects. As a third example, without a guarantee of future funding, some grantees may not even be able to make use of a 5/52 share, because their project activities depend on certainty and the ability to accurately project costs. For instance, a grantee who planned to use funds in January to recruit new mental health staff members cannot actually do so if the grantee does not know if they will have funding to pay the new staff members' salaries.

If Defendants were going to be unable to provide continuation awards by December 30, they should have said so months ago, not today. But they actually said the opposite. And further delay, especially according to Defendants' proposal, would rob the Plaintiffs States of effective relief and rob this Court's order of its intended effect—prolonging the uncertainty and harms that the grantees have suffered and continue to suffer since Defendants unlawfully discontinued their grants eight months ago. The Court should deny Defendants' emergency request for stay.

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 31st day of December 2025.

I certify that this memorandum contains 1,079 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
IAN R. LISTON*
Director of Impact Litigation
JENNIFER-KATE AARONSON*
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Vanessa.Kassab@delaware.gov
Jennifer.Aaronson@delaware.gov
Ian.Liston@delaware.gov

*Attorneys for State of Delaware*

PLAINTIFFS' RESPONSE TO EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | | |
|---|---|---|
| 1 | WILLIAM TONG<br>Attorney General of Connecticut | ANTHONY G. BROWN<br>Attorney General of Maryland |
| 2 | | |
| 3 | */s/ Andrew Ammirati*<br>ANDREW AMMIRATI* | */s/ Michael Drezner*<br>MICHAEL DREZNER* |
| 4 | Assistant Attorney General<br>165 Capitol Ave | Senior Assistant Attorney General<br>Office of the Attorney General |
| 5 | Hartford, CT 06106<br>860-808-5090 | 200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202 |
| 6 | Andrew.Ammirati@ct.gov | 410-576-6959<br>Mdrezner@oag.state.md.us |
| 7 | *Attorney for State of Connecticut* | *Attorney for State of Maryland* |
| 8 | | |
| 9 | KWAME RAOUL<br>Attorney General of Illinois | AARON M. FREY<br>Attorney General of Maine |
| 10 | | |
| 11 | */s/ Emily Hirsch*<br>EMILY HIRSCH* | */s/ Sarah A. Forster*<br>SARAH A. FORSTER* |
| 12 | Assistant Attorney General<br>Office of the Illinois Attorney General | Assistant Attorney General<br>Office of the Attorney General |
| 13 | 115 S. LaSalle St<br>Chicago, IL 60603 | 6 State House Station<br>Augusta, ME 04333-0006 |
| 14 | 773-835-0148<br>Emily.Hirsch@ilag.gov | 207-626-8800<br>Sarah.Forster@maine.gov |
| 15 | *Attorney for State of Illinois* | *Attorney for State of Maine* |
| 16 | | |
| 17 | | |
| 18 | PHILIP J. WEISER<br>Attorney General of Colorado | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts |
| 19 | */s/ Sarah H. Weiss* | */s/ Katherine Dirks* |
| 20 | SARAH H. WEISS*<br>Senior Assistant Attorney General | KATHERINE DIRKS*<br>Chief State Trial Counsel |
| 21 | Colorado Department of Law<br>Ralph L. Carr Judicial Center | YAEL SHAVIT*<br>Chief, Consumer Protection Division |
| 22 | 1300 Broadway, 10th Floor<br>Denver, CO 80203 | Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108 |
| 23 | 720-508-6000<br>Sarah.Weiss@coag.gov | 617-963-2277<br>Katherine.Dirks@mass.gov<br>Yael.Shavit@mass.gov |
| 24 | *Attorney for State of Colorado* | |
| 25 | | *Counsel for Commonwealth of Massachusetts* |
| 26 | | |

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| LETITIA JAMES<br>Attorney General of New York<br><br>/s/ Rabia Muqaddam<br>RABIA MUQADDAM*<br>Special Counsel for Federal Initiatives<br>MARK LADOV*<br>Special Counsel<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8240<br>Rabia.Muqaddam@ag.ny.gov<br>Mark.Ladov@ag.ny.gov<br><br>*Attorneys for State of New York* | RAÚL TORREZ<br>Attorney General of New Mexico<br><br>/s/ Aletheia V.P. Allen<br>ALETHEIA V.P. ALLEN*<br>Solicitor General<br>LAWRENCE M. MARCUS*<br>Assistant Solicitor General<br>New Mexico Department of Justice<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>505-527-2776<br>Aallen@nmdoj.gov<br>Lmarcus@nmdoj.gov<br><br>*Attorneys for State of New Mexico* |
| DANA NESSEL<br>Attorney General of Michigan<br><br>/s/ Neil Giovanatti<br>NEIL GIOVANATTI*<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>517-335-7603<br>GiovanattiN@michigan.gov<br><br>*Attorney for People of Michigan* | AARON FORD<br>Attorney General of Nevada<br><br>/s/ Heidi Parry Stern<br>HEIDI PARRY STERN*<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>702-486-3420<br>HStern@ag.nv.gov<br><br>*Attorney for State of Nevada* |
| DAN RAYFIELD<br>Attorney General of Oregon<br><br>/s/ Coby Howell<br>COBY HOWELL*<br>Senior Assistant Attorney General<br>Trial Attorney<br>Oregon Department of Justice<br>100 SW Market St.<br>Portland, OR 97201<br>971-673-1880<br>Coby.Howell@doj.oregon.gov<br><br>*Attorney for State of Oregon* | PETER F. NERONHA<br>Attorney General of Rhode Island<br><br>/s/ Kyla Duffy<br>KYLA DUFFY*<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>401-274-4400, Ext. 2809<br>Kduffy@riag.ri.gov<br><br>*Attorney for State of Rhode Island* |

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

| | |
|---|---|
| 1 | JOSHUA L. KAUL |
| | Attorney General of Wisconsin |
| 2 | |
| | /s/ Frances Reynolds Colbert |
| 3 | FRANCES REYNOLDS COLBERT* |
| | Assistant Attorney General |
| 4 | Wisconsin Department of Justice |
| | Post Office Box 7857 |
| 5 | Madison, Wisconsin 53707-7857 |
| | 608-266-9226 |
| 6 | Frances.Colbert@wisdoj.gov |
| 7 | *Attorney for State of Wisconsin* |
| 8 | *Admitted pro hac vice* |

PLAINTIFFS' RESPONSE TO
EMERGENCY REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744