The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-01228-KKE |
| Plaintiffs, | DECLARATION OF ELLEN RANGE IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY REQUEST FOR STAY |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

I, Ellen Range, declare as follows:

1.      I am over the age of 18, competent to testify as to the matters herein, and make this declaration based on my personal knowledge. I am one of the attorneys representing Plaintiff State of Washington in the above-captioned matter.

2.      Pursuant to this Court's Order on Cross-Motions for Summary Judgment, I emailed Defendants' counsel Sunday night, December 21, asking for counsel's availability for a meet and confer Monday morning. Attached as Exhibit A please find a true and correct copy of this and the following email correspondence between myself and Defendants' counsel.

3.      Counsel responded at 10:05 a.m., December 22, indicating the meeting would not be that morning, and he would provide his availability after his meeting with Defendants.

DECLARATION OF ELLEN RANGE IN
SUPPORT OF PLAINTIFFS' RESPONSE
TO DEFENDANTS' EMERGENCY
REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

1

1      4.      After I pressed counsel on when that might be, he suggested at 10:59 a.m.,

2   11:00 a.m.

3      5.      When I called him, I was put through to voicemail. Counsel clarified that he

4   meant we should meet and confer at 11 a.m., the next day on December 23. When I said this

5   time would not work, he asked me: "Why?"

6      6.      I then had to inform counsel that the Joint Status Report was due at 12 p.m. the

7   day he suggested we meet. Counsel admitted that he had not seen this part of the order and then

8   finally agreed to meet with me on Monday, the day before the Joint Status Report was due.

9      7.      We talked at around 2 p.m. While I offered to move back from the

10  December 26, 2025, deadline in our proposed summary judgment order, to December 30,

11  counsel told me that Defendants would need 75 days (not 105 days). When I balked, counsel

12  stated that Defendants needed this time to review grants in Plaintiff States for discriminatory

13  practices, to work with grantees to remove these practices from the grants, and to downgrade the

14  award amounts. Counsel stated that Defendants understood this was permissible under "any

15  other relevant information" under 34 C.F.R. § 75.253(b). I pointed out that this was in direct

16  contravention of the Court's order, citing the Court's application of the *ejusdem generis* rule on

17  page twenty-five. Counsel said that it did not read the Court's ruling so narrowly.

18     8.      Counsel asked that Plaintiff States "take the laboring oar" for filing and promised

19  me that he would get me Defendants' position later that night or first thing tomorrow morning.

20  I memorialized this commitment in an email I sent to him at 2:58 p.m.

21     9.      As of Wednesday at 9:10 a.m., Defendants still had not provided their position. I

22  emailed counsel at this time to request their position.

23     10.     Receiving no response, I followed up at 10:23 a.m., asking counsel to

24  communicate when we were going to swap positions, proposing no later than 10:30 a.m.

25     11.     Again receiving no response, I followed up again at 10:42 a.m.

26

DECLARATION OF ELLEN RANGE IN
SUPPORT OF PLAINTIFFS' RESPONSE
TO DEFENDANTS' EMERGENCY
REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1       12.    At 10:52 a.m., counsel communicated with me for the first time that day, to tell

2   me that he had not forgotten me and that he was still waiting on information from his client. He

3   also provided me with information regarding Defendants' limited reservation of funds for

4   grantees in Plaintiff States. Although at the time of the Court's preliminary injunction order there

5   were two years' of Bipartisan Safer Communities Act funds remaining, Defendants only

6   reserved funds for grantees that were covered by the preliminary injunction and only for one

7   year (2026). A true and correct copy of this email is attached as Exhibit B.

8       13.    At 11:22 a.m., I received an email from Defendants' counsel, simply stating:

9   "Here is ED's contribution."

10       14.    At 11:27 a.m., I sent him Plaintiffs' position, along with rebuttal, informing him

11   that I would add in Defendants' position and any additional rebuttal to the attached. A true and

12   correct copy of this email is attached as Exhibit C.

13       15.    At 11:44 a.m., Defendants requested that I add a paragraph to the Joint Status

14   Report. *See* Ex. A. This paragraph was added and Plaintiff States filed the Joint Status Report.

15       I declare under penalty of perjury under the laws of the State of Washington and the

16   United States of America that the foregoing is true and correct.

17       DATED this 30th day of December 2025 at Tacoma, Washington.

18

19   */s/ Ellen Range*
    ELLEN RANGE, WSBA #51334
    Assistant Attorney General

20

21

22

23

24

25

26

DECLARATION OF ELLEN RANGE IN
SUPPORT OF PLAINTIFFS' RESPONSE
TO DEFENDANTS' EMERGENCY
REQUEST FOR STAY
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744