The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-01228-KKE |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | NOTED ON MOTION CALENDAR: JANUARY 13, 2026 |
| Defendants. | |

## I. INTRODUCTION

From the very start of this litigation, Plaintiffs' expressed goal has been to obtain lawful continuation award decisions before the end of the current budget period, December 31, 2025. This requested relief was expressed in their Complaint, in their representations to the Court, in their joint status reports, and in their motion for summary judgment. Plaintiffs achieved this goal on paper, only to find that Defendants defied the Court's orders and now claim the December deadline was a surprise, and is an impossibility that they should not be penalized for failing to meet, no matter how at fault Defendants are for creating this so-called impossibility.

With their compliance past due, Defendants reached for Civil Rule 59(e) to amend the Court's compliance deadline and give themselves extra time to make lawful continuation award decisions. However, modification of a lawfully entered judgment is an extraordinary remedy,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

requiring extraordinary circumstances not present here. Defendants misuse this rule to introduce new legal argument and new evidence clearly available to them when the compliance timeline first arose as an issue months ago. The Ninth Circuit rightly rejects use of this rule to relitigate issues already decided, and under binding precedent, this Court should reject Defendants' motion. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111-12 (9th Cir. 2011).

In the alternative, should the Court grant Defendants' motion, Plaintiffs request the Court modify Defendants' proposed amended judgment to order interim awards that allow Plaintiffs to proceed for the remainder of this school year (six months), rather than Defendants' proposal of five weeks.

## II. STATEMENT OF FACTS

**A. Defendants Were Repeatedly Put on Notice that Plaintiffs Must Receive Lawful Continuation Decisions and Resulting Awards by December 31, 2025, to Avoid Irreparable Harm, and Defendants Repeatedly Represented They Could Do So**

Since the beginning of this lawsuit, Defendants have known that Plaintiffs would seek an order requiring the Department to make lawful continuation decisions "prior to the next budget period," i.e. before January 1, 2026. Dkt. 1 at 44. In their preliminary injunction briefing, Plaintiffs explained that the unlawful discontinuation decision caused ongoing irreparable harm, not only due to the loss of funds after December 31, 2025, but also due to uncertainty about funding. *See, e.g.*, Dkt. 49 at 21-23, 36-40; Dkt. 150 at 20. In response to Defendants' multiple requests for deadline extensions and stays, Plaintiffs have repeatedly emphasized the need for a speedy resolution to end these ongoing harms and to ensure Defendants could make continuation decisions and issue any continuation awards before December 31, 2025. *See, e.g.*, Dkt. 169 ¶4 (response to Defendants' request to extend Defendants' motion for preliminary injunction response deadline); Dkt. 168 at 3-7 (response to Defendants' request to extend Defendants' motion to dismiss reply deadline); Dkt. 184 at 1-2 (response to Defendants' request to stay case). On one of these occasions, the Court ordered Plaintiffs to respond within twenty-four hours

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

because Defendants had filed their motion to stay two court days before Defendants' counsel was taking a long-planned three-week vacation overseas. Dkt. 166; *see* Dkt. 165 ¶2. The Court has denied Defendants' motions and recognized the need for urgency. *See, e.g.*, Dkt. 172 at 2 (finding extension to briefing schedule would unduly prejudice Plaintiffs); Dkt. 186 at 2 (finding harm to Plaintiffs due to delay outweighed hardship to Defendants).

Plaintiffs' request for a December 31, 2025, compliance deadline was also pointedly discussed during the preliminary injunction hearing. At the preliminary injunction hearing on September 5, 2025 (117 days before the end of the year), when the Court was asking about the status quo and what would happen if the Court set aside the discontinuances, Plaintiffs expressed their expectation that the status quo would apply to grantees that were discontinued and that Defendants would "revisit the continuation award decision at the end of this year." Sept. 5, 2025 Hr'g Tr. (PI Tr.) 7:10-20. The Court then directly addressed the end-of-the-year deadline with Defendants:

> THE COURT: All right. ***Let's talk about how this process generally works. On what timeline are continuation awards normally made?***
>
> Based on the declarations in the record, it looks like grantees were typically notified in December if their application would be funded for the following calendar year. Although when an application was granted initially, the award does indicate how many years it was intended to last, so the grantees could plan ahead. And I believe the regulations tell the Secretary to advise the grantee if they are, in fact, getting a multiyear award.
>
> ***So if the Court here were to set aside non-continuation decisions issued in April, could new decisions that comply with the APA be made before the end of the year?***
>
> MR. KIPNIS: I don't know the answer to that, Your Honor.

