Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | CASE NO. C25-1228KKE <br><br> **DEFENDANTS' OPPOSITION TO STATES' EX PARTE MOTION TO SET EXPEDITED BRIEFING SCHEDULE** <br><br> (Noted On Motion Calendar For: January 9, 2026) |

    Defendants submit this very brief and very quick response to the States' wholly unannounced *Ex Parte* Motion to Set Expedited Briefing Schedule (Dkt. # 342). The States seek to require Defendants to respond within two business days to a lengthy motion that they filed Friday afternoon supported by literally dozens of declarations. Their "motion to expedite" was filed well after the close of business on the East Coast where the Department of Education is headquartered so meaningful input on the opposition to this motion will not forthcoming before next Monday.

    The States' *ex parte* motion should be denied. Although they avoid the monicker, the States' motion is, by any definition, a "motion to shorten time." As a longstanding rule in this District,

DEFENDANTS' OPPOSITION TO STATES' EX PARTE MOTION TO SET EXPEDITED BRIEFING SCHEDULE- 1
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

motions to shorten time have been "abolished."  LCR 6(b).  The States motion may and should be denied on that basis alone.  There is an alternative procedure for bringing an emergency motion to the Court's attention, *see* LCR 7(i).  The States should be expected and required to abide by that rule.  Moreover, the States identify no critically time-sensitive emergency that justifies this *ex parte* motion-- the affected grantees have all received interim grant awards pursuant to this Court's prior direction.  Rather, the States seek to place Defendants under an impossible deadline only because, as it appears, it is strategically advantageous for them.

The States' motion should also be denied because undersigned counsel cannot possibly represent his clients responsibly under the deadlines the States seek to put him under in light of his other preexisting obligations in other cases for which he is responsible.  The better course would be to allow this case to proceed on its present course, decide the question presented by the pending motion to alter or amend the judgment and, having ruled on that motion, decide how the case should best proceed from there.

For the foregoing reasons, the States' *ex parte* motion to expedite should be denied.

DATED this 9th day of January 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney


*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: (206) 553-7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendants

I certify that this memorandum contains 322 words,
in compliance with the Local Civil Rules

DEFENDANTS' OPPOSITION TO STATES' EX PARTE MOTION TO
SET EXPEDITED BRIEFING SCHEDULE- 2
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970