Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO. C25-1228KKE |
| Plaintiffs, | **REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

**INTRODUCTION**

On December 23, 2025, the Court issued an order requiring the Department to reconsider 138 non-continuation decisions on an individual basis with respect to grant agreements issued pursuant to the MHSP and SMHP programs in two business days. The Department's motion seeks only to obtain relief from a deadline that it could not possibly meet and thus did not meet. As Defendants have established with evidence, and the States do not rebut, it was not possible for the Department to comply with the Court's order within the amount of time it allowed. Under these circumstances, a motion under Rule 59(e), Fed. R. Civ. P., is both proper and appropriate. Thus, the Court should grant the relief requested by the Department.

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 1
(Case No. C25-1228KKE)

# STATEMENT OF FACTS

On Tuesday, December 23, 2025, the Court entered an order requiring the Department to issue 138 individualized new continuation decisions by December 30, 2025. On that day, the Department moved pursuant to Rule 59(e) for an order adjusting the timing of the relief ordered by the Court because the Department could not possibly comply with the Court's deadline. No evidence to the contrary has been presented to the Court. Additionally, the Department sought a stay of the compliance date while its Rule 59(e) motion was under consideration coupled with a voluntary offer to make prorated interim grant awards to the affected grantees during the anticipated five weeks this motion was under consideration.

At the hearing on the Department's motion for a stay, the Court expedited the Department's Rule 59(e) motion and denied the Department's motion for a stay. Dkt. # 282. The Court ordered the Department to file a new declaration clarifying an ambiguity in the Department's proposed timing for completing the 138 new continuation decisions. *Id.* At the hearing, the Department informed the Court it could make the interim grant awards as soon as January 9. However, the Court required the Department to issue interim awards by January 6, "backdated" to January 1. Despite best efforts, the Department was unable to meet the January 6 deadline. Instead, this task was completed on January 8.[1]

On January 5, 2026, as required by the Court, the Department filed a new declaration of Dana Carr. Dkt. # 285. The Carr declaration clarifies the Department will complete its individual continuation determinations by Fbruary 6, 2026, while providing interim funding for those five weeks. *Id.* at ¶ 3. On January 9, the Department transmitted a message to all 138 grantees to update their reporting to help inform the Department's new continuation decisions. Decl. of Carr ¶ 14 (Exhibit A). The letter seeks the exact same information as the Department normally requires making continuation decisions, and given the expedited nature of the determinations, gave grantees one week to reply. *Id.*

---

[1] The Department concedes that it was unable to meet this deadline due to technical limitations associated with the system the Department uses to make these awards. Decl. of Carr, *passim*. Nevertheless, the issuance of interim grant awards representing 5/52 of each grantees' annual grant award amount was completed on January 8. *Id.* at ¶ 13.

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 2
(Case No. C25-1228KKE)

# ARGUMENT

## I. THE DEPARTMENT'S MOTION IS PROPER AND APPROPRIATE

The district court "has considerable discretion when considering a motion to amend a judgment." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing Fed. R. Civ. P. 59(e)). The States characterize this motion as "an abuse of Rule 59(e)," but they fail to reconcile their argument with the holding in *Delta Smelt Consol. Cases*, 2011 WL 1740308, at *6 (E.D. Cal. May 4, 2011). The States do not dispute its commonsense holding, identify any material distinction, or cite any case to the contrary. They are left to simply disparage *Delta Smelt* as "unpublished." This motion is proper and appropriate.

The cases cited by the States to support their contrary argument are readily distinguishable. In *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003)), the moving party attempted to assert post-judgment two entirely new procedural arguments (failure to notify the United States of a challenge to the constitutionality of a statute and failure to join the United States pursuant to Rule 19, Fed. R. Civ. P.) that could have been raised prior to summary judgment. *Id.* at 945. Those facts are not remotely similar. The Department is not making "new arguments" it should have made before. The need to make an argument that it was not possible to comply with a requirement to issue 138 new individual continuation decisions within two business days was not known or even ripe until the Court placed the Department under that deadline.[2]

## II. THE DEPARTMENT HAD NO PRIOR OPPORTUNITY TO ARGUE THAT A COMPLIANCE DEADLINE OF TWO BUSINESS DAYS WAS IMPOSSIBLE TO MEET

The States' argument avoids the incontrovertible fact that no compliance deadline was established in this case until December 23. Until then, the compliance deadline was at most an unresolved issue. Even in its order granting summary judgment the Court refrained from establishing a compliance deadline. Instead, the Court directed the parties to meet and confer on what the deadline should be. Dkt. # 269, p. 35, pp. 35-36. In the ensuing meeting, the Department

---

[2] Likewise, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011), bears no factual similarity to the case at bar.

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 3
(Case No. C25-1228KKE)

did not join the States in their unfeasible proposal that the compliance deadline should be only two business days later. Instead, the Department proposed a significantly different and longer period for compliance. Although the positions of the parties were dramatically different, the Court adopted the States' proposal without inviting argument.

The States contend the Court's request for a joint status report gave the Department an "opportunity to argue against" the December 30 deadline. Dkt # 343, p. 10, *ll*. 21-24. Not so. At that point, there was no deadline to "argue against." Moreover, as the name implies, "status" reports are not a forum for argument, and the Department did not take it as such. The Court specifically requested "the parties' respective positions" on a reasonable deadline. Dkt. # 269, p. 35, pp. 35-36. Thus, the Department stated its position, not argument, on timing. Because the Department's position as stated in the joint status report was indisputably at odds with the States' request for a December 30 deadline, the position the Department is taking in this motion, *i.e*., that December 30 was an impossible deadline, is not in any sense different, new, or belated.

