The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　Defendants. | NO. 2:25-cv-01228-KKE<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SUMMARY JUDGMENT ORDERS<br><br>NOTED ON MOTION CALENDAR:<br>JANUARY 16, 2026 |

## I.　INTRODUCTION

Defendants minimize their past violations and promise to fully comply with all of their lawful obligations in the future. But these are the same actors who unlawfully discontinued our grants, and then failed to do any of the preparatory steps for a lawful continuation decision as to grantees protected by the preliminary injunction. Meanwhile, they processed continuations for their favored grantees—even though the injunction required them to treat the PI grantees as if they had not been discontinued. Defendants' striking and erroneous claim that they had just two business days to begin the continuation process afresh only underscores their noncompliance with the preliminary injunction. *See also Child Trends, Inc. v. U.S. Dep't of Educ.*, 795 F. Supp. 3d 700, 732 & n.22 (D. Md. 2025) (noting agency "had ample opportunity to prepare for today's outcome" and any challenge to implementation was a "problem…of their own making").

It does not end there. Defendants have already conceded they did not meet the compliance deadlines, implementing the Court's summary judgment order.

At this stage, Plaintiffs request the Court employ its considerable equitable powers to enforce its orders. These powers include the ability to ameliorate the harm from Defendants' noncompliance, require an accounting, order discovery, and order Defendants to process grantees in Plaintiff States in the same manner as they did for their favored grantees.

## II.  BACKGROUND

### A.  Defendants Did Not Initiate the Continuation Process for Grantees in Plaintiff States Until Last Week

This Court could hardly have been clearer in its PI opinion, explaining that its preliminary relief "enjoins the implementation of the discontinuation decisions to allow time for lawful decisions to be issued before the funds are reallocated." Dkt. 193 at 21. Yet Defendants took no action for *months* to determine whether affected grantees should be awarded continuation funds. Instead, on January 9, for the first time, Defendants initiated the continuation process for grantees in Plaintiff States. Dkt. 349 ¶14. Defendants informed these grantees that they must provide performance data through December 31, 2025, with no guidance, within one week. *See* Dkt. 349-1 at 2. Despite the Court enjoining Defendants from discontinuing grants based on performance issues that Defendants' unlawful actions caused, Defendants demand performance data from time periods after April 29, 2025. *Id.*; *cf.* Dkt. 269 at 35. Defendants did not request this information from their favored grantees that received continuation awards just last month. Dkt. 332 ¶¶4-5, 11-13; Dkt. 314 ¶8.

### B.  Defendants Failed to Provide Direction Regarding Carryover Funds and Their Interim Awards

The infirmity of Defendants' five-week interim awards is compounded by Defendants' failure to explain grantees' ability to spend carryover funds. Grantees were informed on January 2 that their grants were "considered open." Range Decl. ¶2. When grantees asked whether this meant they could spend carryover funds, Defendants refused to answer them. *Id.*

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

1 Plaintiffs' counsel asked the same and whether the interim award could be applied to expenses,
2 occurring after the five-week period. Range Decl. Ex. A at 1, 4. Defendants did not answer. *Id.*

### III.    ARGUMENT

**A.    Plaintiffs' Proposed Compliance Plan Is Well Within the Court's Power**

Courts may issue orders to "enforce compliance with an order of the court." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). "The district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong." *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994); *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 544 (6th Cir. 2014) (authority to issue and enforce injunctions "springs from the court's inherent equitable powers"). Within this framework, courts may "require specific actions from an agency on remand." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 937 (9th Cir. 2008). In deciding whether to order specific action, the court considers the agency's prior conduct and the urgency of the situation. *See id*. This includes the power to order regular status reports, deadlines, and remediation. *See id.* (approving regular status reports and setting deadlines); *Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 681, 691 (9th Cir. 2007) (ordering continued payment of funds); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1186 (9th Cir. 2004) (holding that "relief granted by the district court…is also equitable in substance" though it "will result in [defendant] paying plaintiffs 'sums of money'").

