UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendant(s). | CASE NO. C25-1228-KKE<br><br>ORDER SETTING POST-REMAND DEADLINES FOR COMPLIANCE |

In an order granting Plaintiff States' motion for summary judgment, the Court found the Government's[1] previous notices discontinuing certain grants were contrary to law and ordered the Government to make legally compliant continuation decisions. Dkt. No. 269. After the Government failed to comply with the compliance deadlines originally set by the Court, the Government requested an amendment of the summary judgment order to extend the deadlines for compliance and requested an emergency stay of the summary judgment order. Dkt. No. 276. On December 31, 2025, the Court denied the request for an emergency stay, but extended the Government's deadlines for compliance based on the Government's offer of a short-term extension of interim funding to Plaintiff States, while the new continuation decisions were being made. *See*

---

[1] This order refers to Defendants collectively as "the Government."

ORDER SETTING POST-REMAND DEADLINES FOR COMPLIANCE - 1

Dkt. No. 282. The Court eventually granted the Government's motion to amend, and extended the Government's deadlines for compliance to the dates requested by Government, over the objection of Plaintiff States. *See* Dkt. No. 351 at 3 ("The Department has proposed to issue new compliance decisions in all cases by February 6."). Specifically, on January 22, 2026, the Court amended its earlier order (Dkt. No. 273) to require the Government to (1) issue new continuation determinations no later than February 6, 2026; (2) issue any new continuation awards no later than February 11, 2026, backdated to February 6, 2026, to avoid a gap in funding; and (3) file a status report no later than February 12, 2026, to confirm compliance. Dkt. No. 356.

The next day, January 23, 2026, the Government appealed the Court's orders granting summary judgment and amending the summary judgment order. Dkt. No. 357. On January 26, 2026, the Government requested that the Ninth Circuit stay the compliance deadlines set by this Court. Dkt. No. 361. The Ninth Circuit provisionally granted that motion on February 3, 2026, explaining that an administrative stay was in place until the motion to stay could be heard on its merits. *Id*. On February 24, 2026, the Ninth Circuit issued an order denying the motion to stay on its merits, remanding the case to this Court for the imposition of new deadlines for compliance with the Court's summary judgment order. Dkt. No. 362.

The Ninth Circuit administratively stayed the Government's deadline to make new continuation decisions three days before the Government's deadline to do so, and the Government's compliance deadline had been looming for nearly two weeks by that date. The Court thus finds it appropriate to return this case to that point in the timeline, rather than restart the compliance clock entirely, now that the Ninth Circuit has denied the Government's motion to stay. As the Court has reiterated several times, the Court has imposed these compliance deadlines to mitigate the imminent and irreparable harms facing Plaintiff States as a result of the

ORDER SETTING POST-REMAND DEADLINES FOR COMPLIANCE - 2

Government's unlawful conduct. The deadlines previously imposed are hereby extended as follows:

The Court ORDERS that the Government (1) issue new continuation determinations no later than March 2, 2026; (2) issue any new continuation awards no later than March 5, 2026, backdated to February 6, 2026; and (3) file a status report no later than March 6, 2026, to confirm compliance.

Dated this 24th day of February, 2026.

Kymberly K. Evanson
United States District Judge