**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NEVADA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF WISCONSIN, <br><br> *Plaintiffs - Appellees*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, <br><br> *Defendants - Appellants*. | No. 26-510 <br><br> D.C. No. 2:25-cv-01228-KKE <br><br><br> ORDER |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Argued and Submitted February 23, 2026
San Francisco, California

Filed February 24, 2026

Before: Richard C. Tallman, Jay S. Bybee, and Gabriel P. Sanchez, Circuit Judges.

Per Curiam

## SUMMARY[*]

### Stay Pending Appeal

The panel denied the United States Department of Education's emergency motion to stay pending appeal the district court's permanent injunction in a suit brought by 16 states seeking declaratory and injunctive relief after the Department sent notices discontinuing multi-year grants for mental health related programs.

The district court found that the Department's grant discontinuations were arbitrary and capricious and contrary to law under the Administrative Procedure Act (APA).

In deciding the motion for a stay pending appeal, the panel considered the factors in *Nken v. Holder*, 556 U.S. 418 (2000).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the Department had not made a strong showing that it was likely to succeed on the merits of Plaintiff States' claims that the Department's discontinuation notices were contrary to law and arbitrary and capricious under the APA. The Department failed to make a strong showing that it engaged in the reasoned decision-making required under the APA to provide grantees proper notice about the grounds for their individual discontinuation decisions.

The panel further held that the Department did not demonstrate that it would be irreparably injured absent a stay because the injunction merely requires that the Department make new continuation or discontinuation determinations in accordance with existing statutory and regulatory requirements.

The panel remanded to the district court for the limited purpose of setting new deadlines for the Department to make new continuation decisions and any continuation awards resulting from those decisions.

## COUNSEL

Ellen E. Range (argued), Jennifer K. Chung, and Lucy Wolf, Assistant Attorneys General; William D. McGinty and Cynthia Alexander, Deputy Solicitors General; Nicholas Brown, Washington Attorney General; Office of the Washington Attorney General, Olympia, Washington; Neil Giovanatti, Assistant Attorney General; Dana Nessel, Michigan Attorney General; Department of Michigan Attorney General, Lansing, Michigan; Katherine Milton, Deputy Attorney General; Kathleen Boergers, Supervising

Deputy Attorney General; Neli N. Palma, Senior Assistant Attorney General; Crystal Adams, Deputy Attorney General; Rob Bonta, California Attorney General; Office of the California Attorney General, Sacramento, California; Shannon W. Stevenson, Attorney; Sarah H. Weiss, Senior Assistant Attorney General; Philip J. Weiser, Colorado Attorney General; Office of the Colorado Attorney General, Denver Colorado; Vanessa L. Kassab and Jennifer-Kate Aaronson, Deputy Attorneys General; Ian R. Liston, Director of Impact Litigation; Kathleen Jennings, Delaware Attorney General; Office of the Delaware Attorney General, Wilmington, Delaware; Andrew Ammirati, Assistant Attorney General; William Tong, Connecticut Attorney General; Office of the Connecticut Attorney General, Hartford, Connecticut; Michael Drezner, Senior Assistant Attorney General; Anthony G. Brown, Maryland Attorney General; Office of the Maryland Attorney General, Baltimore, Maryland; Sarah A. Hunger, Attorney; Emily Hirsch, Assistant Attorney General; Kwame Raoul, Illinois Attorney General; Office of the Illinois Attorney General, Chicago, Illinois; Sarah Forster, Assistant Attorney General; Aaron M. Frey, Maine Attorney General; Maine Office of the Attorney General, Augusta, Maine; Yael Shavit, Chief, Consumer Protection Division; Katherine Dirks, Chief State Trial Counsel; Andrea J. Campbell, Massachusetts Attorney General; Office of the Massachusetts Attorney General, Boston, Massachusetts; Lawrence M. Marcus, Assistant Solicitor General; Aletheia V.P. Allen, Solicitor General; Raul Torrez, New Mexico Attorney General; Office of the New Mexico Attorney General, Albuquerque, New Mexico; Mark Ladov, Special Counsel; Rabia Muqaddam, Special Counsel for Federal Initiatives; Ester Murdukhayeva, Assistant Solicitor General; Letitia James, New York

Attorney General; Office of the New York Attorney General, New York, New York; Kiel Ireland, Deputy Solicitor General; Heidi P. Stern, Solicitor General; Aaron D. Ford, Nevada Attorney General; Office of the Nevada Attorney General, Las Vegas, Nevada; Emily N. Snook, Assistant Attorney General; Robert A. Koch and Coby Howell, Senior Assistant Attorneys General; Dan Rayfield, Oregon Attorney General; Oregon Department of Justice, Salem, Oregon; Alexander M. Carnevale; Kyla Duffy, Special Assistant Attorney General; Peter F. Neronha, Rhode Island Attorney General; Office of the Rhode Island Attorney General, Providence, Rhode Island; Gabe Johnson-Karp and Frances R. Colbert, Assistant Attorneys General; Joshua L. Kaul, Wisconsin Attorney General; Wisconsin Department of Justice, Madison, Wisconsin; for Plaintiffs-Appellees.

Steven H. Hazel (argued) and Daniel Tenny, Attorneys, Appellate Staff; Eric D. McArthur, Deputy Assistant Attorney General; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; Brian Kipnis, Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Seattle, Washington; for Defendants-Appellants.

