The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON, et al.,

                  Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
EDUCATION, et al.,

                  Defendants.

NO. 2:25-cv-01228-KKE

DECLARATION OF JASON IVERSEN IN
SUPPORT OF PLAINTIFFS' SECOND
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS

DECLARATION OF JASON IVERSEN IN
SUPPORT OF PLAINTIFFS' SECOND
MOTION TO ENFORCE SUMMARY
JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

ATTORNEY GENERAL OF CALIFORNIA
1515 Clay Street, 20th Floor
Oakland, CA  94612-0550
(510) 879-3098

# <u>DECLARATION OF JASON IVERSEN</u>

I, Jason Iversen, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.     I am the Director of Student Services of Ukiah Unified School District. I am over the age of 18 and have personal knowledge of all the facts stated herein, including knowledge based on my experience and information provided to me. If called as a witness, I could and would testify competently to the matters set forth below.

## <u>Background</u>

2.     I am the Director of Student Services for Ukiah Unified School District and the Project Director for the School Based Mental Health Grant (Award Number S184H220121).

3.     Ukiah Unified School District serves nearly 6,000 students across our rural community in Mendocino County, California. These students face an extraordinary burden of trauma. Mendocino County has the second-highest rate of Adverse Childhood Experiences (ACEs) in California, a metric that includes exposure to physical abuse, emotional neglect, parental incarceration, domestic violence, and substance abuse within the household. In recent years, our students have also lived through catastrophic wildfires (which claimed the lives of multiple UUSD students), floods, prolonged school closures during COVID-19 pandemic, and ongoing economic instability.

4.     On January 16th, 2026 Ukiah Unified School District sent the Department a performance report per the Department's January 9, 2026 request. The performance report contains data and detailed information about Ukiah Unified School District's grant through the end of 2025.

1

**The Department's Noncompliance with the Court's Order Harms Ukiah Unified School District**

5.    On March 2, 2026, Ukiah Unified School District received a Notice of Continuation of Grant Award. The Notice stated that, "[d]ue to ongoing concerns regarding the financial ·stability and uncertainty about the continued operation of these grants while litigation is pending, an updated performance and budget report will be required by June 1, 2026. As a related risk mitigation measure, . . . the Department is providing . . . approximately 6 months of funding until completion of the mid-year check-in, consistent with 34 C.F.R. § 75.253(e)(2)(ii). After reviewing the submitted report, the Department may award additional funds and/or take further risk mitigation actions." In other words, the Department has only committed to providing funding for the first half of the budget period.

6.    Because of the ongoing uncertainty as to whether we will receive funding for the second half of the budget period, Ukiah Unified has suffered and continues to suffer the following harms:

      a.  Ukiah Unified School District will lose school-based mental health providers funded by this grant because of lack of a stable funding source. Ukiah Unified has already lost three counseling positions because of the lack of stable funding.

      b.  To comply with state law, Ukiah Unified will have to give additional layoff notices to the other grant funded positions by March 15th of 2026, without assurances that we will receive funding through December of 2026. It is very likely that our program staff will seek employment elsewhere because we do not have a full year of grant funding. This would basically end the District Wide Universal Screener Project that the SBMH grant was funding and deny students of the vital support and services they were receiving.

2

7.    Receiving six months of funding in the middle of the spring semester cannot resolve these harms. The Department must provide funding for the second half of 2026 so that Ukiah Unified can plan, budget, and perform its School Based Mental Health grant project.

8.    Furthermore, the Department's requirement that Ukiah Unified can only access funding using a new reimbursement request procedure will place substantial burdens on our staff. In previous grant years, the Department of Education urged grantees to complete funding drawdowns on at least a monthly basis; however, under the new reimbursement request procedure, maintaining the same funding schedule will effectively require expanding the bi-annual reporting requirements into a de facto monthly performance reporting cycle. Many of the same staff who will prepare and finalize reimbursement requests and performance reports are also responsible for implementing other components of our grant program, including providing direct student assessments and services, coordinating and supervising the provider team, and collaborating with other district staff in order to support students and their families. There is also a lack of clarity from the Department as to the true requirements for the reimbursement process. The memo entitled "Procedures to Request Reimbursement" issued by the Department on March 5, 2026, states:

> *1. The amount of funding requested using the ED 524B budget form for each request.*
>
> *2. A narrative description of the expenses for which reimbursement is sought, aligned with the ED 524B budget categories and totals.*
>
> *3. Documentation for the funds that have been expended. This documentation may include, but is not limited to, extracts from your grant management system or other payment files.*

3

However, within the memo, the embedded link to the ED 524B form actually routes to the form ED 524, which is a separate form required to be used by applicants when applying for new grants. It is therefore unclear to grantees what the specific expectations are in order to comply with this new requirement. Navigating grant compliance in such a landscape of ever-shifting guidance and expectations diverts significant amounts of staff resources away from the provision of student assessments and services and creates unnecessary barriers to the delivery of those services. This grant was developed through the lens of staff retention with the understanding that our ability to retain quality mental health care providers across the long term would maximize impact for students in our district for years to come. Requiring staff to shift focus away from student services in order to navigate, interpret, and implement yet more compliance activities further jeopardizes our retention efforts. I am not aware of any instances in which the Department has ever raised concerns regarding Ukiah Unified School District's management or use of grant funds.

**Conclusion**

9.    In order to avoid further harm, Ukiah Unified needs the Department to provide funding for the entire budget period as soon as possible. Without funding certainty through the end of 2026, Ukiah Unified cannot plan and will struggle to retain essential staff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 17th day of March 2026

Jason Iversen, Director of Student Services

Ukiah Unified School District

4