Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

                    Plaintiffs,

     v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al.*,

                    Defendants.

CASE NO.  C25-1228KKE

**DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING SCHEDULE (DKT. # 404) OR IN THE ALTERNATIVE FOR RELIEF FROM A DEADLINE**

(Note On Motion Calendar for:
   March 18, 2026)

Pursuant to Fed. R. Civ. P. 6(c)(1)(C), the Department respectfully requests that the Court, pursuant to LCR 7(h) of the local rules, reconsider its ex parte order granting Plaintiffs' Motion to Set an Expedited Briefing Schedule (Dkt. # 404) or, in the alternative, pursuant to Rule 7(j) of the local rules, for an order affording the Department relief from the deadline established by the Court's order requiring that it file a response to Plaintiffs' Second Motion to Enforce (Dkt. # 367) by March 24, 2026.

As Plaintiffs have argued, this Court has inherent authority to manage its docket. *See* Dkt. # 345; *United States v. Batiste*, 868 F.2d 1089, 1091 n.4 (9th Cir. 1989).  A court may

DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER
GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING
SCHEDULE OR IN THE ALTERNATIVE FOR RELIEF
FROM A DEADLINE - 1
(Case No. C25-1228KKE)

modify the deadlines to brief and hear a motion "when a court order—which a party may, for good cause, apply ex parte—sets a different time." Fed. R. Civ. P. 6(c)(1)(C).

## I.    THE COURT SHOULD RECONSIDER ITS EX PARTE ORDER

Here, the Court should reconsider its decision to grant Plaintiffs' ex parte motion.[1] Reconsideration of a prior decision is warranted where the decision is manifestly unjust. *See Sargsyan v. Amazon.com Inc.*, 2025 WL 2690374, at *1 (W.D. Wash. Sept. 19, 2025). It is manifestly unjust to alter the briefing schedule established by the local rules without first hearing from opposing counsel, particularly where, as here, it has not been shown that extreme circumstances justify such extraordinary relief. *See Cyntegra, Inc. v. IDEXX Labs., Inc.*, 2007 WL 9702008, at *5 (C.D. Cal. Aug. 22, 2007).

The factual allegations in Plaintiffs' motion do not establish any extreme urgency that could justify proceeding ex parte in this matter. Plaintiffs do not dispute that the Department has now made continuation decisions on all grants affected by the Court's judgment. And while Plaintiffs certainly contend that the Department has not fully complied with the judgment, which the Department disputes, nevertheless, there is no dispute that all of the continued grantees have received six months of funding. Plaintiffs do not meaningfully allege that some irreparable harm will befall then before the Department's opposition to their motion to shorten time could be heard. Thus, Plaintiffs cannot show *and did not show* that any extreme emergency required that Plaintiffs' motion to shorten time be heard on an ex parte basis. *See Sherrill v. Arizona Health Care Cost Containment Sys.*, 2013 WL 12122671, at *1 (D. Ariz. Apr. 24, 2013). Therefore, under the circumstances it was manifestly unjust to grant Plaintiffs' motion without affording the Department sufficient notice and an opportunity to respond.

If the Court had afforded the Department an opportunity to respond it could have more fully informed the Court about the reasons why it was not necessary to hear this motion ex parte. To summarize, as noted above, the affected grant agreements are fully funded for at least six months

---

[1] Notably, Plaintiffs' ex parte motion was not filed until 10:34 p.m. on March 17, 2026.

DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER
GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING
SCHEDULE OR IN THE ALTERNATIVE FOR RELIEF
FROM A DEADLINE - 2
(Case No. C25-1228KKE)

and grantees will receive continued funding based on their progress in performing on their grants. Thus, no prudent grantee will be running out of funding anytime soon. Plaintiffs' expressed concerns amount only to an alleged impairment of the grantees to plan for expenditures in the latter part of the calendar year – several months from now. Assuming for purposes of argument that this amounts to irreparable harm, it is hardly the type of emergent situation that necessitates action without waiting to hear from the opposition. Moreover, nothing in the Court's judgment constrained the Department with respect to funding and budgeting decisions. As the Court may recall, Plaintiffs were adamant that such considerations were not a part of their claim before the Court and that their only interest was in obtaining "lawful continuation decisions" by the Department. That has already occurred.

