The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-01228-KKE |
| Plaintiffs, | REPLY IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO ENFORCE SUMMARY JUDGMENT ORDERS |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | NOTED FOR HEARING: APRIL 22, 2026, 10:00 a.m. |
| Defendants. | |

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 1

    A.    Defendants Are Using Any Possible Means to Discontinue Grants ................. 1

    B.    Defendants' New Reimbursement Process Causes Delays ............................... 2

    C.    Defendants Have Refused to Confirm Full Award Funding Will Be
        Available ....................................................................................................... 2

III.  ARGUMENT ...................................................................................................... 3

    A.    The Court Has Jurisdiction ............................................................................ 3

    B.    Defendants' Measures Implement the Discontinuances "Through Any
        Means" ......................................................................................................... 3

    C.    Defendants' Measures Violate Other Portions of the Injunction ..................... 5

    D.    At Minimum, the Court Should Order Defendants to Set Aside Funds and
        Order Discovery ............................................................................................ 6

IV.   CONCLUSION ................................................................................................... 7

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

# TABLE OF AUTHORITIES

## Cases

*Illinois v. Fed. Emergency Mgmt. Agency,*
    No. 1:25-cv-00206-WES-PAS, 2025 WL 2908807 (D.R.I. Oct. 14, 2025) ........................... 5

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y,*
    774 F.3d 935 (9th Cir. 2014) ............................................................................................... 5

*New York v. Trump,* --- F.4th ----,
    No. 25-1236, 2026 WL 734941 (1st Cir. Mar. 16, 2026) ...................................................... 5

*Pub. Serv. Co. of Colo. v. Batt,*
    67 F.3d 234 (9th Cir. 1995) ................................................................................................. 3

*Thakur v. Trump,*
    795 F. Supp. 3d 1168 (N.D. Cal. 2025) .............................................................................. 3, 5

## Rules

Fed. R. Civ. P. 62(d) .................................................................................................................... 3

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

## I.    INTRODUCTION

Despite being permanently enjoined from "implementing or enforcing" their discontinuances "through any means," Defendants claim an unbridled power to frustrate, discourage, and ultimately end Plaintiff States' grant projects—and the critical mental health services they provide. Defendants admit they are imposing burdens on affected grantees that they have not imposed on other grantees. Defendants all but concede their onerous "grants management measures" serve no purpose but to punish affected grantees and force their projects to fail. These measures include requiring grantees to show substantial progress to receive funding for the second half of the budget period, while simultaneously hamstringing that progress by adding administrative hurdles and limiting funds. Such transparent efforts to bypass this Court's orders should not be countenanced, and the Court should enforce the permanent injunction.

## II.    BACKGROUND

### A.    Defendants Are Using Any Possible Means to Discontinue Grants

Several grant projects have already ended due to Defendants' concerted efforts to discontinue affected grants through any possible means, including creating obstacles to discourage grantees from continuing their grants. For instance, Plaintiffs understand that one grantee had to close out its grants because it did not receive a continuation decision in time to sign contracts with its partners, and another grantee was discontinued because it submitted its January 2026 performance report *five minutes late*.

Two other grantees who were unjustly discontinued have been awaiting decisions on their reconsideration requests, undermining their grant projects. One grantee had mistakenly submitted its January report one hour late due to a time zone issue. Ragsdale Decl. ¶¶ 4-9. The other had been engaged in spending plan discussions with its program officer but missed the January performance request e-mail. Allen Decl. ¶¶ 4-8, Ex. A. Defendants' sharp treatment of affected grantees is having the intended—and inevitable—effect of ending grants that supposedly do not comply with Defendants' new priorities.

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

1

**B.      Defendants' New Reimbursement Process Causes Delays**

Defendants' representation that they are reviewing requests "within one day" and providing reimbursements "within one to five days of receipt," Dkt. 416 at 4, obfuscates their declarant's assertion that they have been "providing reimbursements between one and five days of *approval*," Dkt. 417 ¶ 3 (emphasis added).

