Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO.  C25-1228KKE |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION** |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | (Note on Motion Calendar for: July 1, 2026) |
| Defendants. | |

**NOTICE OF MOTION**

Defendants (hereafter "the Department") respectfully move this Court for an order clarifying the scope of the injunction issued on December 19, 2025, in this action (Dkt. # 269, 270). Specifically, the Department seeks an order clarifying that the Court's December 19, 2025 injunction, which addresses the Department's non-continuation authority under 34 C.F.R. § 75.253, does not restrict the Department's separate authority to terminate grants under 2 C.F.R. § 200.340. The Department respectfully requests a ruling on this motion by July 30, 2026, so that the Department can commence grant agreement terminations on July 31, 2026.

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 1
(Case No. C25-1228KKE)

## INTRODUCTION

Defendants intend to move forward with a proposal to terminate some or all of the grants affected by the injunction issued by this Court on December 19, 2025.  This litigation has centered on the Department's authority to non-continue grants under 34 C.F.R. § 75.253.  The Department is now planning to proceed under 2 C.F.R. § 200.340, an independent provision granting broad authority to terminate grants.  The Department's Section 200.340 authority has not been at issue in this lawsuit and has not been addressed by any ruling of this Court.

The Department intends to proceed with these terminations no sooner than July 31, 2026, subject to a ruling by the Court that it considers a grant termination as described by this motion to be a violation of its December 19, 2025 injunction.  Grantees will continue to have funding available until the Department issues a notice of termination.  Grantees will be able to incur reasonable and necessary grant costs under their grant agreements until the effective date of termination, as well as reasonable closeout costs.  See 2 C.F.R. § 200.472(a).

The Department does not believe that a decision to *terminate* a grant agreement, as distinguished from a decision *not to continue* a multi-year grant agreement into a subsequent calendar year, is affected by the Court's December 19, 2025 injunction.  Nevertheless, out of an abundance of caution and because of the Plaintiff States' prior history of filing post-judgment motions to enforce the injunction, the Department is filing this motion for clarification in an effort to obtain confirmation that the Court does not regard a future termination of one or more multi-year agreements that are covered by this Court's December 19, 2025 injunction, as distinguished from a decision not to continue a grant agreement under 34 C.F.R. § 75.253, to be a violation of this Court's injunction.

## STATEMENT OF FACTS

The Plaintiff States filed this action on June 30, 2025, asserting that the Department acted unlawfully by deciding not to continue certain MHSP and SMBH multi-year grant agreements.  Dkt. # 1, ¶ 1.1.  In response, the Department moved to dismiss this action for lack of subject matter jurisdiction based on the contention that the States' claims were precluded by the Tucker Act,

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 2
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

28 U.S.C. §1491(a)(1), and the exclusive jurisdiction of the U.S. Court of Federal Claims. Dkt. # 161, pp. 10-19.

The States opposed the Department's motion principally by drawing a distinction between a non-continuation decision and a grant termination. According to the States' argument:

> Instead of acknowledging that they discontinued Plaintiffs' grants, as alleged . . . Defendants continue to characterize the discontinuances as grant terminations . . . But Plaintiffs' Complaint does not support this factual assertion. Defendants contort this material fact, because otherwise their Tucker Act defense fails. Unlike grant terminations, grant discontinuances do not involve a contractual breach of the obligation to pay for the obvious reason that grantees are still getting paid. Vacatur of the Non-Continuation Decision requires Defendants to revisit the grant continuation determination for the affected grants. There would be an intervening agency action that, if the proper continuation requirements are satisfied, would provide money; not vacatur (or an APA § 705 stay). Given this material distinction, Defendants [sic] citation of grant termination cases should not persuade this Court that Plaintiffs' claims belong in the Court of Federal Claims.

Dkt. # 174, pp. 23-24 (cleaned up).

Relying on this argument, the Court denied the Department's motion to dismiss. Dkt. # 190, p. 16, *ll.* 16-17. ("That the Department continues to pay out on the Grants and did not terminate them also undermines the availability of contract remedies.").[1] Shortly thereafter, the Court issued a preliminary injunction as to some of the grantees for whom the States sought relief. Dkt. # 193.

