Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO.  C25-1228KKE |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO STATES MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION** |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

**INTRODUCTION**

This Court should deny the States's third post-judgment motion in this case - their improper motion for reconsideration.  The States do not even pretend that their motion meets the traditional requirements for a motion for reconsideration.  This Court denied Plaintiffs' post-judgment, post-appeal, second motion to enforce the injunction in total, concluding that the States failed to show that the Department was either violating or threatening to violate the Court's injunction and recognizing the Court's limited jurisdiction to modify its injunction while the case is on appeal.  The Court also specifically refused to grant the States' request to conduct post-judgment discovery.

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 1
(Case No. C25-1228KKE)

The States made the same arguments in their second post-judgment motion in support of their request to take post-judgment discovery that they are making in the present motion – this time in support of an order compelling the Department to produce detailed "status reports." Those arguments were rejected there, and they should be rejected here. Indeed, the States' requested status reports are simply a mechanism for requiring the Department to respond to post-judgment interrogatories by a different name.

The States do not show that the Court committed manifest error in denying their motion, nor do they show that the Court's decision was unjust or that new facts have arisen about which the Court was unaware. Indeed, the States do not bother to cite those standards to the Court at all, much less demonstrate how they apply here. In short, the States' motion is groundless.

The ends do not justify the means. Because the States have shown no legal grounds for their post-judgment motion for reconsideration, their motion should be denied.

## STATEMENT OF FACTS

On December 19, 2025, the Court issued an order on cross-motions for summary judgment in which it ruled in the States' favor and issued a permanent injunction. Dkt. # 269. Dissatisfied with some of the Department's decisions concerning the management of the grant agreements affected by the injunction, the States filed their second motion to enforce the injunction alleging that the Department was violating the order. Dkt. # 367. The States also requested the Court to authorize them to conduct post-judgment discovery. *Id.* at pp. 14-15. The Department opposed this motion and, in a declaration submitted with the Department's opposition, one of the Department's declarants proposed that the Department could provide the Court with a report regarding the status of its Mid-Year Check-Ins and additional funding determinations by June 1, 2026. Dkt. # 430, ¶ 5.

Following oral argument, the Court issued an order denying the States' motion. Dkt. # 433. The Court's order specifically denied the States' request for permission to conduct post-judgment discovery. *Id.* at p. 11 ("Accordingly, the Court also finds that Plaintiff States

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 2
(Case No. C25-1228KKE)

have failed to show that the discovery requested in the alternative is warranted.")  It also did not order the Department to provide the status report proposed by the Department's declarant.[1]

Following the denial of their motion to enforce, the States' attorneys immediately commenced making inquiries about the status report proposed by the Department's declarant. Declaration of Kipnis, ¶ 2.  On May 27, 2026, one of the States' attorneys threatened that if she was not informed by noon the next day that Defendants would file a status report by June 1, "we may file a motion, asking the Court to order the status report that Defendants have already offered."  *Id.* at ¶ 3, Ex. A.  Responding to this message, counsel for the Department indicated that there was no legal basis for the States' threatened third post-judgment motion.  *Id.* at ¶ 4, Ex. B.  Nevertheless, he informed the States' attorney that the Department intended to voluntarily provide the Court with a status report later in June as proposed by its declarant.  *Id.* In response, counsel for the States sent a message to the Department's counsel attempting to dictate the terms of the Department's voluntary report.  The States' attorney demanded that the Department file *two* reports and she set forth the specific items that the reports should contain, noting that "[t]hese reports will obviate the need for us to file a motion . . .."  *Id.* at ¶ 5, Ex. C.

Because the Department had already communicated to the States' attorney what it was prepared to do, the Department's counsel chose not to communicate further on the subject.  *Id.* at ¶ 6.  Thereafter, the States' attorney threatened on two occasions that "unless we reach agreement," *i.e.,* that the Department would unilaterally accede to her demands, the States would file a motion on some unidentified ground.  *Id.* at ¶¶ 7, 8, Exs. D, E.  On June 4, 2026, the States filed the instant "motion for reconsideration."  Dkt. # 434.

---

[1]  Nevertheless, the Department intends to voluntarily file the status report offered by the Department's declarant. However, the Department expects to file its voluntary report on or about Thursday, June 25, 2026, when it expects the relevant decisions to have been made.  The Department will have no meaningful information to impart until then.  The Department also notes that, as set forth in the Department's motion to clarify the injunction (Dkt. # 437), the Department intends to terminate some or all of the grant agreements affected by the Court's injunction by no sooner than July 31, 2026, pursuant to 2 C.F.R. § 200.340, subject to a ruling by the Court that the terminations would violate its injunction.

