UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | CASE NO. C25-1228-KKE |
| Plaintiff(s), | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | |
| Defendant(s). | |

After the Court denied Plaintiff States' second motion to enforce an injunction (Dkt. No. 433), Plaintiff States filed a motion for reconsideration. Dkt. No. 434. Plaintiff States' motion asks the Court to order Defendants to file two status reports that will allow them to monitor Defendants' compliance with the Court's injunction. *Id*. Plaintiff States' motion argues that the Court should have required Defendants to file these reports because Defendants' declarant offered to do so in a declaration filed after oral argument on the motion to enforce. *Id*.

Whether this motion is properly considered under the Local Rule governing motions for reconsideration or the Federal Rule of Civil Procedure governing post-judgment motion to amend judgment, such motions should be denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338

ORDER DENYING MOTION FOR RECONSIDERATION - 1

F.3d 1058, 1063 (9th Cir. 2003) (addressing post-judgment motions under Federal Rule of Civil Procedure 59(e)); Local Rules W.D. Wash. LCR 7(h).

Plaintiff States' motion does not meet that standard: it does not argue that the Court's order contains manifest error, nor does it rely on a showing of new facts or legal authority that could not have been brought to the Court's attention earlier.  The Court's order denying Plaintiff States' motion found that Defendants had not violated the Court's injunction and denied Plaintiff States' request for discovery.  Dkt. No. 433.  Plaintiff States' motion does not persuade the Court that "manifest injustice" (*Turner*, 338 F.3d at 1063) would occur in the absence of an order requiring Defendants to provide status updates documenting compliance, where the Court has found that Defendants have to this point complied with the injunction and that compliance-related discovery is not warranted.

Defendants have, however, offered to provide a status report later in the month, around June 25, 2026, the earliest that they expect to have "meaningful information to impart[.]"  Dkt. No. 438 at 3 n.1.  Although this offer could have been communicated in response to emails that Defendants' counsel chose not to respond to (*see* Dkt. No. 439), potentially avoiding the motion for reconsideration, the Court is nonetheless satisfied that Plaintiff States will be timely informed of Defendants' actions taken in compliance with the Court's injunction.

Dated this 16th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2