The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

STATE OF WASHINGTON, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

Defendants.

NO. 2:25-cv-01228-KKE

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF INJUNCTION

NOTED FOR HEARING:
JULY 24, 2026, 1:30 PM

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

**TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................................................... 1

II.   BACKGROUND ........................................................................................................... 2

    A.   The Court's Summary Judgment Orders and Permanent Injunction ........................ 2

    B.   Defendants' Recent Attempts to End Unlawfully Discontinued Grants Using
        2 C.F.R. § 200.340(a)(4) ......................................................................................... 4

III.  ARGUMENT ................................................................................................................ 5

    A.   Legal Standard ........................................................................................................ 5

    B.   The Court Should Reject Defendants' Proposed, Overbroad "Clarification" ........... 6

    C.   The Court Should Make Clear that the Injunction Enjoins Terminating Grants
        that Purportedly Fail to Effectuate the Directive's Unpublished Priorities .............. 9

    D.   Rule 62(d) Allows the Court to Modify the Injunction to Enforce Compliance
        and Maintain the Status Quo Pending Appeal ....................................................... 11

IV.   CONCLUSION ........................................................................................................... 13

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

## TABLE OF AUTHORITIES

### <u>Cases</u>

*A&M Recs., Inc. v. Napster, Inc.*,
  284 F.3d 1091 (9th Cir. 2002) ................................................................................ 6, 12

*Beyond Blond Prods., LLC v. Heldman*,
  No. 2:20-cv-05581-DSF, 2020 WL 11886260 (C.D. Cal. Oct. 29, 2020) ............................ 6

*Council for Opp'y in Educ. v. U.S. Dep't of Educ.*,
  No. 1:25-cv-03491-TSC, 2026 WL 120984 (D.D.C. Jan. 16, 2026)....................................... 5

*Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*,
  536 F.2d 1268 (9th Cir. 1976) ................................................................................ 11, 12

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
  774 F.3d 935 (9th Cir. 2014) ................................................................................ 9, 11

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
  No. 2:11-cv-02043-JLR, 2017 WL 1057644 (W.D. Wash. Mar. 17, 2017)........................ 6, 7

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*,
  686 F.2d 731 (9th Cir. 1982) ................................................................................ 12

*Nat. Res. Def. Council v. Sw. Marine Inc.*,
  242 F.3d 1163 (9th Cir. 2001) ................................................................................ 6, 12

*Nat'l Grange of the Ord. of Patrons of Husbandry
  v. California State Grange*,
  182 F. Supp. 3d 1065 (E.D. Cal. 2016) ................................................................................ 6

*Ocampo v. Holder*,
  629 F.3d 923 (9th Cir. 2010) ................................................................................ 8

*Regal Knitwear Co. v. N.L.R.B.*,
  324 U.S. 9 (1945)................................................................................ 6, 7

*Sys. Fed'n No. 91 v. Wright*,
  364 U.S. 642 (1961)................................................................................ 11, 12

*Thakur v. Trump*,
  795 F. Supp. 3d 1168 (N.D. Cal. 2025)................................................................................ 5, 6, 11

*Tucson v. City of Seattle*,
  No. 2:23-cv-00017-MJP, 2024 WL 4290297 (W.D. Wash. Sept. 25, 2024) .................... 6, 7

*United States v. Philip Morris USA Inc.*,
  793 F. Supp. 2d 164 (D.D.C. 2011)................................................................................ 6, 7

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

*Washington v. U.S. Dep't of Educ.*,
  167 F.4th 1241 (9th Cir. 2026) ................................................................... passim

**Other Authorities**

Mirriam-Webster Dictionary,
  https://www.merriam-webster.com/dictionary/implement
  (last visited June 24, 2026) ........................................................................ 10

**Rules**

Fed. R. Civ. P. 62(d) ........................................................................................ 6

