The Honorable Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

                              Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al.*,

                              Defendants.

CASE NO.  C25-1228KKE

**DEFENDANTS' REPLY RE:
MOTION TO CLARIFY**

## INTRODUCTION

This Court should grant the Department's motion to clarify that its injunction does not preclude the Department from terminating any of the affected grant agreements.  The need for this motion is confirmed by the States' opposition.  Specifically, the States argue that the Court's injunction reaches well beyond the States' previously stated goal of obtaining "lawful continuation decisions."  As the States now construe the injunction, the Court's purpose was not simply to afford the affected grantees a right to lawful continuation decisions but to protect the affected grantees from any decision ending grant funding with which the States disagree, even if the decision is effected under a regulatory authority that was not addressed by the parties, discussed in this Court's orders, or mentioned in the injunction.

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 1
(Case No. C25-1228KKE)

The States ask the Court to disregard the narrow grounds upon which it maintained subject matter jurisdiction over this action. As fully briefed in the Department's motion to clarify, grant terminations, as proposed by the Department, are not subject to judicial review in a United States District Court. As the Supreme Court has recognized and the Ninth Circuit recently confirmed, challenges to grant terminations fall within the exclusive jurisdiction of the Court of Federal Claims. Because of this, in order to justify their invocation of the Court's subject matter jurisdiction, the States disclaimed any entitlement to the continuing receipt of federal funds by the grantees as would be the case in a challenge to a grant termination. Instead, the States argued that they were only seeking to vindicate the grantees' right to receive "lawful" continuation decisions. Accordingly, the Court's injunction does not afford the grantees any protection from grant terminations under other federal regulations. Rather, it required the Department to provide the grantees new continuation decisions. The Department complied with this injunction.

Reversing course, the States now contend that the Court's injunction sweeps far more broadly. According to the States, the injunction was also intended to protect the grantees from "unlawful" grant terminations taken under the authority of different federal regulations even though the termination does not result from a continuation decision.[1] To prevail on that theory, the States would need to show not only that the planned grant terminations are unlawful, but that this Court already held that they were unlawful in prior rulings that do not address grant termination.

However, as set forth in the Department's motion, the injunction was never intended to confer upon the affected grantees a legal entitlement to receive federal funding. And while the States assert that the Department's motion should be denied because, in their eyes, the Department has not proven to the Court that each and every grant termination will be lawful, that issue has no bearing on this motion. Again, binding precedent establishes that challenges to the lawfulness of grant termination decisions are jurisdictionally assigned to the United States Court of Federal Claims. If a terminated grantee believes that termination was unlawful it must seek its relief there.

---

1 Notwithstanding their prior arguments made to this Court and the Court of Appeals, the States now argue that there is no difference between a termination and a non-continuation decision. They now say that those are simply "immaterial" labels. Dkt. No. 443, p. 15, *ll*. 4-16. That is incorrect: the Department's termination and non-continuation authority arise from different regulatory provisions. *See* Motion for Clarification, Dkt. No. 437 at 6. And if the States were correct, the Ninth Circuit's decision holding that district courts lack jurisdiction over challenges to termination decisions would presumably also apply to the States' challenges to the non-continuation decisions.

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 2
(Case No. C25-1228KKE)

However, under the States' theory, this Court can exercise jurisdictional authority through a back door that cannot be exercised through the front door by virtue of the Tucker Act, 28 U.S.C. § 1491(a)(1).  Notwithstanding the States' arguments, the Court should grant the requested motion.

## ARGUMENT

### I.    THE DEPARTMENT IS NOT USING THE DIRECTIVE PROCEDURE

The States contend that the Department's proposed terminations of some or all of the affected grants will violate the Court's injunction because the Department will be using the Directive procedure to carry out these terminations.  That is incorrect.  The Department will not be applying the Directive procedure, as it affirmatively stated in its motion.  Declaration of Murray Bessette at ¶ 3; Dkt. No. 436, p. 6, *ll.* 22-24 ("Importantly, the Department's termination authority relies on a different regulation and its decisions to terminate a grant agreement will not rely on the 'Directive procedure' that guided the Department's past non-continuation decisions, which the Court found unlawful in this action.").  The States' contention to the contrary is *ipse dixit.*[2]

### II.    THE DEPARTMENT'S REQUEST IS NEITHER OVERBROAD NOR DOES IT INVOLVE AN ABSTRACT CONTROVERSY

The Department has come before this Court in good faith seeking confirmation that the relief granted by the Court was limited to ensuring that the Department followed what it determined to be a lawful process for deciding whether to continue a multi-year grant agreement for another year pursuant to 34 C.F.R. § 75.253.  The Supreme Court, while acknowledging that the decision to grant a motion for clarification is within "the sound discretion" of district courts, observed that "courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or 'successors and assigns' in the dark as to their duty toward the court."  *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945).

Nevertheless, the States try to sidestep the Department's request, arguing that the motion is "overbroad" and concerns an "abstract controversy."  The States' argument fails.  The Department's request plainly involves a concrete situation.  The Department has informed the Court that it is planning

---

2  And even if this were not the case, because the Court's subject matter jurisdiction is limited by the Tucker Act, the injunction could not prevent the Department from terminating a grant pursuant to 2 C.F.R. § 200.340.  A Court cannot extend its subject matter jurisdiction by means of an injunction.  *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) ("The power of federal courts may not be expanded by judicial decree.").

