# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STATE OF CALIFORNIA, et al,

      Plaintiff,

      v.

U.S. DEPARTMENT OF EDUCATION, et al,

      Defendants.

Case No. 25-cv-10548-AK

## <u>DECLARATION OF MURRAY BESSETTE</u>

I, Murray Bessette, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1. I was delegated the duties and functions of the Assistant Secretary of the Office of Planning, Evaluation and Policy Development ("OPEPD") at the United States Department of Education ("the Department" or "Education") effective approximately March 26, 2025. Subsequently, since July 13, 2025, I have been the Principal Deputy Assistant Secretary of Education. In this role, I serve as the principal adviser to the Secretary on all matters relating to policy development, implementation, evaluation, and review, budget proposals and processes, data strategy and governance, student privacy, and Department grantmaking.

2. On June 5, 2025, I signed and issued a memorandum entitled "Non-Competing Continuation Discretionary Grant Award Review Policy." This memorandum provided internal non-binding guidance to program staff and leadership of all grantmaking offices at the Department regarding the review criteria in considering non-competing continuation (NCC) awards in discretionary grant portfolios and no cost extensions. This memo is attached as Exhibit A.

3. The memo specifically provided program offices shall take into account all available information regarding the grant in making continuation or non-continuation

1

recommendations to OPEPD. In acting on these recommendations, OPEPD would then determine appropriate action, which could include non-continuation of the grant, further investigation and enforcement action, and/or reviewing other grant award activity.

4.      This guidance does not mandate a termination outcome—or any other outcome—but instead leaves decisions about whether to continue or fund each grant to OPEPD's discretion, consistent with the Department's existing statutory and regulatory authorities.

5.      This guidance superseded the February 5th, 2025, guidance issued by then-Acting Secretary Denise Carter entitled "Eliminating Discrimination and Fraud in Department Grant Awards."

6.      Since the issuance of this June 5, 2025, memorandum, the Department has not relied upon, employed, or otherwise used the February 5th guidance in reviewing grants and applications.

Executed on this 1st of June, 2026.

_____
Murray Bessette

2

**Exhibit A**

Case 2:25-cv-01025-KKE    Document 145-1    Filed 06/01/26    Page 14 of 47



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

**MEMORANDUM**

TO: OESE, OSERS, OPE, and OCTAE

FROM: Murray Bessette
Delegated the Authority to Perform the Functions and Duties of the Assistant
Secretary for the Office of Planning, Evaluation and Policy Development

SUBJECT: Non-Competing Continuation Discretionary Grant Award Review Policy

Purpose

The purpose of this memorandum is to provide guidance to program offices regarding the review criteria, consistent with the continuation award requirements articulated in 34 CFR §75.253, to be used in considering non-competing continuation (NCC) awards in discretionary grant portfolios and no cost extensions.

In evaluating NCC awards, program offices shall review grants to ensure that continuations are granted in the best interest of the federal government under 34 CFR §75.253(a)(5), which requires "a determination from the Secretary that continuation of the project is in the best interest of the Federal Government." The Department will review all grant awards to advance the Administration's priorities of ensuring Federal funds do not support projects that: violate the letter or purpose of Federal civil rights law; conflict with the Department's policy of prioritizing merit, fairness, and excellence in education; undermine the well-being of the students these programs are intended to help; or constitute an inappropriate use of federal funds.

Consistent with these requirements, program offices must act on any relevant information that may indicate that project activities are inconsistent with Federal civil rights requirements. As a general matter, grantees must not use federal funds in any manner that violates the United States Constitution, Title VI or Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq. or 42 U.S.C. § 2000e et seq.), Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.), section 504 of the Rehabilitation Act (29 U.S.C. § 794), or the Age Discrimination Act of 1975 (42 U.S.C. 6101 *et seq.*), Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.), and Boy Scouts of America Equal Access Act of 2001 (20 U.S.C. § 7905). To the extent that a grantee uses or has used grant funds in a manner that violates these laws, program offices must make appropriate recommendations, including denial of continuation funding and enforcement action which may include recovery of funds under section 452 of the General Education Provisions Act (GEPA).

In turn, discretionary grantees are responsible for ensuring compliance with Federal civil rights laws, as referenced in 34 CFR §75.500. Read together, a determination that making a continuation award is in the "best interest" of the Federal government necessitates a

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

consideration of whether grantees are operating projects in full compliance with Federal civil rights requirements. In making a determination, the Secretary may consider any "relevant information" regarding the grant under 34 CFR § 75.253(b).

Reviewing Grants for Discriminatory Activities

Program offices, in reviewing each discretionary grant award for an NCC award, shall review each grant to ensure that grant funds are not supporting any discriminatory activities, such as the following:

- Excluding participants based on race,
- Including participants based on race,
- Engaging in hiring or recruiting practices based on race,
- Engaging in racial balancing (i.e. efforts to achieve a specific racial composition in a grant project that reflects a community's racial makeup),
- Choosing program participants based on a race-based disparate impact analysis (i.e. practices seemingly neutral but adversely and disparately affect members of a racial group),
- Allowing males into female-only sports,
- Allowing males into female intimate spaces (e.g. bathrooms, locker rooms),
- Including or excluding participants based on sex unless permitted or required by Federal law or statute
- Using racial or sex quotas for the purpose of selecting participants.

Note that some grants may be engaging in discriminatory activities at the behest of system-wide policies (such as a university system's diversity hiring plan) or because of a State law or regulation (such as a State-required "minority hiring plan" for schools). Such circumstances, when they occur, must still be flagged for further review.

In performing this NCC review for discriminatory activities, program offices shall take into account all available information regarding the grant, including the approved grant application (inclusive of the GEPA 427 statement), annual performance and financial reporting, and all other "relevant information" regarding the grant under 34 CFR § 75.253(b).

Continuation or Non-continuation Recommendation

Program offices shall flag for further review any project that includes any activities, such as those listed above, that violate the United States Constitution, Title VI or Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq. or 42 U.S.C. § 2000e et seq.), Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.), section 504 of the Rehabilitation Act (29 U.S.C. § 794), or the Age Discrimination Act of 1975 (42 U.S.C. 6101 *et seq.*), Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.), and Boy Scouts of America

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

Equal Access Act of 2001 (20 U.S.C. § 7905). Program office leadership will then make a recommendation for continuation or non-continuation to OPEPD. In making a decision, OPEPD will take appropriate action, which may include non-continuation of the grant, recommending further investigation and enforcement action, and/or reviewing other grant award activity funded to the same grantee.

Please note this policy is effective from the date of issuance for all NCC award slates.

MURRAY BESSETTE

Digitally signed by MURRAY BESSETTE
Date: 2025.06.05 17:13:00 -04'00'

Murray Bessette
Senior Advisor
Delegated the Authority to Perform the Functions and Duties of the Assistant
Secretary for the Office of Planning, Evaluation and Policy Development
400 Maryland Ave. SW
Washington, DC 20202

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*