Judge Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | CASE NO. NO. 2:25-cv-01228-KKE<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' THIRD MOTION TO ENFORCE AND MODIFY THE INJUNCTION** |

Defendants U.S. Department of Education and Linda S. McMahon, U.S. Secretary of Education (hereafter collectively referred to as "the Department") hereby submit this memorandum in opposition to Plaintiff States' (third) Motion to Enforce and Modify the December 19, 2025, Permanent Injunction (Dkt. # 460).

## INTRODUCTION

The States' motion seeks relief under two distinct injunctions entered in two separate, unconsolidated actions, while largely treating those orders as interchangeable. Among other things, that approach obscures the threshold showing required in each case: the States must identify the



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

command in each injunction the Department allegedly violated and establish that the requested remedy enforces—rather than enlarges—that command. And insofar as the States seek additional relief to "protect the status quo," they were required to show at a minimum new facts demonstrating the status quo is under threat and in need of protection by measures that do not implicate the issues on appeal. Their motion fails in both respects.[1]

In this action, the permanent injunction required lawful continuation determinations; it did not prescribe a twelve-month award, prohibit reimbursement basis funding, require parity with other grantees, or guarantee future funding. Dkt. # 269. The Court has already rejected previous virtually identical requests from the States, and they have identified no manifest error warranting reconsideration of this Court's prior denials or new facts demonstrating noncompliance in violation of the permanent injunction or legal justification for a post-appeal modification. Their motion asks the Court to convert a process-based injunction into a substantive funding mandate and continuing grant-administration regime. The Court should decline that invitation and deny the motion.

## STATEMENT OF FACTS

On December 19, 2025, the Court issued an order on cross-motions for summary judgment in which it ruled in the States' favor and issued a permanent injunction. Dkt. # 269. The Court vacated a "Directive procedure," discontinuation notices, and letters denying reconsideration as to all affected grantees; enjoined the Department from enforcing the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting grant funds, with respect to these grantees; and ordered the Department to make a "lawful continuation determination" as to each grant. *Id*. at p. 34-36. An issue arose immediately post-judgment resulting from the Department's inability to comply with the continuation determination date originally set by the Court, causing the Department to move for relief. Dkt. # 276.

The States opposed the Department's motion, dkt. # 343, and moved separately to enforce the injunction, dkt. # 288. Although nothing in the Court's injunction, which largely adopted the

1 The two cases are at different stages of litigation and grant distinct and discrete types of relief based on different allegations of agency misconduct. Thus, there are material distinctions between the two that the States' motion glosses over. Accordingly, to avoid confusion, the Department is filing separate and unique responses in each suit.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

States' proposed wording, contained any provisions concerning grant funding, and despite the States' strident rejection pre-judgment of any suggestion that their claims sought anything more from the Department than a "lawful process," the States in this post-judgment setting made their first overt bid for an order expressly requiring the Department to expend federal funds on the grantees. Specifically, the States' motion requested an order requiring the Department to provide them a minimum of six months of federal funding. Dkt. # 288, pp. 9-11. Additionally, the States requested an "accounting" and discovery in order to probe the Department's finances. Dkt. # 288, p. 14, *ll.* 8-10.

The Court granted the Department's motion and denied the States' motion. Dkt. # 356. Characterizing the States' motion as an effort to "significantly expand the relief provided to Plaintiff States," the Court said:

> Just as the Court has required the government to comply with the law in rendering its continuation decisions, so must the Court in fashioning relief. *In this posture, the Court lacks authority to order the specific payment amounts the Plaintiff States request.*

Transcript of Hearing (1/22/26), p. 47, *ll.* 10-22 (emphasis added).

On January 23, 2026, the Department filed a notice of appeal and sought a stay of the injunction pending appeal. Following the Court of Appeals' denial of the Department's motion for a stay, the Court set new deadlines for the Department to comply with its injunction. Dkt. # 363. The Department completed these actions as required. Dkt. # 365. The States do not contend otherwise.

Still dissatisfied, the States filed a second motion to enforce in April 2026. Dkt. # 367. Once again, the States' motion focused on grievances surrounding funding issues. According to the States' motion, the Department violated the injunction by imposing certain grant management measures on the grantees and treating them unequally. They sought an order barring the Department from paying the grantees for grant-related expenditures on a reimbursement basis, and from requiring grantees to submit updated performance and budget reports. Dkt. # 367-1, p. 2, ¶ 2. They also requested an order from the Court barring the Department from "awarding . . . only six months of funding instead of the full twelve-month budget period." *Id.* Alternatively, the States asked the



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Court to order Defendants to "set aside funds for the rest of the 2026 budget period." Dkt. # 367, p. 14, *ll.* 10-16.