*Id*. 31:5-20 (emphasis added).

And at the motion to dismiss hearing, Plaintiffs further addressed the status quo established by the preliminary injunction and their expectation that Defendants would be starting the continuation process at that time. Oct. 9, 2025 Hr'g Tr. 36:7-11.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

On October 27, 2025, the Court granted Plaintiffs' Motion for Preliminary Injunction, finding that Plaintiffs were likely to succeed on the merits of at least one of their APA claims and that Plaintiffs had showed "numerous irreparable harms flowing from the discontinuation decisions." Dkt. 193 at 12, 16-20.

On October 31, 2025 (sixty-one days before the end of the year), the parties submitted their Joint Status Report that set forth competing proposals for the briefing schedule for the parties' cross motions for summary judgment. Dkt. 198. Plaintiffs explained:

> Expediency is necessary to protect state interests affected by state grantees who were not covered by the preliminary injunction order and, should the Court grant Plaintiffs' summary judgment, Defendants need for time to comply with any orders of the Court affecting the continuation process before the current budget period ends, December 31, 2025.

*Id*. at 2. Plaintiffs also explained, "Given the deteriorating conditions of Plaintiffs' programs and the end of year continuation award process, an expedited briefing schedule is necessary for Plaintiffs to obtain relief before the current budget periods expire on December 31, 2025." *Id*. Plaintiffs proposed that the parties complete summary judgment briefing by December 2, 2025.

Defendants counter-proposed a schedule under which the parties would complete summary judgment briefing by December 22, 2025. *Id*. at 5. Defendants represented that this schedule "satisfies the states' interest in receiving a ruling before December 31[.]" *Id*. at 3. Defendants further represented that they would be able to "fully comply" with any court ruling under their proposed schedule:

> In any event, this Court ordered Defendants to comply with its preliminary injunction in 24 hours, and Defendants complied within that time as ordered by the Court. Notwithstanding, Plaintiffs' representations to the contrary, ***there is nothing to indicate that the Department will be unable to fully comply with a ruling of the Court****…****if the Court adopts****…****the briefing schedule proposed by Defendants***.

*Id*. at 4-5 (emphasis added). On November 3, 2025, the Court ordered the parties to complete summary judgment briefing by December 5, 2025—more than two weeks earlier than Defendants' proposed date. Dkt. 200.

B.  **Defendants Argued Against the December Deadline for the First Time at the Summary Judgment Hearing and Provided Supporting Evidence for the First Time in its Motion to Amend**

On November 10, 2025 (fifty-one days before the end of the year), Plaintiffs filed their motion for summary judgment. Dkt. 208. In their proposed order, Plaintiffs requested that the Court order Defendants to "make a lawful continuation determination as to each Discontinued Program Grant no later than December 26, 2025," and, if the requirements are met, issue continuation awards by December 26, 2025. Dkt. 208-1 at 2-3. Defendants did not provide any argument or raise any concerns about their ability to meet this deadline in their cross-motion and opposition to Plaintiffs' motion (Dkt. 256) or in their reply brief (Dkt. 264). Nor did Defendants' witness raise any concerns about Defendants' ability to make timely continuation decisions and awards in her declaration dated November 21, 2025 (forty days before the end of the year). *See* Dkt. 257.

At the December 11, 2025 summary judgment hearing, the Court expressed concerns about the timing. *See, e.g.*, Dec. 11, 2025 Hr'g Tr. 39:2-41:9. Plaintiffs explained that under the preliminary injunction, "the Department should already be going through the continuation-award process for all of the grants[,]" including gathering any information necessary for that process, and that the evidence showed Defendants had sent emails to discontinued grantees informing the grantees that they had made substantial progress. *Id*. Plaintiffs pointed out that they expressly requested a December 26 deadline in their proposed order, and that Defendants had yet to contest the December 26 deadline or provide evidence that they could not meet it. *Id*.