### III. THE STATES' EXPRESSED GOALS AND EXPECTATIONS ARE NOT GERMANE

Much of the States' opposition is consumed with a discussion of their goal and expectation they would obtain new grant continuation decisions before the end of the calendar year. *See* Dkt. # 343, pp. 3-4. They also contend the Department was "on notice" of this goal and expectation. *Id.* However, self-evidently, the States' goals and expectations are not relevant as they do not create legal obligations for the Department. As the record in this lawsuit fully demonstrates, the Department has consistently taken the position during this litigation that its actions were entirely lawful, and the States were entitled to no relief. Indeed, up until the date the Court issued its order on the parties' cross-motions for summary judgment and set aside the non-continuation decisions of the 138 grantees, the Department's non-continuation decisions were the legally operative decisions on the grants at issue in this lawsuit. Any expectation the Department would commence the process of reconsidering those decisions before the original decisions had been set aside by the Court was not reasonable.

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 4
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

The States assert the Department should have started the process of reconsidering grants in response to the preliminary injunction, but they do not cite any language in the preliminary injunction order requiring the Department to do so, nor could the Department have been able to knowledgeably make new continuation decisions on the basis of the preliminary injunction. For example, given the Court's ruling on summary judgment, but not in its preliminary injunction ruling, the Department is limited in the types of information it may consider in making continuation decisions, any such reconsideration of individual decisions before the summary judgment ruling issued would have been wasted effort. Undoubtedly, the Department would have had to completely redo those reconsidered decisions now because the Department's decisionmakers could not have known about this Court-imposed limitation.

## IV.    THE DEPARTMENT HAS NOT MISLED THE COURT

The Department has never misled this Court about its ability to comply with a judgment in this action. Until the Court's ruling on summary judgment on December 19, the Department could not know the basis for a determination that the Department acted unlawfully, nor would it have a starting date for commencing compliance. Without that information, the Department could not know or reliably predict a compliance date. Thus, when the Department's counsel was asked by the Court during a September 5 hearing on the States' motion for a preliminary injunction whether if the Court set aside the non-continuation decisions (on an as yet unknown date) whether the Department would be able to comply before the end of the year, the Department's counsel gave a completely truthful and non-misleading answer: "I don't know the answer to that, Your Honor." Presumably, if counsel had been asked if the Department would be able to issue 138 individualized continuation decision in two business days, counsel would have responded negatively.

## V.    THE STATES' STRATEGIC CHOICES ARE PRIMARILY TO BLAME

Resorting to "finger-pointing," the States attempt to blame the Department's "strategic choices" for the present circumstances, but the blame, if there is blame, is more properly assigned to the States. The States were the master of their own lawsuit. It was the States' choice to seek a preliminary injunction at the outset of this lawsuit, rather than filing their motion for summary

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 5
(Case No. C25-1228KKE)

1  judgment at an earlier date. As a consequence, the States' motion for summary judgment was not
2  filed until November 10. Dkt. # 208. The effect of that strategic decision was to delay the Court's
3  decision on the merits until mid-December. Indeed, by a wide measure, the States' prosecution
4  decisions were the most significant factor in the delay they now decry. The Department cannot be
5  blamed or faulted for simply defending the case as it was prosecuted by the States.

6  Equally meritless is the States' suggestion the Department intentionally delayed this action
7  and has "unclean hands" in filing this motion. While it is true that at times during the course of this
8  lawsuit, Defendants sought occasional extensions of the briefing schedule because of conflicts with
9  its attorney's schedule, this is neither unexpected nor unusual in a case spanning several months and
10 hardly indicative of bad faith or an intention to delay. Moreover, had the Department intended to
11 delay the case with these requests, it was spectacularly unsuccessful. In each instance, where more
12 time was sought, the Court either fully or partially denied the Department's motion. Thus, the States
13 cannot point to any single instance in which such a motion resulted in any appreciable delay in its
14 prosecution of this lawsuit.

VI.  THE COURT SHOULD NOT MAKE ANY ORDER CONCERING INTERIM AWARDS.

17  The States assert the Department offered interim awards as part of this motion to amend.
18 Dkt. # 343, p. 9, *ll*. 4-5. That is not correct. The Department offered to voluntarily make interim
19 awards as part of its separate *denied* telephonic motion for a stay to provide financial assistance
20 during the five weeks it projected for a ruling on this motion. It did not, and does not, seek an
21 amendment of the judgment for that purpose.

22  In their opposition, the States now ask the Court to amend the judgment to order the
23 Department to provide "a minimum of six-months interim funding." *Id.* at p. 12, *ll.* 22-25. This
24 request should be denied. First, requesting this relief in an opposition is improper. Rule 7(b)(1),
25 Fed. R. Civ. P.; *Brown v. Michaelis*, 2025 WL 896783, at *1 (W.D. Wash. March 24, 2025).
26 Second, because of the Tucker Act, the Court has no jurisdiction to require specific performance of
27 the grant agreements, nor under the APA may it order the payment of monetary compensation to the
28

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 6
(Case No. C25-1228KKE)

grantees. *See State of Cal. v. United States*, 104 F.3d 1086, 1095 (9th Cir. 1997).

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Department's principal memorandum, the Department respectfully requests that the Court grant the Department's motion and alter or amend its judgment to require Defendants to make new continuation decisions on a case-by-case basis as to all grantees covered by the judgment by February 6, 2026.

## CERTIFICATION

I certify that this memorandum contains 2,097 words, in compliance with local rule LCR 7(d)(2).

DATED this 13th day of January 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney


*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
Email: brian.kipnis@usdoj.gov

Attorneys for Defendants

REPLY RE: MOTION TO ALTER OR AMEND JUDGMENT - 7
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970