Defendants' expanded continuation process cements the need for a compliance plan. The Court's order enjoined the implementation of the discontinuances through other means and the denial of Program grants based on performance issues caused by Defendants. *See* Dkt. 269 at 35. Instead, Defendants are forcing grantees to submit performance data well past their discontinuance date, and well beyond the information Defendants requested from non-discontinued grantees. Dkt. 349-1 at 2. For Plaintiffs' first year grantees, Defendants requested performance information "from August 1, 2025, through December 31, 2025." *Id*. Given Defendants unlawfully discontinued these first-year grants on April 29, 2025, this requested time

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

period is nonsensical. *Id*. Similarly, Defendants request performance data through December 31, 2025, for Plaintiffs' other grantees, yet Defendants made no such request from their favored grantees. *See, e.g.*, Dkt. 332 ¶¶4-5, 11-13. Defendants' use of post-discontinuance performance data to discontinue grantees would violate the Court's injunction.

Additionally, Defendants have yet to refute counsel's representation made during the December 22 meet and confer that Defendants would review for so-called "discriminatory practices" and downgrade award amounts based on any such findings. Dkt. 281 ¶7.

Any adverse decision based on these new methods would violate the Court's injunction by implementing a discontinuance through other means and by continuing their use of the unlawful Directive procedure. Dkt. 269 at 34-35. The significant risk that Defendants may ignore this Court's clear order warrants weekly status reports describing Defendants' actions to comply.

### B.   A Six-Month Interim Award Does Not Implicate the Tucker Act

Plaintiffs' request for six-month interim awards does not implicate the Tucker Act. This Act only applies when claims are based on money-mandating statutes or contracts. *United States v. Testan*, 424 U.S. 392, 398 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004). That is not the case here, where the district court issued an injunction precisely because there were no other adequate legal remedies, including those that could be found in the Court of Federal Claims. Dkt. 190 at 16-17; Dkt. 193 at 11 n.3; *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs do not argue Defendants breached a contract. Rather, they possess rights established under the Court's orders. To obtain relief from Defendants' noncompliance with court orders, Plaintiffs have no other place to look but this Court and this enforcement action. *See Nw. Env't Def. Ctr.*, 477 F.3d at 681 (within jurisdictional limits to order prospective payment of funds as remedy for APA violation).

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

Nor is estoppel relevant. *See* Dkt. 351 at 5-7. Plaintiffs have only ever sought—and only continue to seek—timely and lawful continuation decisions. Defendants' failure to make those decisions on time despite this Court's orders (including the PI order) has caused irreparable harm to Plaintiffs, and Defendants themselves proposed issuing interim awards to "alleviate[]" the "imminent harm." Dkt. 276 at 2-3. Now that this door has been opened, Plaintiffs are entitled to present evidence explaining why Defendants' proposal will not, in fact, alleviate the harm to Plaintiffs and offer another option that would, while Defendants cure their noncompliance.

Despite Defendants' rollback of their deadline to February 6, they now represent that this deadline is only for their continuation decision, not at all committing to issuing any resultant continuation awards by this date. Dkt. 351 at 3, 5. However, the Court's order expressly set deadlines for the compliance process *and* the issuing of any awards resulting from that process. Dkt. 273 at 2. Furthermore, Defendants deny that they need to fund the grants at all, even if grantees meet the qualifications set forth in 34 C.F.R. § 75.253(a). Dkt. 351 at 4. This certainly was not the case for the fully funded and frontloaded grantees. In the face of this intransigence, Plaintiffs continue to seek assurances in the form of a six-month award. The six months does not provide the funding that a continuation decision would have provided, but it would alleviate at least some of the "imminent harm" otherwise caused by Defendants' failure to comply with the Court's order until they finally do. Dkt. 288 at 8, n.12; Dkt. 276 at 2.

### C.  Plaintiffs Require an Accounting and Discovery

In addition to a robust compliance plan, the Court should order an accounting and discovery so Plaintiffs can determine whether Defendants are complying with the Court's summary judgment orders, or if they are "[i]mplementing or enforcing through any means" the unlawful discontinuation by manufacturing pretextual reasons to discontinue Plaintiffs' grants. *See* Dkt. 269 at 35.