## ORDER

Plaintiff-Appellees are 16 states who sued for declaratory and injunctive relief after the United States Department of Education sent notices discontinuing multi-year grants for mental health related programs. Defendant-Appellants U.S. Department of Education and Secretary of Education Linda McMahon ("the Department") previously moved for an emergency stay of the district court's preliminary injunction in this action, which this Court denied. On December 19, 2025, the district court granted summary judgment to Plaintiff States, finding the grant discontinuations were arbitrary and capricious and contrary to law under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*. Before us is the Department's emergency motion to stay the district court's permanent injunction pending appeal.[1] We deny the Department's motion and remand to the district court for further proceedings.

When deciding a motion for a stay pending appeal, we consider the *Nken* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation modified) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "'The first two factors . . . are the most critical,' and the court

---

[1] On February 3, 2026, we granted a partial administrative stay for the limited purpose of considering this emergency motion, staying the deadlines set by the district court but otherwise leaving the district court's injunction in place.

will address the last two factors only once the applicant has satisfied the first two factors." *Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs.*, 137 F.4th 932, 937 (9th Cir. 2025) (quoting *Nken*, 556 U.S. at 434–35). "The party requesting a stay bears the burden of showing that the circumstances justify" issuance of the stay. *Nken*, 556 U.S. at 433–34.

### I.

The Department has not made a strong showing it is likely to succeed on the merits of Plaintiff States' claims that the Department's discontinuation notices were contrary to law and arbitrary and capricious under the APA. *See* 5 U.S.C. § 706(2)(A).

Subject to limited exceptions not at issue here, the General Education Provisions Act (GEPA) requires notice-and-comment rulemaking for "any generally applicable rule, regulation, guideline, interpretation, or other requirement that (1) is prescribed by the Secretary or the Department; and (2) has legally binding effect in connection with, or affecting, the provision of financial assistance under any applicable program." 20 U.S.C. § 1232(a); *see also id.* §§ 1232(d), 1221e-4. As the district court found, the Department issued identical grant discontinuation notices to 138 grantees in Plaintiff States that were based upon unpublished priorities set out in an internal agency directive dated February 5, 2025. These generic mass discontinuation decisions, guided by generally applicable policy criteria, seem to implicate GEPA's rulemaking requirement. *Id*. Although the Department disputes that the directive had binding legal effect upon grant programs, the text of the directive indicates otherwise. The directive mandated an across-the-board review of all new grant awards and the re-

review of all issued grants in accordance with the Department's new policy objectives, resulting in the discontinuation of grants in Plaintiff States.

The Department's argument that it need not engage in rulemaking because it discontinued the grants based on a determination that they were no longer "in the best interest of the Federal Government" under 34 C.F.R. § 75.253(a)(5) is unpersuasive. As noted above, the Department made that "best interest" determination based on generally applicable policy criteria that appear to implicate GEPA's rulemaking requirement. "[I]f a statute requires rulemaking, the affected agency must comply." *FDA v. Wages & White Lion Invs., L.L.C.*, 604 U.S. 542, 565 (2025). That holds true even if the Department was correct in its broad interpretation of the "best interests" § 75.253(a)(5) provision, a matter we need not decide here. Accordingly, the Department has not demonstrated a strong likelihood of success on the merits of Plaintiffs' APA challenge to the Department's actions as contrary to law.

The Department has also not made a strong showing it is likely to succeed in demonstrating that its actions were not arbitrary and capricious under the APA. *See* 5 U.S.C. § 706(2)(A). An agency "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). The reasoned-explanation requirement exists to "ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public." *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019). When the

basis for an administrative action is unclear or not understandable, the agency's action is arbitrary and capricious under the APA. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947) (finding agency action arbitrary and capricious where a party is "compelled to guess at the theory underlying the agency's action").

Here, the Department sent boilerplate discontinuation notices with a disjunctive list of four possible grounds for discontinuation of a specific grant, without ever identifying or explaining which specific ground applied to the grantee in question. The Department's discontinuation notices were not tailored to the specific grants and failed to explain what was wrong with each grantee's project, which is not a sufficiently reasoned explanation for the agency's decision to cancel the individual grants. *See Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 689 (9th Cir. 2007) (finding that "similar letter[s]" "baldly asserting" conclusory statements did not provide a reasoned explanation); *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1405 (D.C. Cir. 1995) (finding that boilerplate letters "omitted the critical step—connecting the facts to the conclusion"). Nor did the Department give the grantees an opportunity to learn about or address the Department's unpublished change in policy affecting its grant continuation process. *See F.C.C. v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009) ("An agency may not, for example, depart from a prior policy *sub silentio* or simply disregard rules that are still on the books."); *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016) ("[A] reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy.").

Accordingly, the Department has failed to make a strong showing that it engaged in the reasoned decision-making

required under the APA to provide grantees proper notice about the grounds for their individual discontinuation decisions.

## II.

Nor has the Department demonstrated it will be irreparably injured absent a stay. The district court's permanent injunction does not require disbursement of any funds to Plaintiff States. The injunction merely requires that the Department make new continuation or discontinuation determinations in accordance with existing statutory and regulatory requirements. That the Department has been ordered to comply with their legal obligations is not irreparable harm.

We remand to the district court for the limited purpose of setting new deadlines for the Department to make new continuation decisions and any continuation awards resulting from those decisions but retain jurisdiction over the appeal. The district court's order suspending "the lapse [in grant funding] while this lawsuit plays out" remains in effect. *See Washington v. U. S. Dep't of Educ.*, 2025 WL 3690779, at *18 (W.D. Wash. Dec. 19, 2025). The appellate briefing schedule previously set by this Court remains in effect. *See* Dkt. No. 2.

**EMERGENCY MOTION FOR STAY PENDING APPEAL DENIED.**