Moreover, if the Court had permitted the Department to respond, the Court would also have heard that the Department's counsel is already in the process of drafting a response to a motion for summary judgment in a significant lawsuit filed against the U.S. Department of Labor concerning wage rate setting for agricultural workers in Washington. Declaration of Kipnis, ¶¶ 2-3. The briefing of that motion, which has already been extended once, is proceeding according to a carefully negotiated schedule that was specifically crafted with the purpose of obtaining a court ruling before the 2026 harvest season commences in Washington. *Id.* at ¶ 4. The deadline for the Department of Labor's brief has already been set for March 24, 2026. *Id*. That is the same date set by the Court's order for the Department's response here. It is not possible for the Department's counsel to do justice in preparing memoranda for both of his clients that are due on the same day. *Id.* at ¶ 5.

II.    IN THE ALTERNATIVE THE COURT SHOULD EXTEND DEFENDANTS' TIME TO RESPOND TO PLAINTIFF'S MOTION UNTIL MARCH 31, 2026

In the alternative, the Department respectfully requests that the Court grant the Department relief from the deadline the Court set in its March 17 *ex parte* order.

DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING SCHEDULE OR IN THE ALTERNATIVE FOR RELIEF FROM A DEADLINE - 3
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Federal Rule of Civil Procedure 6(b)(1) provides, in pertinent part:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . .

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (*quoting Staren v. Am. Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)).

The Department has good cause for seeking relief here. The Department's attorney is already committed by a Court order in another case to meeting a deadline of March 24, 2026, for the filing of an opposition and a cross-motion in a long running case that concerns the manner in which the U.S. Department of Labor establishes prevailing wage rates for foreign agricultural workers pursuant to the H-2A visa program. Declaration of Kipnis, ¶¶ 2-3. The briefing deadlines were carefully negotiated, and already extended once, in light of the interest of the Plaintiff in that case in obtaining a ruling from the Court before the 2026 harvest season commences in Washington. *Id.* at ¶¶ 3-4. It is not expected that a motion to extend this deadline in that case would be granted absent an agreement from the opposing party and it is not expected that the opposing party would agree to an extension if one was requested. *Id.* at ¶ 4. Accordingly, counsel is fully committed to researching, writing, and filing the Department's brief in that case by the agreed deadline, including working through the weekend to accomplish that task. *Id.* at ¶ 5.

Because both this case and the U.S. Department of Labor case have unique and lengthy histories, neither can be readily reassigned to other attorneys, even if other attorneys were available to take them. *Id.* at ¶ 6.

In order to prepare the Department's opposition to Plaintiffs' motion, the Department's counsel is prepared to work through the weekend of March 28 and March 29 to produce a brief in time for review and comment by the Department by the close of business on Monday, March 30 and

DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER
GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING
SCHEDULE OR IN THE ALTERNATIVE FOR RELIEF
FROM A DEADLINE - 4
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

to file a memorandum revised to incorporate the Department's input on March 31. *Id.* at ¶ 7. To the extent the Plaintiffs believe that they need a quick ruling from the Court they should be required to forego filing a reply brief or file their reply brief on a shortened schedule.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its decision to grant Plaintiffs' ex parte motion and hear this motion according to the normal schedule prescribed by the local rules of this Court. Alternatively, the Court should grant the Department's motion for relief from a deadline and order that the Department's opposition to Plaintiffs' Second Motion to Enforce the Judgment be filed on March 31, 2026.

## CERTIFICATION

I certify that this memorandum contains 1,353 words, in compliance with local rule LCR 7(e)(4).

DATED this 18th day of March 2026.

Respectfully submitted,

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorney for Defendants

DEFENDANTS' EMERGENCY EX PARTE MOTION TO RECONSIDER ORDER
GRANTING PLAINTIFFS' MOTION TO SET EXPEDITED BRIEFING
SCHEDULE OR IN THE ALTERNATIVE FOR RELIEF
FROM A DEADLINE - 5
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970