Additionally, grantees have reported longer timelines. The University of Wisconsin-Madison submitted a reimbursement request on March 11. Eklund Decl. ¶ 9. Defendants did not confirm receipt until March 16. *Id*. ¶ 10. On March 24, Defendants instructed UW-Madison to move its numbers to a different column, and UW-Madison submitted a corrected request the following day. *See id*. ¶ 11 & Ex. A. UW-Madison finally received funds on March 27—sixteen days after its original submission. *Id*. ¶ 12. Under the prior procedure, UW-Madison received funds within one business day, and UW-Madison's other Department grants are not subject to the new reimbursement procedure. *See id*. ¶ 8. Other grantees have reported similar experiences.[1] Further, some grantees are still struggling to implement the new reimbursement process. *See, e.g.*, Supp. Claussen Decl. ¶ 6; Supp. Beaudoin Decl. ¶ 4.

**C.      Defendants Have Refused to Confirm Full Award Funding Will Be Available**

Plaintiffs do not know whether Defendants have set aside sufficient funds to fully fund all affected grantees through the end of 2026. *See* Dkt. 367 at 6. Defendants have refused to address Plaintiffs' concern, dismissing it as an "anticipatory violation." Dkt. 416 at 11. But Defendants have shown their willingness to give funding away to others so they can use the lack of funds as another means to discontinue affected grants. *See, e.g.*, Dkt. 288 at 6-8.

---

[1] *See, e.g.*, Reynolds Decl. ¶¶ 3-5 (March 23 request still pending as of April 8; grantee used to receive funds within three days and still uses old process for other Department grants); Brittain Decl. ¶¶ 3-6 (March 25 request still pending as of April 9).

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

### III.    ARGUMENT

#### A.    The Court Has Jurisdiction

Defendants concede this Court "retains jurisdiction to enforce a judgment in the event of an appeal." Dkt. 416 at 7. That is all Plaintiffs' motion seeks to do. *See infra* §§ III.B-C. "Moreover, a district court has jurisdiction to clarify the meaning of its orders even while an appeal is pending." *Thakur v. Trump*, 795 F. Supp. 3d 1168, 1178 (N.D. Cal. 2025) (citing *Pub. Serv. Co. of Colo. v. Batt*, 67 F.3d 234, 238 (9th Cir. 1995)).

Even if the Court were to modify its injunction (which it need not do), courts have jurisdiction "to issue further orders modifying injunctions, even during an appeal, in order to preserve the status quo." *Id*. at 1178-79; *see also* Fed. R. Civ. P. 62(d). Here, the status quo is to treat affected grantees the same as every other continued grantee so they can provide mental health services to kids. The Court can and should preserve that status quo.

#### B.    Defendants' Measures Implement the Discontinuances "Through Any Means"

Defendants claim the Court's orders did not "restrain[] the Department from exercising its discretion in determining how grantees would be paid," and argue they have not violated the injunction because they granted continuation without considering whether "certain diversity, equity and inclusion measures…are not in the best interest of the government." Dkt. 416 at 6-7.

The injunction is not so narrow. The Court enjoined Defendants from "[i]mplementing or enforcing *through any means* the Directive procedure." Dkt. 269 at 35 (emphasis added). This language anticipates and enjoins Defendants' use of other means, such as "recompeting Grant funds," *id*., to carry out its unlawful discontinuances.

Defendants' grants management measures comprise such means. Defendants admit they imposed the measures on affected grantees *because* these grantees were targeted by the unlawful discontinuances, relying solely on the pending appeal as justification. *See* Dkt. 418 ¶ 3. But as Plaintiffs explained, even if an appeal were a valid basis to impose the measures (it is not), Defendants' rationale makes no sense because the Ninth Circuit will not issue a decision before

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

3

the June 1 performance reports are due. *See* Dkt. 367 at 13. Further, Defendants have provided no evidence whatsoever for their speculation that the appeal might cause "some of the affected grantees to expend grant funds imprudently." Dkt. 418 ¶ 3. Indeed, (1) the Ninth Circuit has already held Defendants are unlikely to succeed on the merits, *see* Dkts. 265, 364; (2) Defendants have apparently approved and disbursed $1.6 million and do not indicate any imprudent use of funds, *see* Dkt. 417 ¶ 3; and (3) Defendants are still allowing grantees to use simpler and faster procedures to access funds for their other Department grants, *see supra* § II.B.

Defendants' appeal provides no basis to limit affected grantees to six months of funding pending a June 1 performance report or to impose burdensome reimbursement procedures. But these measures do discourage affected grantees from continuing their grants by interfering with project performance and creating uncertainty about whether grantees will be able to fund activities during the second half of the year. And, since Defendants have not yet awarded these funds to affected grantees, the measures give Defendants additional time to deplete the available funds by obligating them to other recipients. *See supra* § II.C; Dkt. 367 at 7-10.