On December 19, 2025, the Court issued its ruling on the merits, granting the States' motion for summary judgment and denying the Department's cross-motion for summary judgment. Dkt. # 269. Based on this order, the Court entered judgment against the Department. Dkt. # 270. The Court based its ruling on two related grounds. First, the Court determined that the decisions not to continue the subject grant agreements were "arbitrary and capricious." In this connection, the Court concluded the Department adopted a "Directive procedure" that "resulted in a change in the procedure for receiving continuation awards." *Id.* at 16. The Court concluded that, insofar as this directive served as a basis for the decisions not to continue the grant agreements at issue, the

---

[1] Alternatively, this Court relied on the absence of privity between the States and the Department. Dkt. # 190, pp. 16-17 (citing *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.*, 155 F.4th 1099, 1106 (9th Cir. 2025)). By this the Court appeared to suggest that because the States are not parties to the grant agreements with the Department (which is not accurate in many cases) a remedy in the Court of Federal Claims was not available to them and so the Tucker Act's jurisdictional preclusion did not apply. The Ninth Circuit's recent decision in *Thakur v. Trump*, No. 25-4249, 2026 WL 1466303 (9th Cir. May 26, 2026), rejects that proposition, indicating that it is foreclosed by *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, __ U.S. ___, 145 S. Ct. 2658 (2025). *Id.* at *7. Further, the Court distinguished *Community Legal Services* as applying only to claims based on a statutory obligation of the Government. *Id.* at *7, n.4.

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 3
(Case No. C25-1228KKE)

Directive was arbitrary and capricious. *Id.* at pp. 16-18.  Additionally, the Court concluded that the discontinuation notices that informed the grantees of the Department's decisions not to continue their grant agreements were deficient and also arbitrary and capricious. *Id.* at pp. 18-20.

Second, the Court held that the Department's Directive procedure as well as the discontinuation notices themselves were contrary to law because both actions violated the terms of 34 C.F.R. § 75.523. *Id.* at p. 20, *ll.* 13-15.  Relying on principles of statutory construction, the Court held that the Department's interpretation of the "best interest of the Government" criteria in 34 C.F.R. § 75.523(a)(5) was "unreasonable," concluding that non-continuation of grant agreements based on (a)(5) could not be based on "unpublished policy preferences unrelated to the progress of grant projects." *Id.* at pp. 23-27.  Because the Court concluded that "the continuation decisions were based on unpublished policy preferences set forth in the Directive procedure, rather than on information enumerated in 34 C.F.R. § 75.523 or similar relevant information," the Department acted contrary to law. *Id.*

Based on these conclusions, the Court declared that the Department's actions in enacting the Directive procedure and in issuing discontinuation notices and letters denying reconsideration pursuant to the Directive were arbitrary and capricious and contrary to law, and it set aside those actions with respect to all MSHP and SBMH grantees in the Plaintiff States whose grants were not continued. *Id.* at 29, *ll.* 15-17.  Apart from vacating those actions, the Court granted prospective relief in the form of a permanent injunction.  Insofar as relevant to this motion, the Court enjoined the Department from:

  (1) Considering new priorities or any other information that is not relevant and similar to the information listed in 34 C.F.R. § 75.253(b) when determining whether a grant within Plaintiff States has met the requirements for a continuation award under 34 C.F.R. § 75.253(a).

  (2) Implementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States.

  (3) Denying a continuation award based on performance issues, if any, caused by the Department's actions challenged in this case and their disruptive effects.

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 4
(Case No. C25-1228KKE)

The Department intends to terminate some or all of these grant agreements completely under separate authority, *i.e.*, 2 C.F.R. § 200.340.  Termination of the grant agreements of some or all of the grantees benefited by the Court injunction does not involve a decision whether to continue their grants, *i.e.,* the circumstance addressed by 34 C.F.R. § 75.253, nor does it involve an application of the Directive procedure.

## LEGAL STANDARDS

It is well-established that a party who harbors doubt about the lawfulness of a proposed course of action "can always ask the Court for guidance." *Infusaid Corp. v. Intermedics Infusaid, Inc.*, 756 F.2d 1, 2 (1st Cir. 1985) (*citing, McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)).  As the Supreme Court observed in *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9 (1945):

> If defendants enter upon transactions which raise doubts as to the applicability of the injunction, they may petition the court granting it for a modification or construction of the order.  While such relief would be in the sound discretion of the court, we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or "successors and assigns" in the dark as to their duty toward the court.  Enforcement orders are issued to effectuate the purposes of the Act, not for the entrapment of parties, and courts no less than parties desire to avoid unwitting contempts as well as to punish deliberate ones.

*Id.* at 15 (internal citation omitted).  Indeed, it has been suggested that a party operating under the terms of an ambiguous injunction proceeds at its own risk in subsequent contempt proceedings if it fails to seek clarification of an injunction.  *See, e.g., Goya Foods, Inc. v. Wallack Mgmt. Co.,* 290 F.3d 63, 75–76 (1st Cir. 2002); *Polo Fashions, Inc. v. Stock Buyers Int'l, Inc.*, 760 F.2d 698, 700 (6th Cir. 1985).