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 3
(Case No. C25-1228KKE)

# LEGAL STANDARDS

This Court set forth the standards for a motion for reconsideration under LCR 7(h) in *Traverse Therapy Servs. PLLC v. Sadler-Bridges Wellness Grp. PLLC*, No. C23-1239-KKE, 2026 WL 856203 (W.D. Wash. Mar. 27, 2026):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

> A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

*Id.* at *1 (quoting *Nelson v. Thurston Cnty.*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019)).

# ARGUMENT

## I.      THIS MOTION WAS IMPROPERLY FILED UNDER LCR 7(h)

Although the States' motion is brought under LCR 7(h), it should have been filed under Rule 59(e), Fed R. Civ. P. *See Cadovec v. United States*, No. 5:22-cv-00492-MCS-SP, 2023 WL 7107271, at *1 (C.D. Cal. May 31, 2023) ("Post-judgment motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) or 60(b)."). Here, despite the fact that judgment has been entered in this case and the case is now on appeal, Plaintiffs are asking the Court through this post-judgment motion to reconsider its denial of their request to impose additional requirements on the Department to provide information in the form of "status reports" that are not required by the Court's judgment nor justified by violations or threatened violations of the Court's injunction. Under the circumstances, to the extent they are asking the Court to reconsider its judgment and to now impose those requirements upon the Department in the

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 4
(Case No. C25-1228KKE)

absence of any evidence that the Department is violating the injunction, their motion should have been filed under Rule 59(e).  A Rule 59(e) motion is only appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  This "extraordinary remedy . . . should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).

The States' post-judgment motion does not demonstrate that any of the grounds for reconsideration under Rule 59(e) are present in this case.  Accordingly, their motion may be denied on that basis alone.

II.     THE STATES HAVE NOT DEMONSTRATED THAT GROUNDS EXIST FOR RECONSIDERATION OF THE COURT'S DENIAL OF THEIR SECOND MOTION TO ENFORCE THE INJUNCTION

Even if the Court determines that the States' post-judgment motion can be filed under LCR 7(h), the States fail to establish that their motion meets any of the traditional requirements for a motion for reconsideration.  Indeed, the States do not make the slightest effort to establish that their motion is proper under the relevant standard.  Except for a passing reference to LCR 7(h), the States cite no legal authority in support of their motion.

Applying the Western District of Washington's standards for LCR 7(h) motions, the States have not demonstrated that this Court committed any manifest error in denying their motion or in denying their request for post-judgment discovery, nor have they shown that the order was unjust in any sense or that there are any new facts or legal authorities that they were not able to bring to the Court's attention at the relevant time.

Indeed, as concerns manifest error, the Court was very clear in setting forth its reasons for denying the States' motion and the States do not argue that the Court erred in any way:

//

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 5
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Although the grant-management conditions inject a degree of uncertainty and instability in the Grantees' programs that the Court did not anticipate when issuing its prior orders, the Court does not read its orders to have prohibited the conditions. Neither the express terms nor the spirit of the Court's prior orders were directed at grant-management conditions. *Cf. Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 949, 954–55 (9th Cir. 2014) (rejecting a party's attempt to claim "technical compliance" with a "self-serving interpretation" of an injunction that is contrary to the spirit of the injunction). Thus, although the Court is, along with Plaintiff States, troubled by the impact of the conditions on the Grantees' ability to achieve their program objectives, the Court cannot find that the Department violated the Court's prior orders in imposing them. *Accordingly, the Court also finds that Plaintiff States have failed to show that the discovery requested in the alternative is warranted.*

Dkt. # 433, pp. 10-11.

Despite the Court's clear ruling that the States failed to demonstrate that discovery is warranted because of the absence of any showing that the Department was violating the injunction or were intending to violate the injunction, Plaintiffs' current groundless motion seeks to achieve the same thing on a *third try* relying on a groundless motion for reconsideration that requests detailed "status reports" without ever showing that the Court manifestly erred.[2]

Because the States have failed to show that any grounds exist for their disfavored motion for reconsideration or to compel the Department to respond to their request that the Department respond to their post-judgment discovery requests, dressed up as "status reports," their motion should be denied.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court deny the States' post-judgment motion for reconsideration.

## CERTIFICATION

I certify that this memorandum contains 1,938 words.

//

//

//

---

[2] The States' first post-judgment motion to enforce also asked the Court to allow it to conduct discovery. Dkt. # 288, pp. 13-15.

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THEIR MOTION TO ENFORCE THE INJUNCTION - 6
(Case No. C25-1228KKE)

DATED this 12th day of June, 2026.

Respectfully submitted,


/s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
Email: brian.kipnis@usdoj.gov

*Attorney for Defendants*

DEFENDANTS' OPPOSITION TO STATES' MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING THEIR MOTION TO
ENFORCE THE INJUNCTION - 7
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970