**Regulations**

2 C.F.R. § 200.340(a)(2) ................................................................................. 4

2 C.F.R. § 200.340(a)(3) ................................................................................. 4

2 C.F.R. § 200.340(a)(4) ................................................................................. 4

34 C.F.R. § 75.253 .......................................................................................... 7

89 Fed. Reg. 30046 (Apr. 22, 2024) .............................................................. 4

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

iii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

## I.    INTRODUCTION

Yet again, Defendants have injected uncertainty as part of their ongoing campaign to end grant projects that are protected by this Court's permanent injunction. In their newest gambit, Defendants claim—after a year of litigation—to have suddenly found authority to end the protected grants by simply terminating them. Defendants purport to seek clarification that the Court's permanent injunction "does not restrict the Department's separate authority to terminate grants under 2 C.F.R. § 200.340 . . . so that the Department can commence grant agreement terminations on July 31, 2026." Dkt. 437 at 1.

But the injunction is clear: Defendants are permanently enjoined from "[i]mplementing or enforcing through any means the Directive procedure… with respect to any discontinued Grant within Plaintiff States." Dkt. 269 at 35. This language does not restrict Defendants' authority to *lawfully* end protected grants; indeed, Defendants have already lawfully terminated some grants under 2 C.F.R. § 200.340(a)(2) and/or (3) notwithstanding the injunction. But Defendants cannot use "any means" to end protected grants based on the *unlawful* Directive procedure, whether Defendants call those means a non-continuation, a discontinuance, a termination, a withholding, an indefinite suspension, an engineered lack of funds, or anything else.

Tellingly, Defendants do not explain what, precisely, they plan to do. Instead, Defendants seek broad license to terminate "some or all" of the protected grants, while keeping vague the specific means. But specificity is necessary, because some terminations under 2 C.F.R. § 200.340 might violate the injunction, and some might not. Courts regularly deny motions to clarify when the moving party does not provide concrete facts that would allow the court to construe the scope of an order.

If, as Plaintiffs anticipate, Defendants specifically intend to terminate the protected grants under the guise that they "no longer effectuate[] the program goals or agency priorities" under 2 C.F.R. § 200.340(a)(4)—as cited in the Grant Priorities Directive and as Defendants recently

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

did in another grant discontinuance lawsuit—Defendants should say so and the Court should clarify this act would violate the injunction. The Directive procedure, *i.e.*, applying new, unpublished priorities to re-review and end existing grants that are purportedly inconsistent with those priorities, is enjoined, regardless of whether Defendants implement it under 34 C.F.R. § 75.253(a)(5) or 2 C.F.R. § 200.340(a)(4). Either way, Defendants cannot use agency-made regulations to bypass the Directive procedure's statutory notice and comment requirements, and the Court need not interpret either regulation to confirm this would violate the injunction. If modification is required to clarify the injunction enjoins Directive-based terminations, Fed. R. Civ. P. 62(d) recognizes the Court's inherent authority to modify an injunction pending appeal to supervise Defendants' compliance and maintain the status quo.

## II.    BACKGROUND

### A.    The Court's Summary Judgment Orders and Permanent Injunction

In February 2025, the Department issued a new internal "Directive on Department Grant Priorities" that announced new priorities of "merit, fairness, and excellence in education" and "instruct[ed] Department personnel to

> conduct an internal review of all new grant awards… and issued grants. Such review shall be limited to ensuring that Department grants do not fund discriminatory practices—including in the form of [diversity, equity, and inclusion]—that are either contrary to law or to the Department's policy objectives, as well as to ensure that all grants are free from fraud, abuse, and duplication. ... Grants deemed inconsistent with these priorities shall, where permitted by applicable law, be terminated in compliance with all notice and procedural requirements in the relevant award, agreement, or other instrument. *See* 2 C.F.R. § 200.340(a)(4)–341."

Dkt. 202-1 at 80-81. Defendants applied the Directive by performing "an across-the-board re-review of Department grants, including those previously awarded, and measur[ing] them against new criteria, which resulted in the discontinuation of grants in Plaintiff States." Dkt. 269 at 27-28. Although the Directive itself cited 2 C.F.R. § 200.340(a)(4) and directed that grants be "terminated," *id*. at 13, Defendants implemented the Directive procedure as to grants within

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Plaintiff States by issuing discontinuation notices and letters denying reconsideration under 34 C.F.R. § 75.253. *See id*. at 29-30. The Department did not publish the Directive procedure or its new priorities before discontinuing the grants based on their alleged failure to meet the new priorities. *See id*. at 27.