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 3
(Case No. C25-1228KKE)

to terminate some or all of the grants that are affected by its injunction pursuant to 2 C.F.R. § 200.340 on or after July 31, 2026.  There is nothing abstract about the circumstances.

Nor is the request for clarification "overbroad."  The request is straightforward.  The Department is asking the Court to clarify that the termination of an affected grant agreement under 2 C.F.R. § 200.340 does not violate its injunction.  The Department has further narrowed its request by clarifying that it will not be relying on the Directive procedure in making its grant termination decisions.

Overbreadth is a dubious basis for the States' argument.  They insist that the Department's motion cannot be granted because it has not identified the "specific subsection" of 2 C.F.R. § 200.340 under which it will terminate each grant agreement.  According to the States' argument, because the terminations will be unlawful if undertaken under some subsections of 2 C.F.R. § 200.340 rather than others, the Department's request is "overbroad."  Ultimately, the States argue that use of the "Directive procedure" by the Department to terminate a grant agreement under 2 C.F.R. § 200.340(a)(4) would violate the Court's injunction.

There are at least two fundamental problems with the States' argument.  First, as the Department has affirmatively stated, it will not use the Directive procedure.

Second, by virtue of the Tucker Act, even if the Department were to proceed with the termination of a grant in a manner that a grantee believes is unlawful, this Court does not have jurisdiction to resolve that claim by virtue of the Tucker Act.  Thus, even if it is believed that the Department is proceeding with grant agreement terminations unlawfully (and there is no evidence before the Court to support such a belief) this Court's injunction cannot be read to encompass such purportedly unlawful terminations.  *See Thakur v. Trump*, 176 F.4th 1187, 1196 (9th Cir. 2026) (reversing preliminary injunction in favor of a plaintiff class whose federally-funded grants had been or imminently would be terminated or suspended.)  That this Court has issued an injunction in the context of a challenge limited to judicial review of the legality of the Department's non-continuation decisions as to the affected grantees cannot change this basic calculus.  The Court's injunction cannot be read to empower the Court to enjoin any grant termination even if a grantee believes the termination to be undertaken unlawfully.  As noted before, "[t]he power of federal courts may not be expanded by judicial decree."  *Sumner*, 226 F.3d at 1010.

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 4
(Case No. C25-1228KKE)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206)-553-7970

Thus, the States' arguments concerning the asserted illegality of the terminations are irrelevant to the outcome of this motion.  The Court should clarify that its injunction will not be violated by a termination of the affected grants under 2 C.F.R. § 200.340.  This relief is appropriate regardless of the precise subsection relied upon by the Department as the basis for its termination.  Any contention by a grantee that a grant termination was taken unlawfully is a matter to be addressed by the U.S. Court of Federal Claims in an action brought by the grantee in that court.  Again, for Plaintiffs to defeat this clarification motion, they would need to establish not only that future grant terminations are unlawful, but that this Court has already reached that conclusion in its prior orders.  Plaintiffs come nowhere near making either showing.

III.    THE STATES ARE NOT ENTITLED TO AFFIRMATIVE RELIEF FROM THIS COURT ON THE BASIS OF THEIR OPPOSITION

There is no motion pending before the Court that requests a modification of the injunction.  Yet, the States request such affirmative relief from the Court in their opposition memorandum.  Specifically, the States' opposition requests that the Court now enjoin the Department from "terminating protected grants based on their purported failure to effectuate the Directive's unpublished priorities under 2 C.F.R. § 200.340(a)(4)."  Dkt. No. 443, p. 14, *ll.* 16-14.  The request for affirmative relief should be denied.

First, the request should be denied because it is procedurally improper to seek affirmative relief in an opposition memorandum.  *Li v. American Family Mutual Insurance Company S.I.*, 2026 WL 1842655, at *2 (W.D. Wash. June 26, 2026).

Second, the States' requested relief would effectively enlarge the Court's injunction post-judgment and post-appeal to encompass grant agreement terminations, and that is a matter over which the Court lacks subject matter jurisdiction.  *See Thakur,* 176 F.4th at 1196.

Third, the States have proffered no evidence that any termination will be based on the Directive procedure.  The Department has affirmatively stated that any termination would not rely on the Directive procedure, so the requested modification of the injunction is unnecessary.

Fourth, the States' request for a modification of the injunction to "preserve the status quo" is improper on its face.  The status quo is an injunction that restricts the Department's authority to non-continue grants, but does not address the Department's separate authority to terminate grants.  Thus,

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 5
(Case No. C25-1228KKE)

the requested modification would transform rather than preserve the status quo.  In any event, the Department has done nothing that merits "additional supervisory action of the Court."  *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976).  To the contrary, the Department has filed this motion to inform the Court of its plan, held its plan in abeyance while the Court considers its motion, and otherwise acted fully in compliance with this Court's injunction.  The States offer no argument to the contrary.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in its principal memorandum, the Department respectfully requests that its motion for clarification be granted as requested.

## CERTIFICATION

I certify that this memorandum contains 1,939 words, in accordance with LCR 7(d)(2).

DATED this 1st day of July 2026.

Respectfully submitted,


*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

*Attorney for Defendants*

DEFENDANTS' REPLY RE: MOTION TO CLARIFY - 6
(Case No. C25-1228KKE)