On May 21, 2026, the Court issued an order denying the States' second motion to enforce. Dkt. # 433. The Court found "persuasive" the States' evidence that the grant management conditions instituted by the Department were "causing harms to the Grantees in the form of an inability to sustain staffing without a year of secured funding as well as significantly delayed reimbursement for program expenses." Dkt. # 433, p. 8, *ll.* 9-12. The Court also expressed concern about what appeared to it to be the Department's "hostile" stance towards the grantees. *Id.* at p. 9, *ll.* 12-14. Despite these reservations, the Court declined to issue the orders urged upon it by the States, holding that:

> [T]he role of this Court, at this time, is limited to enforcing its prior orders while an appeal is pending, rather than providing broad oversight of the Department's dealings with Grantees. The Court's jurisdiction is limited to maintaining the status quo. Here, that refers to the injunction requiring the Department to make lawful continuation determinations and, for those grants the Department decided to continue, issue awards. The Department has, on the whole, continued most of the Grants and although the awards issued contain grant-management conditions, the Court does not at this time find them to be so burdensome that they are essentially a discontinuation in disguise.

*Id.* at p. 10, *ll.* 4-11. Thus, the Court concluded that "although the Court is, along with Plaintiff States, troubled by the impact of the conditions on the Grantees' ability to achieve their program objectives, the Court cannot find that the Department violated the Court's prior orders in imposing them." *Id.* at pp. 10-11.[2] The States asked the Court to reconsider this decision. Dkt. # 434. This motion was also denied. Dkt. # 440.

In June 2026, the Department moved for an order clarifying whether the permanent injunction prohibited the Department from terminating a grant covered by the injunction under separate legal authorities not at issue in the lawsuit. Dkt. # 437. The Department indicated in its motion that "[g]rantees will continue to have funding available until the Department issues a notice

---

2 Contrary to the States' argument, *see* dkt. # 460, p. 5, *ll.* 9-21, at no time did the Court adopt the States' view that "continuation awards should cover the amount needed for the entire budget period," nor does the Court's order indicate that the denial of their motion rested upon the "assurances" of the Department's counsel, *id.*



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

of termination" and they will "be able to incur reasonable and necessary grant costs under their grant agreements until the effective date of termination . . ." *Id.* at p. 2, *ll.* 10-13.[3]

This is where matters stood until July 10, 2026, when the States filed a new lawsuit seeking to enjoin the Department from following through on its proposal to terminate grants as set forth in the motion to clarify. See Dkt. # 1 in *State of Washington, et al v. United States Department of Education, et al.,* Case No. 2:26-cv-02409-KKE ("*Washington II*"). The Court in that case granted the States' application for a temporary restraining order and a preliminary injunction effectively halting the Department from proceeding with any grant terminations and thereby maintaining the status quo.[4] The Court also denied the Department's motion to clarify as "moot." Dkt. # 454.

As of the present date, the grants at issue in the Court's December 2025 injunction remain continued. Decl. of Carr, ¶ 13.[5] The Department has taken no non-continuation actions based on performance issues resulting from disruption caused by the April 2025 decisions and the Department is continuing to ensure each grantee remains funded on a reimbursement basis. *Id.* at ¶¶ 8-13. The judgment in this case remains on appeal.

## ARGUMENT

### I. THERE IS NO JUSTIFICATION FOR THIS SECOND DE FACTO MOTION FOR RECONSIDERATION OF THE COURT'S MAY ORDER DENYING THE STATES' SECOND MOTION TO ENFORCE THE INJUNCTION

The States assert that "the Court should enforce its injunctions by ordering Defendants to make additional funding determinations and issue any resulting grant awards for the rest of 2026." Dkt. # 460, p. 3, *ll.* 2-3. This Court denied essentially the same request made by the States in their second motion to enforce and it should do so again. As the States proclaimed time and time again, their claims have nothing to do with grant funding, nor anything to do with how grant money should

---

3 To date, the Department is continuing to fund the grant agreements. Declaration of Carr, ¶¶ 3-7. The States do not contend otherwise.