In response, Defendants for the first time betrayed that they had done little to comply with the preliminary injunction order and contested their ability to meet the December deadline. Instead, Defendants suggested they would need to "return" to the continuation process for these grantees and consider performance data, a process Defendants claimed would take "beyond an order of months[.]" *Id.* 63:4-64:18. When the Court directly asked Defendants about these substantial progress email notifications that Defendants had sent to grantees, Defendants'

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

counsel merely stated he was not aware of them, even though examples of these emails have been in the record since August 15, and these emails were cited and discussed in the section of Plaintiffs' Motion for Summary Judgment titled, in part, "Grantees are Making Substantial Progress." *Id.* 65:9-17; Dkts. 151-2, 152-6; *see* Dkt. 208 at 12-13. Based on their review of Annual Performance Reports, Defendants had informed grantees that they had made "substantial progress":

> Dear grantee, [a]fter reviewing the Annual Performance Report (APR) submitted for the 2024 year, the program office has determined that you have made substantial progress towards achieving the goals and objective of the project, and the grants performance targets.

Dkt. 152-6 at 2; *see also, e.g.*, Dkt. 151-2; Dkt. 233-6; Dkt. 315 Ex. A; Dkt. 334 Ex. A; Dkt. 321 Ex. A.[1]

On December 19, 2025, the Court granted Plaintiffs' Motion for Summary Judgment, finding Defendants acted arbitrarily and capriciously and contrary to law. Dkt. 269 at 29. As a remedy, the Court vacated the discontinuances and ordered that Defendants issue new continuation decisions by a deadline agreed to by the parties or alternately proposed in a joint status report. *Id.* at 33, 35-36. The Court's concern arose from a limited reason: that grantees had not yet submitted performance reports. *Id.* at 33, 35 (compliance timeline included appropriate interim deadlines for performance reports).

During the subsequent meet and confer, Plaintiff States attempted to compromise, by moving their proposed December 26 deadline for lawful continuation decisions back to December 30 and for the issuance of continuation awards back to December 31. Dkt. 281 ¶7. Defendants stated that they would need seventy-five days to complete the continuation award process for grantees in Plaintiff States. *Id.* Defendants explained they needed this time to review grants for discriminatory practices, to work with grantees to remove these practices from the grants, and to downgrade the award amounts. *Id.* However, the next day, in the Joint Status

---

[1] Declarations cited in this response were filed in support of Plaintiffs' Motion to Enforce Summary Judgment Orders, Dkt. 288, filed contemporaneously with this brief.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1  Report, Defendants upped their request to 105 days, without objecting to or detailing their
2  reasoning as to why Plaintiffs' timeline would not be feasible, nor disputing that they have the
3  reports necessary to make continuation awards at this time. Dkt. 272 at 2, 8-9.

4  Following the parties' submission of the Joint Status Report, the Court ordered lawful
5  continuation determinations by December 30, 2025, and continuation awards by
6  December 31, 2025, "consistent with the remedial purpose of the Court's injunction." Dkt. 273
7  at 2.

8  Instead of complying with these deadlines, Defendants requested a stay by email to the
9  Court and filed a motion to amend the judgment on December 30. Dkt. 276. In their motion and
10 at the subsequent hearing, Defendants made inconsistent arguments as to the length of time they
11 would need to make lawful continuation award decisions and the duration of the prorated interim
12 awards. They argued that they require 105 days to issue lawful continuation decisions and
13 requested as such in their proposed order. Dkt. 276; Dkt. 276-1. But the supporting declaration
14 describes a process that, confusingly, would take both until "January 30" (Dkt. 278 ¶7) and "four
15 months" (Dkt. 278 ¶5). Defendants went on to offer an interim award "for an interim period of
16 up to four months," and in the same breath, one that covered five weeks. Dkt. 278 ¶5. Such
17 inconsistency rendered the declaration indecipherable, even for Defendants' counsel, and the
18 Court requested an amended declaration to be filed on January 5. Dec. 31, 2025, Hr'g Tr. 26:18-
19 28:12. This declarant, Dana Carr, was the same declarant who provided evidence to support their
20 summary judgment motion and oppose Plaintiffs' summary judgment motion. Dkt. 257.