As an initial matter, Defendants primarily challenge the request for an accounting, and they do not seriously dispute that district courts have inherent power to grant requests for limited

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

post-judgment discovery to determine compliance. *See* Dkt. 288 at 11 (citing *Calif. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033-34 (9th Cir. 2008)); Dkt. 351 at 8.

Discovery is warranted here. And given that Defendants' noncompliance with the Court's deadlines have already caused, and continue to cause, irreparable harm to affected grantees, *see* Dkt. 288 at 10-11, Plaintiffs should be permitted discovery now, so as to avoid any further delay should Defendants discontinue affected grants based on pretextual reasons. For instance, Defendants have never addressed, let alone explained, their counsel's recent statement that Defendants needed additional time to review grants for discriminatory practices. Dkt. 281 ¶7; Dkt. 288 at 15. But that is the subject of the Directive procedure that the summary judgment orders enjoin Defendants from implementing. Dkt. 269 at 35; *see* Dkt. 202-1 at 80-81.

As explained earlier, Defendants are also imposing more onerous information requirements on Plaintiffs' grantees than what Defendants required from non-discontinued grantees. *See supra* § III.A. And Defendants are imposing these requirements under more onerous conditions. Defendants gave affected grantees one week to compile, review, and submit this information, and allowed no extensions. Dkt. 349-1 at 2. Defendants delivered webinars and provided materials to non-discontinued first-year grantees to help them learn how to complete the performance report, but they have not offered similar support to unlawfully discontinued first-year grantees. *See* Dkt. 314 ¶8. The information Defendants requested also falls within the period during which Defendants' unlawful discontinuation of Plaintiffs' grants would have affected grantee performance—calling into question Defendants' purpose for seeking that information. *See* Dkt. 349-1 at 2; Dkt. 269 at 35 (enjoining Defendants from denying continuation awards based on disruptive effects of discontinuances).

As to Plaintiffs' request for an accounting, Defendants openly admit they frontloaded funds that would normally be available for affected grants—a technique they have used in other recent grant cases to put disputed funds out of reach of plaintiffs. *See, e.g.*, Dkt. 352 ¶7(b); Dkt. 272-1 at 2-3. Defendants initially stated the frozen PI funds were the only funds available

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

for grantees, *see* Dkt. 282-2 at 2-3, but they now admit that additional funds are available under the FY2026 continuing resolution, Dkt. 352 ¶¶13-14. Although Defendants note in passing that funds were also available under the FY2025 regular appropriations bill, *see id.* ¶¶12-13, Defendants do not provide any information about how much of the FY2025 appropriations remains under this Court's order suspending any lapse in appropriations. *See* Dkt. 269 at 35.

Defendants' reliance on *Flute v. United States* is inapposite, as that case revolved around whether there was an enforceable trust. *See* 67 F.Supp.3d 1178, 1188 (D. Colo. 2014). Here, Plaintiffs have already won summary judgment and are seeking enforcement of this Court's orders. Courts have ordered federal agencies to provide similar detailed information to ensure compliance in other APA cases. *See, e.g., Am. Fed'n of State Cnty. & Mun. Emps., AFL-CIO v. U.S. Off. of Mgmt. & Budget*, 2025 WL 3018250, at *26 (N.D. Cal. Oct. 28, 2025); *Child Trends, Inc.*, 795 F. Supp. 3d at 732. The financial information Plaintiffs request is appropriate and necessary to ensure Defendants do not violate the summary judgment orders by using an alleged lack of funds—or any other pretext—as an excuse to discontinue the affected grants.

## IV. CONCLUSION

This Court should not countenance Defendants' new methods of discontinuing Plaintiffs' grants. It should grant Plaintiffs' motion to enforce.

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

DATED this 16th day of January 2025.