Nor do Defendants meaningfully dispute that the measures are effectively discontinuing some projects and severely hindering many others.[2] *See* Dkt. 367 at 12-13. Some grantees have already had to issue layoff notices, and grantees will be unable to, for example, retain mental health staff and recruit graduate students because Defendants' measures create unworkable uncertainty about funding for the second half of the budget period. *See id*. at 7-10. Remarkably, Defendants attempt to use these harms as a basis to justify the measures even though the harms are caused by the disruptive effects of Defendants' unlawful discontinuances and would be

---

[2] Defendants' reference to Plaintiffs' prior briefing is irrelevant. *See* Dkt. 416 at 7-8. Plaintiffs previously sought six-month *interim* awards to mitigate harm based on the expectation—confirmed by Defendants' representations—that Defendants would issue full-year continuation awards to continued grantees shortly after the original December 31, 2025, deadline. *See* Dkt. 367 at 7. Almost four months later, Defendants have still not issued those awards, and grantees are still suffering harm.

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

4

mitigated if the measures were lifted. *See id.*; Dkt. 416 at 3-4. Indeed, Defendants' severe treatment of affected grantees has already ended several grant projects. *See supra* § II.A.

Defendants argue their measures do not violate "the express terms of the injunction." Dkt. 416 at 8. Even if this were true, a party can violate an injunction even if it "did not explicitly forbid… specific acts." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 948 (9th Cir. 2014). Courts should look to the purpose of the relief and "find a breach… in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." *Id*. at 949. Accordingly, courts have rejected similar attempts to circumvent an injunction's terms. *See, e.g.*, *New York v. Trump*, --- F.4th ----, No. 25-1236, 2026 WL 734941, at *18 (1st Cir. Mar. 16, 2026) (upholding order to "'immediately cease' that manual review process" where district court found "'manual review process' was 'essentially an adoption of a funding review scheme' enjoined by the preliminary injunction"); *Thakur*, 795 F. Supp. 3d at 1174-75 (finding defendant violated injunction against grant terminations where grant suspensions "differ[ed] from a termination in name only"); *Illinois v. Fed. Emergency Mgmt. Agency*, No. 1:25-cv-00206-WES-PAS, 2025 WL 2908807, at *1 (D.R.I. Oct. 14, 2025) (finding "[d]efendants have done precisely what [the injunction] forbids" by re-imposing enjoined grant condition with appeal contingency).

By imposing measures that indisputably harm grantees' ability to perform their grant projects and threaten their projects' continued existence—and imposing these measures *because* the grantees were those affected by Defendants' unlawful discontinuances—Defendants have violated the Court's injunction against "implementing or enforcing" the discontinuances "through any means." Dkt. 269 at 35.

## C.      Defendants' Measures Violate Other Portions of the Injunction

The Court also enjoined Defendants from "[c]onsidering new priorities or any other information that is not relevant and similar to the information listed in 34 C.F.R. § 75.253(b)"

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

and "[d]enying a continuation award based on performance issues, if any, caused by the Department's actions challenged in this case and their disruptive effects." Dkt. 269 at 35.

But Defendants admit that is what they have done. Instead of issuing continuation awards for the full budget period, Defendants issued an "initial[]" award of "six months" and will not provide funding for the remaining six months unless grantees "provide satisfactory mid-year performance and budget information and show that they are making substantial progress towards fulfilling the goals and objectives of their grant." Dkt. 416 at 3. This is not a continuation award. This is another interim award that forces affected grantees to go through a second, mid-year continuation process while at the same time sabotaging grantees' projects by judging them against the goals of the full budget period but providing them with only half the funds. And Defendants decided not to issue proper continuation awards because Defendants filed an appeal—not based on grantees' performance. *See* Dkt. 418 ¶ 3. Defendants further invoke the exact disruptions that they themselves have caused—and are enjoined from considering—as a basis for denying affected grantees a full year continuation award. *See* Dkt. 416 at 3-4.

Defendants claim their regulations do not require them to fund affected grantees for the full budget period. Dkt. 416 at 5-6. But Defendants acknowledge the purpose of a budget period is to divide the project into intervals of time "for budgetary purposes." Dkt. 416 at 5 (quoting 34 C.F.R. § 75.251). Defendants' reliance on § 75.253(e)(2) confirms the amount of the continuation award should match the amount of funding required to conduct all of the planned activities for the entire budget period. *See* Dkt. 416 at 4-5.