## ARGUMENT

I.    THE COURT SHOULD CLARIFY THAT ITS DECEMBER 19, 2025 INJUNCTION DOES NOT PREVENT THE DEPARTMENT FROM TERMINATING ANY GRANT AGREEMENT UNDER 2 C.F.R. § 200.340

The Department asks the Court to clarify that its December 19, 2025 injunction does not encompass and will not be violated by the Department's termination of any grant agreement pursuant to 2 C.F.R. § 200.340.  In the Department's view, the injunction plainly does not restrict its ability to terminate any grant agreement.  Nevertheless, in their last motion, the States advanced an expansive interpretation of the Court's injunction seeking to extend it into areas well beyond

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 5
(Case No. C25-1228KKE)

continuation decisions. Because the States may argue that the injunction should be interpreted as encompassing grant terminations, the Department has decided to seek this Court's guidance in advance of the planned terminations.

As the above procedural history reflects, this litigation has not involved any issue related to the Department's termination authority under Section 200.340. Instead, the States' claims arose entirely from the Department's non-continuation decisions. Thus, the parties have not briefed any question related to the termination provision. To the contrary, the States argued that grant termination and grant continuations were "materially" distinct procedures and that, because their claims involved only continuation decisions and not terminations, those claims could go forward in this Court rather than in the U.S. Court of Federal Claims. Dkt. # 174, pp. 23-24.[2] Accordingly, the Court was not required to consider the Department's authority to terminate a grant agreement under 2 C.F.R. § 200.340 or to resolve any question relating to the Department's termination authority.

Instead, the Court's injunction and related orders are exclusively concerned with the Department's non-continuation authority under 34 C.F.R. § 75.253. The Court found defects in the way that the Department conceived of and implemented the continuation decisions at issue. And it issued relief consistent with those conclusions. In addition to affording the affected grantees new hearings on continuation, the Court limited the Department in the types of information it could consider in making continuation decisions.

Thus, nothing in the Court's injunction affects the Department's ability to terminate the subject grant agreements pursuant to Section 200.340. The Department's exercise of its authority under this regulation stands apart from its authority to continue a multi-year grant under 34 C.F.R. § 75.253. Importantly, the Department's termination authority relies on a different regulation and its decisions to terminate a grant agreement will not rely on the "Directive procedure" that guided the Department's past non-continuation decisions, which the Court found unlawful in this action.

2 The States' arguments in that regard have been greatly undermined by the Ninth Circuit's recent decision in *Thakur v. Trump*, ___ F.4th ___, No. 25-4249, 2026 WL 1466303 (9th Cir. May 26, 2026). The Court of Appeals reversed a district court's issuance of a preliminary injunction that had been granted in favor of a class of similarly situated University of California researchers whose federally funded grants had been or imminently would be terminated or suspended. The Court concluded that, due to the Supreme Court's decision in *Nat'l Instits. of Health v. Am. Pub. Health Ass'n*, ___ U.S. ___, 145 S. Ct. 2658 (2025), the district court likely lacked jurisdiction over the APA claims of the plaintiff class. *Id.* at *7.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

However, in their previous motion to "enforce" (Dkt. # 367), the States advocated for a very broad interpretation of the Court's injunction arguing that its scope extends far beyond the reach of the claims addressed in this lawsuit and encompasses questions about the way in which the Department makes payments to the grantees and to its decisions concerning how to fund the grant agreements.  The basis for the States' argument was the portion of the Court's order which enjoined the Department from "[i]mplementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States."  Dkt. # 269, p. 35, *ll.* 12-14.  The States' motion disclosed that they apparently view this provision of the Court's injunction as a license to challenge in post-judgment motions every exercise by the Department of its grant management authority in relation to the affected grants that they find disagreeable or inconvenient.  This Court rejected those arguments.  Dkt. # 433, p. 10, *ll.* 20-21 ("Neither the express terms nor the spirit of the Court's prior orders were directed at grant-management conditions.").

Here too, the injunction will not be violated.  The Department is not reinstating its non-continuation decisions.  It is exercising its authority to terminate the grants regardless of their character as multi-year grants under a separate legal authority featuring a different legal standard never addressed in this lawsuit.  If the States believe that they are aggrieved by the termination of any grant, their proper recourse would be to challenge the Department's actions in the appropriate forum rather than to encourage the Court to expand its injunction to encompass agency actions that were neither at issue nor ruled upon in this lawsuit.  Accordingly, the Department requests that the Court grant its motion and clarify that the termination of a grant agreement pursuant to 2 C.F.R. § 200.340 would not be a violation of the Court's December 19, 2025 injunction.

///

///

///

///

///

///

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 7
(Case No. C25-1228KKE)

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court grant the Department's motion and clarify that the termination of a grant agreement pursuant to 2 C.F.R. § 200.340 would not violate the Court's December 19, 2025 injunction.

## CERTIFICATION

I certify that this memorandum contains 2,611 words, in compliance with LCR 7(d)(2).

DATED this 10th day of June 2026.

Respectfully submitted,

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorney for Defendants

NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF INJUNCTION - 8
(Case No. C25-1228KKE)