On December 19, 2025, the Court granted Plaintiffs' motion for summary judgment, vacated the Directive procedure and discontinuances, and ordered Defendants to make lawful continuation determinations. *Id*. at 34-36. The Court also permanently enjoined Defendants from "[i]mplementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States." *Id*. at 35. Among other things, the Court found the Directive procedure and its new priorities were contrary to law because Defendants were required to publicly promulgate them pursuant to Defendants' statutory rulemaking responsibilities, but they had failed to do so. *See id*. at 26-27 (citing 20 U.S.C. §§ 1232(a)-(f), 1221e-4). The Court rejected Defendants' argument that they could bypass the rulemaking requirements by discontinuing the protected grants "under the guise of the 34 C.F.R. § 75.253(a)(5) 'best interest' determination," finding that fact to be "of no consequence." *Id*. at 28.

Defendants appealed the summary judgment order and sought an emergency motion to stay the permanent injunction. *See Washington v. U.S. Dep't of Educ.*, 167 F.4th 1241, 1245 (9th Cir. 2026). The Ninth Circuit denied the motion, holding Defendants had not made a strong showing that the Directive procedure was lawful under the Administrative Procedure Act. *See id*. The Ninth Circuit agreed with this Court that Defendants were required to engage in notice-and-comment rulemaking under the General Education Provisions Act (GEPA), which Defendants violated by issuing discontinuation notices "that were based upon unpublished priorities set out in an internal agency directive." *Id*. Like this Court, the Ninth Circuit determined that the specific means Defendants used to implement the unpublished Directive, *i.e.*, 34 C.F.R. § 75.253, did not

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

matter. *See id*. at 1246. The Ninth Circuit explained that GEPA's rulemaking requirements would still apply to the unpublished Directive procedure, and Defendants would still be unlikely to succeed on the merits, "even if the Department was correct in its broad interpretation of the 'best interests' § 75.253(a)(5) provision." *Id*.

This Court then set new deadlines for Defendants to make new continuation decisions and any continuation awards resulting from those decisions. Dkt. 363. During this process, Defendants reported they continued 118 grants and discontinued 12 grants, and "[s]ix grantees voluntarily terminated their grants." Dkt. 365 at 2. The termination regulation allows such voluntary terminations. *See* 2 C.F.R. § 200.340(a)(2), (3).

**B.     Defendants' Recent Attempts to End Unlawfully Discontinued Grants Using 2 C.F.R. § 200.340(a)(4)**

Defendants have started invoking 2 C.F.R. § 200.340(a)(4) to end grants following unlawful (and unsuccessful) attempts to discontinue the same grants under 34 C.F.R. § 75.253, based on the same reasons. Section 200.340(a)(4) states: "The Federal award may be terminated . . . [b]y the Federal agency . . . pursuant to the terms and conditions of the Federal award, including, to the extent authorized by law, if an award no longer effectuates the program goals or agency priorities." 2 C.F.R. § 200.340(a)(4). To use this provision, "[t]he Federal agency . . . must clearly and unambiguously specify" it "in the terms and conditions of the Federal award." *Id*. § 200.340(a)(4); *see, e.g.*, Guidance for Federal Financial Assistance, 89 Fed. Reg. 30046, 30089 (Apr. 22, 2024) (explaining "the language" of § 200.340(a)(4) needs to be included in the "terms and conditions of the award"). Defendants recently asserted they could use 2 C.F.R. § 200.340(a)(4) to end the protected grants, and that this would be "similar" to discontinuation under 34 C.F.R. § 75.253(a)(5). *See Washington v. U.S. Dep't of Education*, No. 26-510, DktEntry 36.1 at 9-10 (9th Cir.) (*Appeal*).