4 See Dkt. ## 50 (temporary restraining order) and 106 (preliminary injunction) in *Washington II.* The Preliminary Injunction is presently on appeal and a motion for a stay of the preliminary injunction is pending. *See State of Washington, et al. v. United States Department of Education, et al.*, Docket No. 26-6602 (9th Cir.).

5 There have been isolated non-continuation actions based on persistent performance issues predating the April 2025 Non-Continuations, or a lack of responsiveness to program inquiries. *Id.*



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

be distributed. To the contrary, the States informed this Court and the Court of Appeals that all they sought was "lawful continuation decisions." Thus, the Court's injunction was limited to enjoining the Department to make new continuation decisions in compliance with the Court's order. It is undisputed that the Department fully complied with this order. The question of the legality of the permanent injunction, which is devoid of any terms requiring the Department to fund the grants, or to fund the grants in any particular way, is presently before the Court of Appeals. The absence of such requirements is not an accident. It is the result of strategic choices knowingly made by the States in order to obtain the order. They cannot now have the permanent injunction, the structure of which they proposed in an effort to avoid jurisdictional barriers created by the Tucker Act, entirely reconstructed post-judgment and post-appeal just because it does not contain the relief they studiously avoided seeking.

The present motion virtually duplicates the States' second motion for enforcement. Dkt. # 367. As here, the States protested objected to the Department's grant management measures and sought an order compelling the Department to issue "continuation awards" through the end of the calendar year. They also decried the fact that their grantees were not being treated equally. *Id.* at pp. 7-8.[6] As noted above, the Court denied that motion concluding the Department's actions did not violate the terms of the injunction and the relief sought by the States exceeded the Court's jurisdiction to preserve the status quo. Dkt. # 433, p. 10, *ll.* 4-11. The States' motion for reconsideration of this order was also denied. Thus, the States' effort here amounts to a belated second motion for reconsideration that also fails to demonstrate anything erroneous about the Court's prior ruling and therefore should also be denied.

Moreover, the States' motion does not indicate what has changed since their second motion to enforce the injunction was denied. If anything, given the Department is, for now, effectively

---

6 The States' proposed order did not include a provision requiring the Department to treat all grantees "equally," dkt. # 208-1, and they are not entitled to this relief in any event. The government is permitted to discriminate amongst different classes of grantees provided that it has a rational basis for doing so. *See Dandridge v. Williams,* 397 U.S. 471, 485 (1970). The burden of demonstrating irrationality is placed on the person asserting the claim. *See Kahawaiolaa v. Norton*, 386 F.3d 1271, 1280 (9th Cir. 2004). The States, have not and indeed cannot meet this burden. Correspondingly, the Department has already set forth a rational basis for its differential treatment of the affected grantees. *See* Dkt. # 418 (Decl. of Jackson), ¶¶ 2-8.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

prevented from terminating the grants by the preliminary injunction in *Washington II*, the grantees are on a firmer footing than they were before.

The States' motion also fails under the text of the December 2025 injunction. The essence of their argument is captured in the assertion that "Defendants violated that order by awarding only seven months of funding and reneging on their promise to make additional funding determinations that would have funded Protected Grants for the full 2026 budget period." Dkt. # 460, p. 3, *ll.* 9-11. Those actions do not conflict with any term of the December 2025 injunction which, again, adopts almost entirely the wording proffered by the States in their proposed order. *Compare* Dkt. # 208-1 and 269. Moreover, the grant agreements have been continued through the end of the calendar year, and their performance periods are being corrected to reflect their full multi-year potential. Decl. of Carr, ¶¶ 8-12. And, while not expressly mandated by any of the terms of the injunction, the grantees are continuing to receive federal funding for their grant-related activities. *Id.* at ¶¶ 3-7.

The present motion simply rehashes the arguments the States made in their previous enforcement motion as if that motion, and the Court's order denying that motion, never occurred, including the denial of their request that the Court issue an order compelling the Department to make "continuation awards" through the end of the calendar year. *See* Dkt. ## 367, pp. 3-14; 367-1, ¶ 5. The States fail to show anything has changed that requires the Court to reverse field now.

And while the States assert that the Department has broken "promises," it never identifies a "promise" the Department has broken.[7] Nor is a "broken promise" enforceable in the context of this motion to enforce an injunction, even if there had been one. Thus, this second de facto motion for reconsideration of the Court's denial of their second motion to enforce the injunction should be rejected.