21 With the amended declaration in place, Defendants have whittled their initial request of
22 four months down to five weeks. Dkt. 285 ¶3. Defendants provide no explanation as to why a
23 need for four months has dissipated overnight, other than the Court's refusal to grant a stay.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

### C. Defendants' Offer of Five Week Interim Awards Does Little to Address the On-Going Harms Suffered by Grantees

Defendants unlawfully discontinued Plaintiffs' grants on April 29, 2025. Dkt. 269 at 7. Since then, Plaintiffs, grantees, universities, schools, school districts, state agencies, mental health professionals, graduate students, and the children who receive the mental health services provided by these grants have suffered increasing harm due to the cloud of uncertainty over whether the affected grants would continue to receive funding in 2026. For grantees that operate on an academic calendar, the five-week awards do nothing to restart grant activities that require certainty for the rest of the academic year.[2] Grantees cannot offer five-week scholarships, or five-week employment contracts. *See also, e.g.*, Dkt. 288 §§ II.D, III.A.

As a result, MHSP graduate programs have lost graduate students and are unable to offer scholarships and recruit for next academic year.[3] For example, at the University of Maryland-Baltimore, "seven students, including four graduate and three undergraduate students, have already left the program due to uncertainty about MHSP funding. This attrition is unprecedented and has not occurred in previous program years." Dkt. 331 ¶13. In some cases, SBMH grantees have lost mental health professionals due to union contracts that require positions to be funded for a full semester.[4] Worst of all, a five-week award creates special burdens because if a grantee is lawfully discontinued partway through the semester, the sudden loss of funding will disrupt mental health services to kids and may require grantees to divert resources to transitioning students' treatment to other providers in order to minimize the harm.[5] If the interim awards were issued for six months, that would at least provide certainty for the

---

[2] Dkt. 290 ¶9 (pausing all grant activities upon receiving discontinuances); Dkt. 328 ¶9a (program stalled because mid-year cancellation would put the students' graduation at risk as well as harm the University's reputation); Dkt. 337 ¶10a (describing pause in graduate student enrollment since September due to uncertainty of funds).

[3] *See, e.g.*, Dkt. 296 ¶10d; Dkt. 324 ¶8; Dkt. 328 ¶¶9-10; Dkt. 337 ¶12; Dkt. 340 ¶8.

[4] *See, e.g.*, Dkt. 301 ¶11; Dkt. 308 ¶9c; Dkt. 318 ¶8; Dkt. 339 ¶9.

[5] Dkt. 291 ¶8k; Dkt. 292 ¶9; Dkt. 293 ¶10; Dkt. 295 ¶12b; Dkt. 297 ¶¶11e-h; Dkt. 302 ¶¶12c-d; Dkt. 304 ¶11c; Dkt. 305 ¶¶9b-c; Dkt. 307 ¶10; Dkt. 309 ¶¶13d, h; Dkt. 310 ¶10; Dkt. 311 ¶11; Dkt. 321 ¶9d; Dkt. 322 ¶10b; Dkt. 323 ¶¶12-13; Dkt. 325 ¶12c; Dkt. 327 ¶10d; Dkt. 328 ¶12; Dkt. 329 ¶¶9b-c; Dkt. 333 ¶11; Dkt. 334 ¶9c; Dkt. 338 ¶10c; Dkt. 339 ¶10; Dkt. 340 ¶9.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

remainder of the academic school year and ameliorate at least some of these harms—as opposed to none at all.[6]

### D. Defendants' Interim Awards Could Further Harm Plaintiffs

As part of this motion to amend, Defendants offered interim awards to cover the time it would take for the Court to resolve Defendants' motion to amend. Dkt. 285 ¶¶3-4. The source of the proposed interim funds would be the program funding Defendants reserved pursuant to the Court's October 27, 2025, preliminary injunction. Dkt. 278 ¶6.

These interim awards pose a problem. At the emergency stay hearing, Defendants conceded that these interim awards will deplete the limited funds that Defendants set aside for grantees covered by the preliminary injunction. Dec. 31, 2025, Hr'g Tr. 25:2-7. The funds initially reserved for around 60 grantees will not cover operations for around 140 grantees for the full 2026 program year. *Id.* In order for the smaller subset of grantees covered by the preliminary injunction to be funded through 2026, Defendants conceded that Congress would need to appropriate more funds. *Id.* 26:1-5. But Congress is negotiating appropriations now, and the Defendants requested $0 for the Program's account in their FY2026 budget request. Dkt. 326 Ex. C.