I certify that this memorandum contains 2089 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
IAN R. LISTON*
Director of Impact Litigation
JENNIFER-KATE AARONSON*
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Vanessa.Kassab@delaware.gov
Jennifer.Aaronson@delaware.gov
Ian.Liston@delaware.gov

*Attorneys for State of Delaware*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | | |
|---|---|---|
| 1 | WILLIAM TONG<br>Attorney General of Connecticut | ANTHONY G. BROWN<br>Attorney General of Maryland |
| 2 | | |
| 3 | /s/ Andrew Ammirati<br>ANDREW AMMIRATI* | /s/ Michael Drezner<br>MICHAEL DREZNER* |
| 4 | Assistant Attorney General<br>165 Capitol Ave | Senior Assistant Attorney General<br>Office of the Attorney General |
| 5 | Hartford, CT 06106<br>860-808-5090 | 200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202 |
| 6 | Andrew.Ammirati@ct.gov | 410-576-6959<br>Mdrezner@oag.state.md.us |
| 7 | Attorney for State of Connecticut | Attorney for State of Maryland |

WILLIAM TONG
Attorney General of Connecticut

/s/ Andrew Ammirati
ANDREW AMMIRATI*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

Attorney for State of Connecticut

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Michael Drezner
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

Attorney for State of Maryland

KWAME RAOUL
Attorney General of Illinois

/s/ Emily Hirsch
EMILY HIRSCH*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Emily.Hirsch@ilag.gov

Attorney for State of Illinois

AARON M. FREY
Attorney General of Maine

/s/ Sarah A. Forster
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

Attorney for State of Maine

PHILIP J. WEISER
Attorney General of Colorado

/s/ Sarah H. Weiss
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

Attorney for State of Colorado

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

/s/ Katherine Dirks
KATHERINE DIRKS*
Chief State Trial Counsel
YAEL SHAVIT*
Chief, Consumer Protection Division
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
617-963-2277
Katherine.Dirks@mass.gov
Yael.Shavit@mass.gov

Counsel for Commonwealth of Massachusetts

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| LETITIA JAMES<br>Attorney General of New York<br><br>/s/ Rabia Muqaddam<br>RABIA MUQADDAM*<br>Special Counsel for Federal Initiatives<br>MARK LADOV*<br>Special Counsel<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8240<br>Rabia.Muqaddam@ag.ny.gov<br>Mark.Ladov@ag.ny.gov<br><br>*Attorneys for State of New York* | RAÚL TORREZ<br>Attorney General of New Mexico<br><br>/s/ Aletheia V.P. Allen<br>ALETHEIA V.P. ALLEN*<br>Solicitor General<br>LAWRENCE M. MARCUS*<br>Assistant Solicitor General<br>New Mexico Department of Justice<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>505-527-2776<br>Aallen@nmdoj.gov<br>Lmarcus@nmdoj.gov<br><br>*Attorneys for State of New Mexico* |
| DANA NESSEL<br>Attorney General of Michigan<br><br>/s/ Neil Giovanatti<br>NEIL GIOVANATTI*<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>517-335-7603<br>GiovanattiN@michigan.gov<br><br>*Attorney for People of Michigan* | AARON FORD<br>Attorney General of Nevada<br><br>/s/ Heidi Parry Stern<br>HEIDI PARRY STERN*<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>702-486-3420<br>HStern@ag.nv.gov<br><br>*Attorney for State of Nevada* |
| DAN RAYFIELD<br>Attorney General of Oregon<br><br>/s/ Coby Howell<br>COBY HOWELL*<br>Senior Assistant Attorney General<br>Trial Attorney<br>Oregon Department of Justice<br>100 SW Market St.<br>Portland, OR 97201<br>971-673-1880<br>Coby.Howell@doj.oregon.gov<br><br>*Attorney for State of Oregon* | PETER F. NERONHA<br>Attorney General of Rhode Island<br><br>/s/ Kyla Duffy<br>KYLA DUFFY*<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>401-274-4400, Ext. 2809<br>Kduffy@riag.ri.gov<br><br>*Attorney for State of Rhode Island* |

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| 1 | JOSHUA L. KAUL<br>Attorney General of Wisconsin |
| 2 | |
| 3 | <u>/s/ Frances Reynolds Colbert</u><br>FRANCES REYNOLDS COLBERT* |
| 4 | Assistant Attorney General<br>Wisconsin Department of Justice |
| 5 | Post Office Box 7857<br>Madison, Wisconsin 53707-7857 |
| 6 | 608-266-9226<br>Frances.Colbert@wisdoj.gov |
| 7 | *Attorney for State of Wisconsin* |
| 8 | *Admitted pro hac vice* |

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744