**D.    At Minimum, the Court Should Order Defendants to Set Aside Funds and Order Discovery**

Defendants have violated the Court's injunction. But if additional evidence is needed, Plaintiffs request the Court order expedited discovery.

If the Court does not lift Defendants' measures, Plaintiffs also request the Court order Defendants to set aside funds sufficient to fund the rest of the budget period for affected grantees.

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

The Court enjoined Defendants from "recompeting Grant funds," Dkt. 269 at 35, and it is proper to require Defendants to report what steps they have taken to comply with this order—especially given Plaintiffs' well-founded concerns. *See, e.g.*, Dkt. 193 at 26; Dkt. 195; *supra* § II.C.

### IV.    CONCLUSION

The Court should enforce its injunction and order Defendants to lift the grants management measures.

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

DATED this 15th day of April 2026.

The signing attorneys certify that this memorandum contains 2,098 words in compliance with Local Civil Rules.

ROB BONTA
Attorney General of California

NICHOLAS W. BROWN
Attorney General of Washington

/s/ Crystal Adams
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1515 Clay St., 20th Floor
Oakland, CA 94612-0550
(510) 879-3098
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

Attorneys for State of California

/s/ Jennifer K. Chung
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
William.McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

Attorneys for State of Washington

WILLIAM TONG
Attorney General of Connecticut

KATHLEEN JENNINGS
Attorney General of Delaware

/s/ Andrew Ammirati
ANDREW AMMIRATI*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

Attorney for State of Connecticut

/s/ Vanessa L. Kassab
IAN R. LISTON*
Director of Impact Litigation
JENNIFER-KATE AARONSON*
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Vanessa.Kassab@delaware.gov
Jennifer.Aaronson@delaware.gov
Ian.Liston@delaware.gov

Attorneys for State of Delaware

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

8

KWAME RAOUL
Attorney General of Illinois

/s/ Emily Hirsch
EMILY HIRSCH*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Emily.Hirsch@ilag.gov

Attorney for State of Illinois


PHILIP J. WEISER
Attorney General of Colorado

/s/ Sarah H. Weiss
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

Attorney for State of Colorado



LETITIA JAMES
Attorney General of New York

/s/ Rabia Muqaddam
RABIA MUQADDAM*
Special Counsel for Federal Initiatives
MARK LADOV*
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

Attorneys for State of New York

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Michael Drezner
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

Attorney for State of Maryland


AARON M. FREY
Attorney General of Maine

/s/ Sarah A. Forster
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

Attorney for State of Maine



ANDREA JOY CAMPBELL
Attorney General of Massachusetts

/s/ Katherine Dirks
KATHERINE DIRKS*
Chief State Trial Counsel
YAEL SHAVIT*
Chief, Consumer Protection Division
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
617-963-2277
Katherine.Dirks@mass.gov
Yael.Shavit@mass.gov

Counsel for Commonwealth of Massachusetts

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744

DANA NESSEL
Attorney General of Michigan

/s/ Neil Giovanatti
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

Attorney for People of Michigan

RAÚL TORREZ
Attorney General of New Mexico

/s/ Aletheia V.P. Allen
ALETHEIA V.P. ALLEN*
Solicitor General
LAWRENCE M. MARCUS*
Assistant Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
Aallen@nmdoj.gov
Imarcus@nmdoj.gov

Attorneys for State of New Mexico

DAN RAYFIELD
Attorney General of Oregon

/s/ Coby Howell
COBY HOWELL*
Senior Assistant Attorney General
Trial Attorney
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Coby.Howell@doj.oregon.gov

Attorney for State of Oregon

AARON FORD
Attorney General of Nevada

/s/ Heidi Parry Stern
HEIDI PARRY STERN*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
702-486-3420
HStern@ag.nv.gov

Attorney for State of Nevada

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

Attorney for State of Wisconsin

*Admitted pro hac vice

PETER F. NERONHA
Attorney General of Rhode Island

/s/ Kyla Duffy
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400, Ext. 2809
Kduffy@riag.ri.gov

Attorney for State of Rhode Island

REPLY IN SUPPORT OF PLAINTIFFS'
SECOND MOTION TO ENFORCE
SUMMARY JUDGMENT ORDERS
NO. 2:25-cv-01228-KKE

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206- 464-7744