Defendants' actions in *Council for Opportunity in Education* (*COE*) preview their plan to terminate protected grants using the same unlawful (and enjoined) basis as the

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

discontinuances. In *COE*, Defendants discontinued "TRIO" grants whose purpose was to help students from disadvantaged backgrounds pursue higher education. *See Council for Opp'y in Educ. v. U.S. Dep't of Educ.*, No. 1:25-cv-03491-TSC, 2026 WL 120984, at *1 (D.D.C. Jan. 16, 2026). Like the grants in this case, TRIO grants are governed by GEPA. *Id*. at *2. The TRIO discontinuance notices used language identical to the discontinuances in this case, stating:

> The Department has undertaken a review of grants and determined that the grant specified above provides funding for programs that reflect the prior Administration's priorities and policy preferences and conflict with those of the current Administration, in that the programs: violate the letter or purpose of Federal civil rights law; conflict with the Department's policy of prioritizing merit, fairness, and excellence in education; undermine the well-being of the students these programs are intended to help; or constitute an inappropriate use of federal funds.

*Id.* at *3; *compare id.*, *with* Dkt. 269 at 7. The *COE* court entered a preliminary injunction and ordered Defendants to make new continuation determinations for dozens of unlawfully discontinued grants. *See* Range Decl. Ex. A ¶¶ 1-2. But instead, Defendants continued some grants, discontinued others, and *terminated* more than half. *Id*. ¶ 4. Defendants sent letters stating these already-discontinued grants were being terminated under 2 C.F.R. § 200.340(a)(4) because they "no longer effectuate the program goals or the Department's priorities." *Id*. Ex. B at 7; *see id.*, Ex. C (termination letters). The letters did not state what those goals or priorities were; they simply quoted a DEI-related passage from the grant application. *See id.*, Ex. B at 7-9; *id.*, Ex. C. According to COE, some of these quoted excerpts were the same or overlapped with the DEI-related passages that Defendants previously quoted as the basis for discontinuing the grant in the original notices of non-continuation. *See id.*, Ex. B at 8. COE's motion to enforce is pending. *See generally id.*

### III.    ARGUMENT

#### A.    Legal Standard

"[A] district court has jurisdiction to clarify the meaning of its orders even while an appeal is pending." *Thakur v. Trump*, 795 F. Supp. 3d 1168, 1178 (N.D. Cal. 2025). However,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF INJUNCTION NO. 2:25-cv-01228-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

the request for clarification must involve "a concrete situation," not "an abstract controversy." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945). Accordingly, courts regularly reject motions to "clarify" where "there is . . . no evidence about what precisely [the movant] plan[s] to [do] and whether it might fall within the Court's Injunction." *Tucson v. City of Seattle*, No. 2:23-cv-00017-MJP, 2024 WL 4290297, at *1 (W.D. Wash. Sept. 25, 2024); *see, e.g.*, *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, No. 2:11-cv-02043-JLR, 2017 WL 1057644, at *3 (W.D. Wash. Mar. 17, 2017) (*Cetacean I*) (rejecting requests where "the actions lack a sufficiently concrete context for the court to provide meaningful clarification"); *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168-69 (D.D.C. 2011) (rejecting motion that "does not ask the Court to construe the scope of its Order by applying it in a concrete context or particular factual situation"); *Beyond Blond Prods., LLC v. Heldman*, No. 2:20-cv-05581-DSF, 2020 WL 11886260, at *2 (C.D. Cal. Oct. 29, 2020) (same).

Nonetheless, "[t]he Court, of course, retains jurisdiction to enforce [an injunction] during the pending appeal." *Thakur*, 795 F. Supp. 3d at 1178. This includes the district court's jurisdiction to make modifications "to clarify [the] injunction and supervise compliance in light of new facts." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002); *see, e.g.*, *Nat'l Grange of the Ord. of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1073-74 (E.D. Cal. 2016) (citing cases). Such modifications are permitted provided they "d[o] not materially alter the status of the . . . appeal" and "le[ave] unchanged the core questions before the appellate panel." *Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166-67 (9th Cir. 2001) (*NRDC*); *see* Fed. R. Civ. P. 62(d).