---

7 The States cannot point to any statement by the Department or its counsel that amounts to "a promise." "Assurances" and statements of intention are not "promises." *See Meissner v. Simpson Timber Co.*, 69 Wash. 2d 949, 957, 421 P.2d 674, 679 (1966) ("[A]n intention to do a thing is not a promise to do it.").



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## II. THE STATES FAIL TO ESTABLISH THAT THE INJUNCTION HAS BEEN VIOLATED IN ANY MANNER OR THAT A POST-APPEAL MODIFICATION OF THE INJUNCTION IS JUSTIFIABLE TO "PRESERVE THE STATUS QUO"

For a third time the States are asking the Court to stretch its injunction to cover matters never raised on the merits in this lawsuit by the States, indeed that they intentionally avoided, and that were not before the Court at the time it entered its judgment. As this Court has recognized, the filing of the Notice of Appeal was a jurisdictionally significant event that divested it of control over the matters on appeal. *Washington v. United States Dep't of Educ.*, 2026 WL 1429284, at *4 (W.D. Wash. May 21, 2026), *reconsideration denied*, 2026 WL 1736200 (W.D. Wash. June 16, 2026) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). While a district court retains jurisdiction to enforce a judgment in the event of an appeal, it may not "alter or expand upon the judgment." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). Here, as before, the States are asking the Court to both alter and expand its injunction, or to modify it, to cover matters that were never at issue when this case was before the Court on the merits and thus to exceed its jurisdiction.

The States' motion seeks to justify these requests by quoting numerous cases out of context. But here, context is everything. Their reliance on *Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 774 F.3d 935 (9th Cir. 2014), is misplaced as that case bears no resemblance to the case at bar. In that case, the defendants sought to circumvent an injunction preventing them from physically attacking or coming within 500 yards of the Plaintiffs' whaling vessels by intentionally furnishing cash payments and a vessel and equipment worth millions of dollars, to individuals and entities it knew would likely violate the injunction. Importantly, the Court concluded that the defendants had "aided and abetted" these individuals and entities to perform acts that would have violated the injunction if done by parties bound by it. *Id.* at 945. In other words, the defendants in *Cetacean* violated the injunction by conspiring with third persons to engage in actions that clearly violated the injunction's express terms. No similar facts exist here. The States have failed to show that any term of the injunction has been violated, directly or indirectly, by anyone.

Similarly, the States assert that an appeal does not divest the district court of jurisdiction to "maintain a status quo" where the court "supervises a continuing course of conduct." Dkt. # 460,



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

pp. 9-10 (citing *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268 (9th Cir. 1976)). But the States also quote that case out of context. *Hoffman* arose out of efforts by the NLRB to prevent the appellant labor organizations from engaging in secondary boycotts against beer distributors for the purpose of keeping certain brands of beer off the market. The case resulted in a series of court orders holding the appellants in contempt of NLRB orders. One of the court orders assessing fines against appellants, the March 26, 1974 order, was on appeal at the time that the Court issued a subsequent order, the June 28, 1974 order, which rested in part upon the fines assessed in the prior March 26, 1974 order that was on appeal. *Id.* at 1276. As an initial matter, the Court thought it "apparent that an appeal from a contempt order would not affect the court's jurisdiction to issue further contempt orders based on subsequent violations of the basic injunctive order." *Id.* But the "somewhat more difficult problem" the *Hoffman* Court had to resolve was whether the district court could base penalties it imposed in the newer June 28th court order on fines imposed by the prior March 26th court order that was on appeal. *Id.* The Court concluded that in this unique setting where "the injunctive power given the district court . . . is ancillary to the power of the [NLRB] and does not extend to any final resolution of the conflict," the district court had acted correctly. *Id.*

*Hoffman* is not helpful here because its holding applies to entirely different circumstances. The rule that applies here is the one that the *Hoffman* Court believe was "apparent," *i.e.* that a district court may issue enforcement orders "based on subsequent violations of the basic injunctive order." But here, there has been no violation of the basic injunctive order. The States are simply incorrect in asserting that *Hoffman* stands for the broad proposition that a district court retains jurisdiction post-appeal to issue enforcement orders or to modify an injunction in the name of "preserving the status quo" untethered from a violation of the express terms of the injunction.

Moreover, a Court's jurisdiction to act to preserve the status quo post-appeal is not "broad" as the States suggest. To the contrary, it is "narrowly limited." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982). Thus, a district court "may not finally adjudicate substantial rights directly involved in the appeal" in the name of preserving the status quo. *Id.* (internal quotations and citations omitted).