### III.   ARGUMENT

A. **The Court's Compliance Deadlines Were Not Manifestly Unjust; Had Defendants Complied with the Preliminary Injunction, the December Compliance Deadlines Were Possible**

A Rule 59(e) motion is only appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). This "extraordinary remedy . . . should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999) (en banc) (per

---

[6] *See* Dkt. 288 n.12.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

curiam), and does not fit the circumstance present here, where Defendants "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir.2000); *see also Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Here, Defendants violate the Ninth Circuit's prohibition on using Rule 59(e) motions to raise arguments and present evidence they could have reasonably raised earlier in the litigation. Specifically, they introduce for the first time a declaration contesting Defendants' ability to meet the December compliance deadlines and purports to justify their request for an additional 105 days. Dkt. 278. However, Defendants reasonably could have provided the evidence they now rely on earlier, in their opposition to summary judgment, as the same witness provided a declaration back then and Defendants were on notice of Plaintiffs' requested relief. Dkt. 208-1; Dkt. 257; Dkt. 278. Instead, Defendants chose to keep their cards hidden. Dkt. 257. Perhaps this was a tactical choice. Had they contested the December deadline, Plaintiff States would have had a reasonable opportunity to respond with their own rebuttal evidence, and the issue would have been properly before the Court. A Rule 59(e) motion may not serve to correct this tactical choice by Defendants. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (finding no manifest injustice and denying reconsideration when it "would serve no need other than to correct what has—in hindsight—turned out to be a poor strategic decision by [the movant].").

Defendants suggest that they did not have a reasonable opportunity to rebut the Plaintiffs' demand for an order before the end of 2025, even though the Court gave them another opportunity to argue against it in a joint status report following the Court's opinion. But this was far from the first time they had an opportunity to object to Plaintiffs' request for a continuation decision before the end of December 2025. The record shows plenty of advance notice and opportunity to respond: Plaintiffs' Complaint requested an order, "requiring the Department to

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

make a new continuation award decision prior to the next budget period . . . .," Dkt. 1 at 44; the Court, questioning Defendants on whether they would be able to make their continuation decisions before the end of the year, PI Tr. 31:5-20 (to which Defendants' counsel responded: "I don't know the answer to that, Your Honor"); Defendants' assurances that their proposed summary judgment schedule (with briefing not complete until December 22) would not interfere with their ability to implement any order the Court could issue, Dkt. 198 at 4-5; Plaintiffs' proposed order, requesting a December 26 deadline and Defendants' failure to submit evidence opposing this deadline, Dkt. 208-1, Dkt. 256; and lastly the December 22 meet and confer, where Plaintiffs informed Defendants of their plan to request a December 30 deadline, Dkt. 277 ¶2; Dkt. 281 ¶7.

To make matters worse, Defendants request relief from the December compliance deadlines with unclean hands. This situation, where Defendants claim they cannot comply with the Court's compliance deadline, is entirely their fault. Defendants again and again used delay tactics in litigation that Plaintiffs resisted. *See, e.g.*, Dkt. 169 ¶4 (response to Defendants' request to extend preliminary injunction response deadline); Dkt. 168 at 3-7 (response to Defendants' request to extend motion to dismiss reply deadline); Dkt. 184 at 1-2 (response to Defendants' request to stay case). And, instead of starting and completing the continuation award process for grantees in Plaintiff States by the end of the year, as they did for other non-discontinued grantees, Defendants now request a February 6 deadline. Dkt. 332 ¶4; Dkt. 326 ¶3; Dkt. 285 ¶¶3-4. Where the alleged "manifest injustice" is the fault of the complaining party, courts decline to find an injustice. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (finding no manifest injustice when the harm from the Court's order could "have been avoided through the exercise of due diligence" by the movant); *Marbury L. Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) (granting Rule 59(e) where movant was not at fault for misdelivered opposition brief).

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

Because Defendants had a reasonable opportunity to litigate this compliance deadline and Defendants created the "impossibility" of meeting it, the unpublished case Defendants rely on, *Delta Smelt Consol. Cases*, 2011 WL 1740308 (E.D. Cal. May 4, 2011), is inapplicable. *See* Dkt. 276 at 8. There, the district court held that a compliance deadline it had set was manifestly unjust because compliance was not possible. *Delta Smelt Consol. Cases*, 2011 WL 1740308, at *6. However, the challenged compliance deadline had not been proposed by either party. *Id.* at *1 (setting forth a nine-month compliance deadline, when parties later asked for twenty and thirty months respectively), *2 ("Federal Defendants emphasize that no party proposed such a compressed schedule."). As Plaintiff States have repeatedly asked for a December continuation award decision deadline and requested this compliance deadline as part of summary judgment, this Court should not find that its award of the December compliance deadlines was manifestly unjust. Instead, the Court should deny this motion and hold Defendants to account for failing to meet these deadlines, as Plaintiffs request in their separate, concurrently filed, motion for enforcement.