## B.    The Court Should Reject Defendants' Proposed, Overbroad "Clarification"

Defendants seek an order stating "the termination of a grant agreement pursuant to 2 C.F.R. § 200.340 would not violate the Court's December 19, 2025 injunction." Dkt. 437-1. The Court should deny Defendants' improper request.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

The language at issue is the injunction against "[i]mplementing or enforcing through any means the Directive procedure." Dkt. 437 at 7. However, Defendants do not provide a "concrete context or particular factual situation" that the Court could use to construe the scope of this language. *Philip Morris*, 793 F. Supp. 2d at 168-69. Defendants merely state, without elaboration, that "[t]he Department intends to terminate some or all of these grant agreements completely under separate authority, i.e., 2 C.F.R. § 200.340." Dkt. 437 at 5. There are four permissible bases for termination under 2 C.F.R. § 200.340. Defendants do not say which grants they intend to terminate, which basis for termination they plan to apply, or what facts they would rely on to support termination. Without a concrete context, "[t]he Court cannot opine on whether this will or will not comply with the Court's Injunction." *Tucson*, 2024 WL 4290297, at *1; *Cetacean I*, 2017 WL 1057644, at *3 (concluding request "is too context-dependent for the court's clarification to aid the parties in 'avoiding unwitting contempts'") (quoting *Regal*, 324 U.S. at 15).

Indeed, Defendants do not actually seek clarification. They already know the injunction does not enjoin at least some types of termination under 2 C.F.R. § 200.340. Specifically, § 200.340(a)(2) allows an award to be terminated "[b]y the Federal agency . . . with the consent of the recipient," and 2 C.F.R. § 200.340(a)(3) allows an award to be terminated "[b]y the recipient [.]" Defendants terminated six grantees under one or both of these provisions without any apparent concern about whether such terminations would violate the permanent injunction. *See* Dkt. 365 at 2.

Instead, Defendants seek a broad order that would give them cover to terminate protected grants by claiming the Court only construed the continuation regulation, 34 C.F.R. § 75.253, and never addressed "any issue related to the Department's termination authority under Section 200.340." Dkt. 437 at 6. But whether the Court addressed the termination regulation is irrelevant. Defendants' discussion of the Court's summary judgment order, *id*. at 3-4, omits that the Court also held the underlying Directive procedure—under which Defendants "re-review[ed]…

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF INJUNCTION NO. 2:25-cv-01228-KKE

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Department grants . . . and measured them against new criteria"—was unlawful because Defendants failed to comply with statutory rulemaking requirements before applying the Directive and its new unpublished priorities. Dkt. 269 at 27-28. Although the Directive procedure "result[ed] in the discontinuation of grants in Plaintiff States," this Court made clear that issues related to the continuation regulation were irrelevant to whether Defendants' use of the unpublished Directive and its unpublished priorities was unlawful. *Id*. (holding it was of "no consequence" that Defendants "engaged in this process under the guise of [] 34 C.F.R. § 75.253(a)(5)").

Similarly, the Ninth Circuit concluded that even under Defendants' "broad interpretation of the 'best interests' § 75.253(a)(5) provision," Defendants' actions were likely unlawful because their determination was based on "unpublished priorities set out in an internal agency directive" that were subject to GEPA's rulemaking requirements. *Washington,* 167 F.4th at 1245-46. The unlawfulness of the Directive procedure and its unpublished priorities is not affected by which regulation Defendants purportedly used to implement it or Defendants' authority under that regulation. There is simply no world where Defendants' regulations can override Congress's statutory requirements. *See, e.g.*, *Ocampo v. Holder*, 629 F.3d 923, 927 (9th Cir. 2010) ("[A] regulation may not serve to amend a statute.").

The language of the permanent injunction supports the conclusion that Defendants are enjoined from terminating protected grants based on the Directive's unpublished priorities just as much as they are enjoined from discontinuing protected grants for the same reasons. The injunction prohibits "implementing or enforcing through any means the Directive procedure… including recompeting Grant funds." Dkt. 269 at 35. By including that example, the injunction makes clear that Defendants might use means other than discontinuation under 34 C.F.R. § 75.253(a)(5) to implement the unlawful Directive procedure, such as by recompeting Grant funds to prevent funding from being available for protected grants. These means could include, in some circumstances, a termination under 2 C.F.R. § 200.340. *See infra* § III.C.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Defendants' use of the Directive procedure also supports this conclusion. The Directive instructed that grants inconsistent with its new unpublished priorities "be terminated in compliance with all notice and procedural requirements" and expressly cited 2 C.F.R. § 200.340(a)(4). Dkt. 202-1 at 81. However, instead of using the termination regulation, Defendants implemented the Directive procedure by discontinuing the protected grants "under the guise of the 34 C.F.R. § 75.253(a)(5) 'best interest' determination." Dkt. 269 at 26; *see also* Dkt. 202-1 at 80-81 (providing Grant Priorities Directive in the administrative record). This confirms the Directive procedure could be implemented through multiple means, including termination. The injunction enjoins all of these means.