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

The States' status quo theory fails for two independent reasons. First, the relevant status quo to be preserved is the one created by the judgment actually entered: lawful continuation determinations, which are not threatened. Second, the States' requested relief and modifications would adjudicate rights implicated in the pending appeal, *i.e.,* the jurisdiction of the Court to issue the injunction it entered if construed or modified to encompass grant funding requirements.

The status quo at the present time is that the States received their lawful continuation decisions. And, indeed, they are in an even stronger position now as the Department is effectively enjoined in *Washington II* from terminating those agreements. While in the pre-judgment phase of this lawsuit the States' eschewed the notion that were seeking an order that had anything to do with grant funding, their never-ceasing efforts post-judgment, now in its third iteration, have been entirely focused entirely on securing various guarantees of funding for the grantees. Yet, as the States must concede, the affected grant agreements have been funded throughout the entire post-judgment phase of this case, and they have come forward with nothing that demonstrates that this status quo has been recently altered by some action of the Department necessitating that the Court intervene now, post judgment and post-appeal, to "preserve" it.

The States' present position also conflicts with the position they advanced pre-judgment to defend their claims against jurisdictional objections, *i.e.,* that they sought only lawful continuation decisions rather than an order requiring a continuation of funding. See Dkt. # 157, p. 1, *ll.* 16-21, pp. 6-8; Dkt. # 190, p. 17, *ll.* 5-8; Dkt. # 193, p. 23, *l.* 23-p. 24, *l.* 4.[8] They now contend that a guarantee of full-year funding was inherent in the same requested relief. Dkt. # 460, pp. 11-12.[9] Judicial estoppel is designed to prevent a party from gaining an advantage through clearly inconsistent positions where a court accepted the earlier position and the later position would create

---

8 These representations continued in the Court of Appeals, see dkt. #7.1, p. 26, and played a material role in the decision of the Ninth Circuit to deny the Department's motion for a stay. *See Washington v. United States Dep't of Educ.*, 161 F.4th 1136, 1140 (9th Cir. 2025).

9 The injunction does not require the Department to make "grant awards." That term shows up in the order issued by the Court setting deadlines after the Court of Appeals denied a stay. Dkt. # 363. While the States' argument relies on the use of this term in this post-injunction deadline setting order, dkt. # 460, p. 190, *ll.* 15-17, it is clear that the Court was setting deadlines for making new continuation decisions and it was not ordering the Department to make grant payments that were not required by the underlying injunction.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

an unfair advantage or the perception that a court was misled. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001). Those considerations apply here: the process-versus-payment distinction was material to the scope and jurisdictional basis of the relief entered, and the States may not erase that distinction after judgment to obtain a funding mandate absent from the decree.

Finally, the requested relief would intrude on issues now before the Court of Appeals. A substantial issue at every stage in this lawsuit concerned the jurisdiction of the Court to grant relief commanding the Department to fund the grants in question in light of the Tucker Act (see 28 U.S.C. § 1491(a)(1)). *See e.g.,* dkt. # 155. Ordering the Department now to obligate additional funds for a specified period and to administer the grants on court-prescribed terms would interject the monetary and contractual features the States previously disclaimed and that the injunction omitted, thereby introducing anew a substantial jurisdictional question post-judgment and post-appeal that the Court seemingly sought to avoid. The Court should therefore enforce the decree as written, decline to adjudicate new grant-funding rights during the appeal, and deny the requested modification.

Finally, the right to preserve the status quo "does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." *McClatchy Newspapers* 686 F.2d at 734. Yet, for a third time, this is precisely what the States' motion asks the Court to do. The States could have asked the Court for an order requiring that the Department not only issue lawful non-continuation decisions but also to fund continued grant agreements through the entire continuation period. However, in a calculated effort to avoid jurisdictional barriers, the States expressly disclaimed that they were seeking such relief.

The present motion is not an effort to preserve the status quo. To the contrary, with the merits behind them and the judgment on appeal, the States' motion seeks to obtain relief post-judgment relief they intentionally bypassed pre-judgment. This is the very circumstance that *McClatchy Newspapers* forbids.



UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that Plaintiffs' third motion to enforce the injunction be denied.

## CERTIFICATION

I certify that this memorandum contains 4,258 words, in compliance with LCR 7(e)(3).

DATED this 28th day of October 2026.

Respectfully submitted,

*<u>/s/ Brian C. Kipnis</u>*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

*Attorneys for Defendants*