**B.    Alternatively, The Court Should Amend Defendants' Offer of Five-Week Interim Awards to Six-Month Interim Awards**

As an additional consideration, there is a chance that appropriations for fiscal year 2026 might still be available under the current Continuing Resolution (CR). *See* Continuing Appropriations Act, Pub. L. No. 119-37, 139 Stat. 495, 496 (2025). If so, those appropriations may be extinguished on January 30, 2026, should Congress pass a regular appropriations bill that provides $0 for the Program's account. *Id.* at 496. If so, Plaintiffs would need continuation decisions and awards before January 30 and could not wait until February 6.

But should the Court intend to amend the compliance deadline, then it should modify Defendants' proposed amended judgment to ensure Plaintiffs' grantees have at a minimum six-months' interim funding to shield Plaintiffs against further harm from discontinuances that were vacated and subject to the Court's injunction. Defendants' proposal to amend the judgment to

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1  provide five weeks of interim funding is grossly inadequate and will not effectuate the remedial

2  purposes of the Court's summary judgment order. *See supra*, § II.C; *see also* Dkt. 288, §§ II.D,

3  III.A, n.12 (requiring six-months funding because grantees incur expenses based on academic

4  terms, not weeks, and explaining how a five-week interim award will not help grantees).

5        The Court should also order Defendants, in paying these interim awards to grantees not

6  covered by the preliminary injunction, to not use the funding reserved for grantees covered by

7  the preliminary injunction, as that would defeat the purpose of the preliminary injunction by

8  exhausting these funds prior to the end of this year. *See supra*, § II.D.

### IV. CONCLUSION

The Court should reject Defendants' abuse of Rule 59(e). Defendants had more than sufficient opportunity to contest the December compliance deadlines and chose to remain silent.

DATED this 9th day of January 2025.

I certify that this memorandum contains 4169 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | | |
|---|---|---|
| 1 | ROB BONTA<br>Attorney General of California | KATHLEEN JENNINGS<br>Attorney General of Delaware |
| 2 | | |
| 3 | /s/ Crystal Adams<br>CRYSTAL ADAMS* | /s/ Vanessa L. Kassab<br>IAN R. LISTON* |
| 4 | Deputy Attorney General<br>NELI PALMA* | Director of Impact Litigation<br>JENNIFER-KATE AARONSON* |
| 5 | Senior Assistant Attorney General<br>KATHLEEN BOERGERS* | VANESSA L. KASSAB*<br>Deputy Attorneys General |
| 6 | Supervising Deputy Attorney General<br>KATHERINE MILTON* | Delaware Department of Justice<br>820 N. French Street |
| 7 | Deputy Attorney General<br>1300 I Street | Wilmington, DE 19801<br>302-683-8899 |
| 8 | Sacramento, CA 95814<br>916-210-7522 | Vanessa.Kassab@delaware.gov<br>Jennifer.Aaronson@delaware.gov |
| 9 | Crystal.Adams@doj.ca.gov<br>Neli.Palma@doj.ca.gov | Ian.Liston@delaware.gov |
| 10 | Kathleen.Boergers@doj.ca.gov<br>Katherine.Milton@doj.ca.gov | Attorneys for State of Delaware |
| 11 | Attorneys for State of California | |
| 12 | | |
| 13 | WILLIAM TONG<br>Attorney General of Connecticut | ANTHONY G. BROWN<br>Attorney General of Maryland |
| 14 | /s/ Andrew Ammirati | /s/ Michael Drezner |
| 15 | ANDREW AMMIRATI*<br>Assistant Attorney General | MICHAEL DREZNER*<br>Senior Assistant Attorney General |
| 16 | 165 Capitol Ave<br>Hartford, CT 06106 | Office of the Attorney General<br>200 Saint Paul Place, 20th Floor |
| 17 | 860-808-5090<br>Andrew.Ammirati@ct.gov | Baltimore, Maryland 21202<br>410-576-6959 |
| 18 | Attorney for State of Connecticut | Mdrezner@oag.state.md.us |
| 19 | | Attorney for State of Maryland |
| 20 | KWAME RAOUL<br>Attorney General of Illinois | AARON M. FREY<br>Attorney General of Maine |
| 21 | | |
| 22 | /s/ Emily Hirsch<br>EMILY HIRSCH* | /s/ Sarah A. Forster<br>SARAH A. FORSTER* |
| 23 | Assistant Attorney General<br>Office of the Illinois Attorney General | Assistant Attorney General<br>Office of the Attorney General |
| 24 | 115 S. LaSalle St<br>Chicago, IL 60603 | 6 State House Station<br>Augusta, ME 04333-0006 |
| 25 | 773-835-0148<br>Emily.Hirsch@ilag.gov | 207-626-8800<br>Sarah.Forster@maine.gov |
| 26 | Attorney for State of Illinois | Attorney for State of Maine |