"The schemes available to those determined to evade injunctions are many and varied . . . and no injunction can explicitly prohibit every conceivable plan designed to defeat it." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 954 (9th Cir. 2014) (*Cetacean II*). Because Defendants seek general authority to "terminate" grants rather than clarification about whether a concrete application of a specific subsection of the termination regulation would violate the injunction, the Court should reject Defendants' proposed clarification.

**C.    The Court Should Make Clear that the Injunction Enjoins Terminating Grants that Purportedly Fail to Effectuate the Directive's Unpublished Priorities**

Defendants likely intend to apply the Directive's unpublished priorities to terminate "some or all" protected grants under the guise that the grants "no longer effectuate[] the program goals or agency priorities" under 2 C.F.R. § 200.340(a)(4). *See supra* § II.B. Indeed, the Directive itself expressly cites this provision as a means of implementing the Directive procedure. Dkt. 202-1 at 81. While the injunction is clear that terminating protected grants for failure to effectuate the Directive's unpublished program goals or agency priorities is prohibited, the Court should nonetheless provide Defendants with explicit instruction saying so given

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Defendants' recent actions in *COE* and expressed intent to terminate "some or all" of the protected grants.

Defendants *should* need no clarification because the language of the injunction clearly prohibits any use of the unlawful Directive procedure to end protected grants. The Court enjoined Defendants from "[i]mplementing or enforcing through any means the Directive procedure." Dkt. 269 at 35. "Implement" means "to give practical effect to and ensure of actual fulfillment by concrete measures."[1] The Directive procedure is the process under which "the Directive ordered an across-the-board re-review of Department grants, including those previously awarded, and measured them against new criteria, which resulted in the discontinuation of grants in Plaintiff States." Dkt. 269 at 27-28. Both this Court and the Ninth Circuit expressly decoupled the Directive procedure and its new unpublished priorities from the separate question of how to interpret the continuation regulation or whether Defendants violated 34 C.F.R. § 75.253. *See id*. at 27-29; *Washington*, 167 F.4th at 1246. As such, the injunction enjoins Defendants from implementing the Directive procedure through "any means," because the Directive procedure itself is unlawful.

Nonetheless, Plaintiffs respectfully request the Court clarify that its order enjoining Defendants from "[i]mplementing or enforcing through any means the Directive procedure" includes enjoining Defendants from terminating protected grants based on their purported failure to effectuate the Directive's unpublished priorities under 2 C.F.R. § 200.340(a)(4). It is immaterial that this Court has not expressly construed "the Department's termination authority under Section 200.340." Dkt. 437 at 6. The issue addressed by this Court, applicable to discontinuances and terminations alike, is Defendants' authority to re-review and end existing grants "based upon unpublished priorities set out in an internal agency directive" when GEPA requires that this procedure and those priorities go through notice and comment rulemaking.

---

[1] *Implement*, Mirriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/implement (last visited June 24, 2026).

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

*Washington*, 167 F.4th at 1245. This is a statutory requirement that Defendants cannot regulate away. The Court need not construe 2 C.F.R. § 200.340(a)(4) to clarify and, if necessary, enforce this portion of the permanent injunction.