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| PHILIP J. WEISER<br>Attorney General of Colorado<br><br>/s/ Sarah H. Weiss<br>SARAH H. WEISS*<br>Senior Assistant Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>720-508-6000<br>Sarah.Weiss@coag.gov<br><br>*Attorney for State of Colorado* | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts<br><br>/s/ Katherine Dirks<br>KATHERINE DIRKS*<br>Chief State Trial Counsel<br>YAEL SHAVIT*<br>Chief, Consumer Protection Division<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>617-963-2277<br>Katherine.Dirks@mass.gov<br>Yael.Shavit@mass.gov<br><br>*Counsel for Commonwealth of Massachusetts* |
| LETITIA JAMES<br>Attorney General of New York<br><br>/s/ Rabia Muqaddam<br>RABIA MUQADDAM*<br>Special Counsel for Federal Initiatives<br>MARK LADOV*<br>Special Counsel<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8240<br>Rabia.Muqaddam@ag.ny.gov<br>Mark.Ladov@ag.ny.gov<br><br>*Attorneys for State of New York* | RAÚL TORREZ<br>Attorney General of New Mexico<br><br>/s/ Aletheia V.P. Allen<br>ALETHEIA V.P. ALLEN*<br>Solicitor General<br>LAWRENCE M. MARCUS*<br>Assistant Solicitor General<br>New Mexico Department of Justice<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>505-527-2776<br>Aallen@nmdoj.gov<br>Lmarcus@nmdoj.gov<br><br>*Attorneys for State of New Mexico* |
| DANA NESSEL<br>Attorney General of Michigan<br><br>/s/ Neil Giovanatti<br>NEIL GIOVANATTI*<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>517-335-7603<br>GiovanattiN@michigan.gov<br><br>*Attorney for People of Michigan* | AARON FORD<br>Attorney General of Nevada<br><br>/s/ Heidi Parry Stern<br>HEIDI PARRY STERN*<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>702-486-3420<br>HStern@ag.nv.gov<br><br>*Attorney for State of Nevada* |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | | |
|---|---|---|
| 1 | DAN RAYFIELD<br>Attorney General of Oregon | PETER F. NERONHA<br>Attorney General of Rhode Island |
| 2 | | |
| 3 | */s/ Coby Howell*<br>COBY HOWELL* | */s/ Kyla Duffy*<br>KYLA DUFFY* |
| 4 | Senior Assistant Attorney General<br>Trial Attorney | Special Assistant Attorney General<br>150 South Main Street |
| 5 | Oregon Department of Justice<br>100 SW Market St. | Providence, RI 02903<br>401-274-4400, Ext. 2809 |
| 6 | Portland, OR 97201<br>971-673-1880 | Kduffy@riag.ri.gov |
| 7 | Coby.Howell@doj.oregon.gov | *Attorney for State of Rhode Island* |
| 8 | *Attorney for State of Oregon* | |
| 9 | | |
| 10 | JOSHUA L. KAUL<br>Attorney General of Wisconsin | |
| 11 | */s/ Frances Reynolds Colbert*<br>FRANCES REYNOLDS COLBERT* | |
| 12 | Assistant Attorney General<br>Wisconsin Department of Justice | |
| 13 | Post Office Box 7857<br>Madison, Wisconsin 53707-7857 | |
| 14 | 608-266-9226<br>Frances.Colbert@wisdoj.gov | |
| 15 | *Attorney for State of Wisconsin* | |
| 16 | *Admitted pro hac vice | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND JUDGMENT
NO. 2:25-cv-01228-KKE

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744