Defendants' attempt to label this a "termination" rather than a "discontinuation" is also immaterial. This Court need not "describe every possible label" that Defendants could use in its permanent injunction. *Thakur*, 795 F. Supp.3d at 1175; *see id*. at 1172 (finding "no principled difference between a 'termination' and the immediate, indefinite, and 'final' 'suspension' of funding"). A termination based on the unlawful Directive procedure will "have the same effect" and be "based on the same type of deficient explanations" as a discontinuation based on the unlawful Directive procedure. *Id*.; *accord Cetacean II*, 774 F.3d at 949 (looking to "the spirit of the injunction" rather than "its strict letter" to determine breach). Indeed, in *COE*, Defendants are apparently attempting to use 2 C.F.R. § 200.340(a)(4) as a workaround for being unable to discontinue grants based on unpublished priorities, leading to the same result—ending grants that Defendants believe are inconsistent with the Directive's unpublished priorities. *See supra* § II.B. The Court should make clear that Defendants cannot engage in such chicanery as to the protected grants in this case without violating the permanent injunction.

### D. Rule 62(d) Allows the Court to Modify the Injunction to Enforce Compliance and Maintain the Status Quo Pending Appeal

As explained above, Plaintiffs' requested clarification does not require modification of the permanent injunction and would not even be necessary if Defendants were not utilizing every available tool at their disposal to end grants this Court has protected. *Accord Thakur*, 795 F. Supp. 3d at 1175, 1178. However, even if it did, this Court retains jurisdiction to modify an order pending appeal under Rule 62(d) and the Court's inherent authority under its "continuing duty to maintain a status quo," including modifications where "new facts develop" requiring "additional supervisory action by the court." *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976); *see, e.g.*, *Sys. Fed'n No. 91 v. Wright*, 364 U.S.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

642, 647 (1961) ("The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief."). Thus, a court could modify an injunction pending appeal to define "at the surface" as "the top 50 micrometers," and "reasonably expeditious manner" as "within 18 months." *NRDC*, 242 F.3d at 1167. A court could impose a fine previously suspended by an injunction pending appeal, *Hoffman*, 536 F.2d at 1276, or even "require use of [a] new filtering mechanism" to "counter [a defendant's] inability to fully comply" with the injunction. *Napster,* 284 F.3d at 1098.

When determining the status quo, courts look to what the injunction required as of the filing of the appeal. *See, e.g.*, *NRDC*, 242 F.3d at 1166; *cf. McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 735 (9th Cir. 1982) (concluding district court exceeded authority because "ordering the publisher to reinstate employees who were not working when the appeal was filed . . . required a change from the status quo"). Here, the status quo prohibited Defendants from "[i]mplementing or enforcing through any means the Directive procedure" as to the protected grantees. Dkt. 269 at 35. Plaintiffs' proposed clarification is, at most, a "minor adjustment[] that effectuate[s] the underlying purposes" of the Court's injunction—to prohibit Defendants from unlawfully ending protected grants based on unpublished priorities. *NRDC*, 242 F.3d at 1167. It leaves unchanged the core questions on appeal: "[w]hether the Department's grant continuation decisions are committed to agency discretion by law" and whether those decisions "withstand [APA] review." *Appeal*, DktEntry 36.1 at 8. Plaintiffs' requested clarification does not "materially alter the status" of the appeal, as the issue of whether GEPA required Defendants to engage in notice and comment rulemaking before implementing the Directive procedure remains live before the appellate panel. *See id*. at 31-32. Nor does it affect "substantial rights"; if the injunction "were ultimately reversed on appeal," any modification to explicitly enjoin Directive-based terminations "would also effectively be reversed." *NRDC*, 242 F.3d at 1167. The clarification merely ensures Defendants

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

understand that any attempt to implement the Directive procedure by terminating a protected grant for allegedly failing to effectuate the Directive's unpublished priorities would violate the permanent injunction. [2]

### IV.   CONCLUSION

The Court should clarify that the permanent injunction's prohibition against "implementing or enforcing by any means the Directive procedure" includes implementing the Directive procedure by terminating protected grants for purportedly failing to effectuate the Directive's priorities under 2 C.F.R. § 200.340(a)(4).

---

[2] If anything, it is Defendants who seek to materially alter the appeal. They seek abeyance of their appeal, arguing that if they are permitted to terminate the protected grants, the appeal may become moot. *Appeal*, DktEntry 30.1 at 3.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

13

DATED this 25th day of June 2026.

I certify that this memorandum contains 4157 words in compliance with Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Ellen Range*
ELLEN RANGE, WSBA #51334
JENNIFER K. CHUNG, WSBA #51583
LUCY WOLF, WSBA #59028
Assistant Attorneys General
WILLIAM MCGINTY, WSBA #41868
CYNTHIA ALEXANDER, WSBA #46019
Deputy Solicitors General
Complex Litigation Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Ellen.Range@atg.wa.gov
Jennifer.Chung@atg.wa.gov
Lucy.Wolf@atg.wa.gov
William McGinty@atg.wa.gov
Cynthia.Alexander@atg.wa.gov

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

KATHLEEN JENNINGS
Attorney General of Delaware

*/s/ Crystal Adams*
CRYSTAL ADAMS*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KATHLEEN BOERGERS*
Supervising Deputy Attorney General
KATHERINE MILTON*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7522
Crystal.Adams@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Katherine.Milton@doj.ca.gov

*Attorneys for State of California*

*/s/ Vanessa L. Kassab*
IAN R. LISTON*
Director of Impact Litigation
JENNIFER-KATE AARONSON*
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Vanessa.Kassab@delaware.gov
Jennifer.Aaronson@delaware.gov
Ian.Liston@delaware.gov

*Attorneys for State of Delaware*

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

14

WILLIAM TONG
Attorney General of Connecticut

*/s/ Andrew Ammirati*
ANDREW AMMIRATI*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Andrew.Ammirati@ct.gov

*Attorney for State of Connecticut*

KWAME RAOUL
Attorney General of Illinois

*/s/ Emily Hirsch*
EMILY HIRSCH*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0148
Emily.Hirsch@ilag.gov

*Attorney for State of Illinois*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Sarah H. Weiss*
SARAH H. WEISS*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6000
Sarah.Weiss@coag.gov

*Attorney for State of Colorado*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Michael Drezner*
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6959
Mdrezner@oag.state.md.us

*Attorney for State of Maryland*

AARON M. FREY
Attorney General of Maine

*/s/ Sarah A. Forster*
SARAH A. FORSTER*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Sarah.Forster@maine.gov

*Attorney for State of Maine*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Katherine Dirks*
KATHERINE DIRKS*
Chief State Trial Counsel
YAEL SHAVIT*
Chief, Consumer Protection Division
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
617-963-2277
Katherine.Dirks@mass.gov
Yael.Shavit@mass.gov

*Counsel for Commonwealth of Massachusetts*

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

15

LETITIA JAMES
Attorney General of New York

*/s/ Rabia Muqaddam*
RABIA MUQADDAM*
Special Counsel for Federal Initiatives
MARK LADOV*
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-8240
Rabia.Muqaddam@ag.ny.gov
Mark.Ladov@ag.ny.gov

*Attorneys for State of New York*


RAÚL TORREZ
Attorney General of New Mexico

*/s/ Aletheia V.P. Allen*
ALETHEIA V.P. ALLEN*
Solicitor General
LAWRENCE M. MARCUS*
Assistant Solicitor General
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
Aallen@nmdoj.gov
Imarcus@nmdoj.gov

*Attorneys for State of New Mexico*


DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
GiovanattiN@michigan.gov

*Attorney for People of Michigan*


AARON FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
702-486-3420
HStern@ag.nv.gov

*Attorney for State of Nevada*


DAN RAYFIELD
Attorney General of Oregon

*/s/ Coby Howell*
COBY HOWELL*
Senior Assistant Attorney General
Trial Attorney
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Coby.Howell@doj.oregon.gov

*Attorney for State of Oregon*


PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Kyla Duffy*
KYLA DUFFY*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400, Ext. 2809
Kduffy@riag.ri.gov

*Attorney for State of Rhode Island*


PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Frances Reynolds Colbert
FRANCES REYNOLDS COLBERT*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-266-9226
Frances.Colbert@wisdoj.gov

*Attorney for State of Wisconsin*

*\*Admitted pro hac vice*

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
CLARIFICATION OF INJUNCTION
NO. 2:25-cv-01228-KKE

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744